**DEATH PENALTY**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

FILED

FEB 0 4 2008

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

SHERMAN LAMONT FIELDS,
          *Movant*,

          v.                                              No. W-01-CR-164

UNITED STATES OF AMERICA,
          *Respondent*.

---

### Motion for Immediate Appointment of Counsel
### to Pursue All Available Post-Conviction Remedies
### and Memorandum of Law in Support

---

**URGENT: Mr. Fields' statute of limitations for seeking relief under
28 U.S.C. § 2255 is running and he is presently indigent and without counsel.
Accordingly, immediate action is respectfully requested.**

---

## I. **MOTION**

SHERMAN LAMONT FIELDS, an indigent federal prisoner under sentence of death

imposed by this Court, respectfully moves the Court, pursuant to 18 U.S.C. § 3599(a)(2), to appoint

counsel to represent him in pursuing any and all available post-conviction remedies, including the

investigation, preparation, and prosecution of a motion for post-conviction relief pursuant to 28

U.S.C. § 2255.[1]  Specifically, Mr. Fields requests that the Court appoint Jeffrey E. Ellis, an attorney

---

[1] This motion is being presented on Mr. Fields' behalf by undersigned counsel Robert C. Owen, whom this Court appointed to represent Mr. Fields in the direct appeal proceedings which have just concluded, because Mr. Fields is otherwise unrepresented and not in a position to file this motion with the Court himself.  Mr. Owen cannot serve as Mr. Fields' 2255 counsel due to his (now) full-

in private practice in Seattle, Washington, who is a member in good standing of the State Bar of Texas and the Bar of the Court of Appeals for the Fifth Circuit, and Douglas I. Koff, an attorney in private practice who is a partner with the firm of Cadwalader, Wickersham & Taft, LLP, ("Cadwalader") in New York City, New York.

**This request is extremely time-sensitive because, as we explain below, Mr. Fields' statute of limitations for filing a motion for relief under 28 U.S.C. § 2255 is running and he is both indigent and unrepresented.** Accordingly, it is urgently important that the Court move expeditiously to guarantee the appointment of appropriately qualified counsel, lest Mr. Fields be denied his right to comprehensive, meaningful post-conviction review of his conviction and death sentence.

In support of this request, Mr. Fields would show the Court as follows.

## II.  MEMORANDUM OF LAW IN SUPPORT

**A.  Mr. Fields is Entitled to the Appointment of Counsel for Seeking Post-Conviction Relief, and His Brief Statute of Limitations for Filing Such a Motion is Already Running**

This Court entered judgment in Mr. Fields' case on April 7, 2004. Mr. Fields' conviction and death sentence have since been affirmed on direct appeal. United States v. Fields, 483 F.3d 313 (5th

---

time position as a clinical professor of law at the University of Texas at Austin, as well as his previously existing professional commitments to other death-sentenced clients. Moreover, as the Court is aware, 2255 counsel typically must assess prior counsel's performance as part of evaluating the available claims for relief. Mr. Owen cannot undertake such a review of his own representation even if he were otherwise available for appointment. These circumstances require the appointment of other counsel. Mr. Owen is confident that the attorneys whose appointment this Motion seeks are appropriately qualified to represent Mr. Fields in any post-conviction proceedings.

Motion for Appointment of Counsel
and Supporting Memorandum of Law   -   2

Cir. 2007). His petition for writ of *certiorari* seeking review of that judgment in the Supreme Court of the United States was denied on January 14, 2008. Fields v. United States, ___ U.S.___, 2008 WL 114089 (2008). *See* Exhibit 1 (letter from the Clerk of the Supreme Court). Thus, Mr. Fields' conviction and sentence have become final on direct review.

Direct review having concluded, Mr. Fields has just **one year** from January 14, 2008 to file a motion for relief under 18 U.S.C. § 2255. *See* id. (providing that "a 1-year period of limitation," running from the date the defendant's conviction became final on direct appeal, "shall apply to a motion under this section"). At present, however, Mr. Fields is unrepresented by counsel for the purpose of investigating, preparing, and filing such a motion.

Mr. Fields wishes to pursue every avenue of post-conviction relief, including a petition pursuant to 28 U.S.C. §2255 and any other available remedies including executive clemency. To do so, Mr. Fields will need the assistance of competent counsel. Because Mr. Fields' statute of limitations for seeking post-conviction relief under 28 U.S.C. §2255 is already running, it is imperative that the Court appoint counsel at the earliest opportunity, to vindicate Mr. Fields' right to "pre-application legal assistance" in investigating and preparing his post-conviction claims. *See* McFarland v. Scott, 512 U.S. 849, 855 (1994); *see also infra.*

At this juncture in his case, 18 U.S.C. § 3599 requires the appointment of qualified counsel for Mr. Fields. Specifically, that statute mandates that the Court appoint "one or more attorneys" for an indigent inmate seeking relief from a federal capital conviction or death sentence in proceedings under 28 U.S.C. § 2255 or in any other post-conviction proceedings including clemency. *See* 18 U.S.C. § 3599(a)(2) ("In any post conviction proceeding under section 2254 or 2255 of title 28,

Motion for Appointment of Counsel
and Supporting Memorandum of Law  -  3

United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f)").

Mr. Fields is "financially unable" to obtain counsel or other necessary services. This Court previously determined him to be indigent, and accordingly provided him court-appointed legal representation at trial and on direct appeal. Mr. Fields' financial situation has not changed. *See* Exhibit 2 (declaration requesting appointment of counsel, supported by a declaration of financial inability to pay for counsel). Accordingly, § 3599(a)(2) entitles Mr. Fields to the appointment of qualified counsel to pursue all available post-conviction remedies.

Prior to the effective date of § 3599, counsel were appointed for indigent death-sentenced defendants in § 2254 and § 2255 proceedings under 21 U.S.C. § 848(q). The latter section was repealed when § 3599 was enacted, but its provisions were identical to those in § 3599. Interpreting 21 U.S.C. § 848(q), the Supreme Court found that Congress had established this statutory right to qualified counsel in capital cases in recognition of "the seriousness of the penalty and . . . the unique and complex nature of the litigation." <u>McFarland v.Scott</u>, 512 U.S. 849, 855 (1994) (quoting 21 U.S.C. § 848(q)(7)).

Moreover, as with the previously existing right to counsel under § 848(q), the right to counsel under § 3599 attaches *prior to* the filing of a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence. Any other interpretation of the statute would leave condemned prisoners without meaningful access to the courts. As the Supreme Court explained with respect to the prior

Motion for Appointment of Counsel
and Supporting Memorandum of Law  -  4

provision:

> Congress' provision of a right to counsel . . . reflects a determination that quality legal representation is necessary in capital habeas corpus proceedings in light of "the seriousness of the possible penalty and . . . the unique and complex nature of the litigation." § 848(q)(7). An attorney's assistance prior to the filing of a capital defendant's habeas corpus petition is crucial because "the complexity of our jurisprudence in this area . . . makes it unlikely that capital defendants will be able to file successful petitions for collateral relief without the assistance of persons learned in the law.

McFarland, 512 U.S. at 855-56 (quoting Murray v. Giarratano, 492 U.S. 1, 14 (1989) (Kennedy, J., joined by O'Connor, J., concurring in the judgment)).

In construing the relevant statute to require appointment of counsel *prior to* the filing of the petition, the Court noted that Congress provided for reasonably necessary investigative and expert resources to be made available to counsel. Since such services "may be critical in the pre-application phase of a habeas corpus proceeding, when possible claims and their factual bases are researched and identified," the Court reasoned that Congress could only have intended that counsel be appointed before any actual habeas petition or motion for relief was filed. McFarland, 512 U.S. at 855. The Court's analysis makes plain that the right to counsel effected by Section 3599 is a right to assistance in identifying, developing, and pleading all available claims for relief. Such claims would include not only those already apparent from the trial and appeal proceedings, but, importantly, claims that were not or could not have been raised in those earlier proceedings because they rest on facts outside the trial record which could not be developed without investigative and expert resources.

We take for granted that the Court intends to protect Mr. Fields' rights in this regard by appointing counsel before any actual petition is filed. But to give meaningful effect to the right

Motion for Appointment of Counsel
and Supporting Memorandum of Law  -  5

Congress has established in 18 U.S.C. § 3599, this Court also must appoint such qualified counsel as promptly as possible. As Justice O'Connor has observed:

> It is almost meaningless to provide a lawyer to pursue claims on federal habeas if the lawyer is not available to help prepare the petition. First, the habeas petition, unlike a complaint, must allege the factual underpinning of the petitioner's claims. *See* Habeas Corpus Rule 2(c) ("The petition . . . shall specify all the grounds for relief which are available to the petitioner . . . and shall set forth in summary form the facts supporting each of the grounds thus specified"). Furthermore, district courts are authorized to summarily dismiss petitions which appear on their face to be meritless. . . . And our carefully crafted doctrines of waiver and abuse of the writ make it especially important that the first petition adequately set forth all . . . colorable grounds for relief. Indeed, Congress expressly recognized "the seriousness of the possible penalty and . . . the unique and complex nature of the litigation." 21 U.S.C. § 848(q)(7). Moreover, the statute entitles capital defendants not only to qualified counsel, but also to "investigative, expert or other services . . . reasonably necessary for the representation of the defendant." § 848(q)(9). For such services to be meaningful in the habeas context, they also must be available prior to the filing of a first habeas petition.

McFarland, 512 U.S. at 860 (O'Connor, J., concurring in part and dissenting in part). The labor-intensive tasks associated with developing the factual basis for potential claims for relief, needless to say, require substantial time to complete. The American Bar Association has aptly described these demands:

> [P]roviding high quality legal representation in collateral review proceedings in capital cases requires enormous amounts of time, energy and knowledge. The field is increasingly complex and ever changing. Collateral counsel has the same obligation as trial and appellate counsel to establish a relationship of trust with the client. But by the time a case reaches this stage, the client will have put his life into the hands of at least one other lawyer and found himself on death row. Counsel should not be surprised if the client initially exhibits some hostility and lack of trust, and must endeavor to overcome these barriers.
>
> Ultimately, winning collateral relief in capital cases will require changing the picture that has previously been presented. . . . As demonstrated by the high percentage of reversals, . . . the trial record is unlikely to provide either a complete or accurate

Motion for Appointment of Counsel
and Supporting Memorandum of Law  -  6

picture of the facts and issues in the case. [Thus, post-conviction counsel]cannot rely on the previously compiled record but must conduct a thorough, independent [reinvestigation of the case and the client]. Reinvestigating the case means examining the facts underlying the conviction and sentence, as well as such items as trial counsel's performance, judicial bias or prosecutorial misconduct. Reinvestigating the client means assembling a more-thorough biography of the client than was known at the time of trial, not only to discover mitigation that was not presented previously, but also to identify mental-health claims which potentially reach beyond sentencing issues to fundamental questions of competency and mental-state defenses.

American Bar Association, GUIDELINES FOR THE APPOINTMENT AND PERFORMANCE OF DEFENSE COUNSEL IN DEATH PENALTY CASES (February 2003), Guideline 10.15.1. The Supreme Court has endorsed these detailed descriptions of defense counsel's professional responsibilities in a capital case. Wiggins v. Smith, 539 U.S. 510, 524 (2003).[2]

In addition to the substantial challenges posed by post-conviction counsel's duty to conduct a thoroughgoing reinvestigation of the relevant facts, counsel must also ensure that no potential constitutional claim for relief is left unexamined, as Mr. Fields will likely have no "second chance" if counsel fail, however inadvertently, to identify or develop a meritorious issue. *See* Mason v. Meyers, 208 F.3d 414, 417 (3rd Cir. 2000) (recognizing that as a result of the strict rules governing successive *habeas corpus* petitions under 28 U.S.C. § 2244(b), "it is essential that habeas petitioners

---

[2] *See also, e.g.,* Hamblin v. Mitchell, 354 F.3d 482, 487 (6th Cir. 2003) (ABA standards are "not aspirational" but reflect "common-sense principles" that are understood to govern "diligent, competent counsel in death penalty cases"); Canaan v. McBride, 395 F.3d 376, 384 (7th Cir. 2005) (in analyzing counsel's performance, a reviewing court should "look[] first" to the ABA Guidelines, which represent "well-defined norms on which the [Supreme] Court has routinely relied") (citations omitted); Smith v. Mullin, 379 F.3d 919, 942 (10th Cir. 2004) (applying ABA Guidelines to assess reasonableness of defense counsel's investigation and preparation); Harries v. Bell, 417 F.3d 631, 638 (6th Cir. 2005) (the "Supreme Court has recognized [the ABA Guidelines] as reflecting prevailing professional norms") (citation omitted).

Motion for Appointment of Counsel
and Supporting Memorandum of Law  -  7

include in their first petition *all* potential claims for which they might desire to seek review and relief").

All these time-consuming and difficult tasks – including identifying appropriate experts, re-investigating the facts of the case, investigating the client's life history in complete detail (finding witnesses, interviewing witnesses, locating and obtaining documentary evidence), conducting necessary legal research, and writing the post-conviction pleadings themselves – must be completed within **one year** of the denial of *certiorari* on direct appeal. *See* 28 U.S.C. § 2255 (setting one-year deadline for filing 2255 petition). That one year period of limitation is already running in this case. *See supra.* Because of the long list of tasks facing post-conviction counsel, and the steadily dwindling time for counsel to accomplish them, Mr. Fields respectfully asks that the Court grant this motion appointing Mr. Ellis and Mr. Koff as soon as possible.

## B. Appointment of Two Counsel is Appropriate

The appointment provision of Section 3599 requires appointment of at least one counsel who has been admitted to practice in the court of appeals for not less than five years and who has not less than three years' experience in the handling of appeals in that court in felony cases. 18 U.S.C. § 3599(c). Alternatively, for good cause, this Court may appoint counsel "whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation." 18 U.S.C. § 3599(d).

Upon information and belief, in every federal capital case that has reached § 2255

proceedings, the district court has appointed two counsel to represent the movant. It is a matter of record that this Court has done so (in Bernard v. United States, Criminal No. W-99-CR-70(2), and Vialva v. United States, Criminal No. W-99-CR-70(1)), as have both the Northern District of Texas (in Hall v .United States, Civil Action No. 4-00-CV-422-Y, and Webster v. United States, Civil Action No. 4:00-CV-1646-Y) and the Eastern District of Texas (in Agofsky v. United States, No. 1:07-CV-00511-TH). Mr. Fields respectfully requests the same high degree of protection for his rights.

## C. Mr. Ellis and Mr. Koff are Qualified for Appointment

Mr. Fields requests that the Court appoint attorney Jeffrey E. Ellis as lead counsel for his 2255 proceedings. Mr. Ellis graduated from the University of Oregon Law School in 1987. He is admitted to practice in Washington (1987) and Texas (2001), and in addition is a member of the bars of the U.S. Courts of Appeals for the Fifth Circuit (2001), Ninth Circuit (1997), and Tenth Circuit (2005), as well as several United States District Courts and the Supreme Court of the United States (2003). Mr. Ellis has handled more than 20 felony appeals, including habeas corpus appeals, in the U.S. Courts of Appeals.

Mr. Ellis is an experienced criminal defense advocate. He spent fifteen years at the Seattle Public Defender, where he represented clients in misdemeanor, felony, civil commitment, and sexual predator cases, as well as on appeal. He served that agency as the Appellate Division supervisor, the Assistant Felony Division supervisor (twice), and the Felony Supervisor. From 2002-2003, Mr. Ellis was the Public Defender's Complex Litigation Attorney. During his tenure as a public defender, Mr. Ellis tried more than 100 cases and served as appointed counsel in more than 40 appeals.

Motion for Appointment of Counsel
and Supporting Memorandum of Law  -  9

Equally important, given the seriousness of the present litigation, Mr. Ellis has extensive experience defending clients in death penalty cases, including in Texas. From 2001-2002, for example, Mr. Ellis was associated with the law offices of Schonemann, Rountree, & Owen, L.L.P., in Austin. In that capacity, Mr. Ellis represented primarily capital defendants pursuing post-conviction relief in state and federal court. He also served as a contract attorney for the Mexican Capital Legal Assistance Project, representing Mexican nationals under death sentences in the United States. He was court-appointed and served as co-counsel in several capital habeas cases in the U.S. District Courts in Texas, as well as handling *pro bono* the representation of another death-sentenced Texas prisoner in both state and federal court.

Even after returning to Washington State, Mr. Ellis continued to be involved in Texas capital litigation at both the state and federal court level. For example, he continued to provide legal services on behalf of a Mexican national (Javier Suarez Medina) under death sentence in Texas, seeking post-conviction relief up until the time of Mr. Medina's execution. In 2004, Mr. Ellis was appointed as co-counsel in <u>Reed v Dretke</u>, a 2254 capital habeas case in the Northern District of Texas, in which he served as lead counsel at an evidentiary hearing conducted in 2005 before U.S. District Judge David C. Godbey.

Because of the high quality of his work, Mr. Ellis is regularly invited to speak at both regional and national continuing legal education (CLE) programs in capital defense. He has been retained as an expert witness at least five times, by both governmental agencies and private individuals, to offer an opinion about the relevant standards of defense practice in criminal cases, including those that apply in death penalty cases. In 2006-2007, he served on a committee of the

Motion for Appointment of Counsel
and Supporting Memorandum of Law - 10

Washington State Bar which investigated various aspects of capital defense in state court proceedings and produced several recommendations for reform that were later adopted. He is an active member of the Death Penalty Committee of the Washington Association of Criminal Defense Lawyers; that organization recognized him in 2007 for distinguished service to the criminal defense bar. Mr. Ellis is one of only ten lawyers in Washington State who are certified to represent defendants at all stages of a capital case (trial, direct appeal, and post-conviction).

In addition to his capital case experience, Mr. Ellis has extensive experience handling non-capital habeas corpus matters, such as *In re* Skylstad, 160 Wn.2d 944, 162 P.3d 413 (2007) (interpretation of commencement of state post-conviction time bar); *In re* Hinton, 152 Wn.2d 853, 100 P.3d 801 (2004) (retroactive application in post-conviction proceeding of holding that felony murder based on assault was not legislatively authorized crime).

Mr. Ellis is thus well qualified for appointment to represent Mr. Fields in this matter. His qualifications are set out in greater detail in Exhibit 3 (Joint Statement of Qualifications and Willingness to Accept Appointment as Counsel).

As co-counsel, Mr. Fields requests that the Court appoint Douglas I. Koff, a partner with the New York office of Cadwalader. Mr. Koff's legal services, and those of Cadwalader are offered to Mr. Fields *pro bono*. Neither Mr. Koff nor any attorney from his firm who provides legal services in this matter will seek compensation from the Court for those services. Nor will Mr. Koff or his firm seek reimbursement from the Court for any litigation costs incurred in the course of representing Mr. Fields in seeking post-conviction relief. As a result, the participation of Mr. Koff and Cadwalader as part of Mr. Fields' counsel team represents a significant financial savings to the Court.

Motion for Appointment of Counsel
and Supporting Memorandum of Law  -  11

Mr. Koff is appropriately qualified to participate in this case as a member of Mr. Fields' counsel team. He is a 1994 graduate of Columbia Law School and an expert in complex litigation. He has represented individuals in white collar criminal matters involving the financial services industry and corporate internal investigations. He has handled cases involving a broad spectrum of substantive legal issues, including antitrust, breach of fiduciary duty, fraud, piercing the corporate veil, mergers and acquisitions, money laundering, and federal securities law. With experience in all aspects of litigation, including sophisticated fact and expert discovery, he has played a prominent role in a number of complex trials. Mr. Koff was recently awarded the 2006 *Burton Award for Legal Achievement*, which recognizes exceptional legal writing. He is AV-rated by Martindale-Hubbell. He is admitted to practice in New York and before the U.S. Courts of Appeals for the First and Second Circuits, as well as the U.S. District Courts for the Southern, Eastern, and Western Districts of New York. With his extensive background in complex civil and criminal litigation, Mr. Koff is qualified for appointment under 18 U.S.C. § 3599 (d), which provides that the Court may, for good cause, appoint an attorney "whose background, knowledge, or experience would otherwise enable him [to] properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation."

Neither Mr. Ellis nor Mr. Koff is currently a member of the bar of this Court. Mr. Ellis will submit his application for admission to the Western District of Texas within thirty days if this motion for appointment is granted. Mr. Koff and any other attorneys from his firm who may appear on Mr. Fields' behalf will seek permission to appear *pro hac vice* pursuant to Local Rule AT1(f), for purposes of this proceeding only. For present purposes, Mr. Fields moves the Court to grant Mr.

Motion for Appointment of Counsel
and Supporting Memorandum of Law  -  12

Koff leave to appear *pro hac vice* pursuant to Local Rule AT1(f).

### D. The Unique Circumstances of this Case Support the Appointment of Out-of District Counsel

Mr. Fields recognizes that it is unusual to request appointment of counsel from outside the district. However, this Court has recognized by its actions in the Bernard and Vialva cases that the particularized circumstances of a given federal capital case may make it necessary, fair and efficient to look outside the district to secure post-conviction counsel for the defendant.[3]   This Court's lead has been followed by, *e.g.*, the Eastern District of Texas, which in the Agofsky case recently appointed one attorney from Newark, New Jersey, and one attorney from Kansas City, Missouri, to represent Mr. Agofsky in post-conviction proceedings.

In Mr. Fields' case, Mr. Ellis and Mr. Koff's firm, Cadwalader, were recruited as prospective counsel for Mr. Fields by the Federal Capital Habeas Project. As described in a December 18, 2007 memorandum from the Hon. John Gleeson, U.S. District Judge for the Eastern District of New York, writing in his capacity as Chair of the Committee on Defender Services of the Judicial Conference of the United States, the Capital Habeas Project is an initiative funded by the Judicial Conference and intended in part "to assist judges presiding over capital 28 U.S.C. § 2255 cases" by "provid[ing] consultation and assistance." *See* Exhibit 4 (Memorandum from Judge Gleeson). This "national resource" aims, among other goals, to "facilitate federal courts' appointment of qualified counsel in the growing number of capital § 2255 cases" by promptly identifying appropriately qualified counsel

---

[3]   In those cases, this Court appointed post-conviction counsel not only from outside the district, but from outside the Circuit – from Seattle, Washington (in Bernard), and Oklahoma City, Oklahoma (in Vialva).

Motion for Appointment of Counsel
and Supporting Memorandum of Law   -   13

and advising courts of the availability of such lawyers to handle federal capital post-conviction matters.  Id.  As Judge Gleeson accurately observes, there is a vital need to "help ensure that the representation furnished [in capital § 2255 cases] is consistent with the best practices of the legal profession," a need that is all the more urgent due to the "increasing number of federal capital cases … entering the post-conviction stage" and the small number of attorneys possessing the specialized knowledge and skills necessary to handle them.  Id.  Accordingly, the Judicial Conference recommends that courts consult with the Capital Habeas Project in appointing post-conviction counsel because the Project's national scope makes it "well situated to assist courts with identification of lawyers who possess the required expertise from inside or, when necessary, outside of a particular district."  Id.

The Capital Habeas Project has consulted with Mr. Ellis and with attorneys at the Cadwalader and is satisfied that the proposed combination of their expertise and resources will ensure that Mr. Fields is appropriately represented in his upcoming § 2255 proceeding. The Project has requested that undersigned counsel communicate to this Court their view that Mr. Fields would be well served by the appointment of Mr. Ellis and Mr. Koff, and that they urge the Court to grant this Motion.

Finally, Mr. Fields moves the Court to appoint Mr. Ellis and Mr. Koff *nunc pro tunc* to January 21, 2008, the date on which Mr. Fields accepted the offer of representation from Mr. Ellis and from Cadwalader.[4]

---

[4] Such *nunc pro tunc* appointment, retroactive to the date on which the defendant accepted the offer of representation, was authorized by Chief Judge Heartfield of the Eastern District of Texas in Agofksy, *supra.*

Motion for Appointment of Counsel
and Supporting Memorandum of Law  -  14

## Conclusion and Prayer for Relief

WHEREFORE, Mr. Fields respectfully requests that the Court appoint Jeffrey E. Ellis and

Douglas I. Koff *pro hac vice* and *nunc pro tunc* to represent him in seeking all available post-

conviction remedies.  A proposed Order accompanies this Motion.

Respectfully submitted,

ROBERT C. OWEN
Texas Bar No. 15371950
Capital Punishment Center
School of Law, The University of Texas at Austin
727 East Dean Keeton Street
Austin, Texas  78705-3299
Phone 512.232.9391
Fax    512.232.9171

Attorney for Mr. Fields
Solely for the Purpose of Seeking
Appointment of Counsel for
Post-Conviction Proceedings

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Motion has been served on counsel for Respondent by placing same into the United States Mail, first-class postage prepaid, addressed to:

Office of the United States Attorney

800 Franklin Avenue, Suite 280

Waco, TX 76701

on this 1st day of February, 2008.

_____

Robert C. Owen

Motion for Appointment of Counsel
and Supporting Memorandum of Law  -  16



RECEIVED
COPY
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

SHERMAN LAMONT FIELDS
   *Movant*

V.                                         No. W-01-CR-164

UNITED STATES OF AMERICA
   *Respondent*

O R D E R

This matter is before the Court on the application of Sherman Lamont Fields, an indigent federal defendant who was sentenced to death in this Court in 2004, requesting the appointment of counsel to represent him in post-conviction proceedings.

The Court finds that Mr. Fields is financially qualified for the appointment of counsel under 18 U.S.C. § 3006A, and that the appointment of counsel is required by 18 U.S.C. § 3599 (a)(2).

The Court appoints **Jeffrey E. Ellis**, of the law firm of Ellis, Holmes & Witchley, P.L.L.C., 705 Second Avenue, Suite 401, Hoge Building, Seattle, Washington 98104, to represent Sherman Lamont Fields in seeking any post-conviction review to which federal law may entitle him. Pursuant to 18 U.S.C. § 848(q)(7), the Court finds good cause to make this appointment even though Mr. Ellis lacks the experience in the U.S. Court of Appeals for the Fifth Circuit described in 18 U.S.C. § 3599(c), because Mr. Ellis is a member of the bar of the Fifth Circuit and possesses equivalent

1

experience in the U.S. Court of Appeals for the Ninth Circuit.  The Court further finds, pursuant to 18 U.S.C. § 3599(d), that Mr. Ellis' prior experience in capital cases demonstrates that he is able properly to represent Mr. Fields, with due consideration to the seriousness of the penalty imposed and to the unique and complex nature of the litigation.

The hourly rate for attorney compensation for Mr. Ellis will be $170.00 per hour, consistent with the existing practice in other capital habeas cases in this District, and interim payments are authorized in accordance with the Guide to Judiciary Policies and Procedures.  Mr. Ellis is appointed *nunc pro tunc* to January 21, 2008, the date on which the defendant accepted Mr. Ellis' offer of legal representation.

In addition to Mr. Ellis, the Court appoints **Douglas I. Koff**, of the firm of Cadwalader, Wickersham & Taft, LLP., One World Financial Center, New York, New York 10281, as co-counsel to represent Sherman Lamont Fields in seeking any post-conviction review to which federal law may entitle him. The Court finds that Mr. Koff's extensive experience in complex civil and criminal litigation, and the fact that he will be associated with Mr. Ellis, who has experience in both capital cases and federal post-conviction litigation, makes the appointment appropriate under 18 U.S.C. § 3599(d).  Mr. Koff and the firm of Cadwalader, Wickersham & Taft, L.L.P, having represented to the Court that they do not

2

intend to seek compensation for legal services provided or litigation costs incurred in representing Mr. Fields, are appointed *pro bono* and *nunc pro tunc* to January 21, 2008.

Mr. Ellis and Mr. Koff are directed to file entries of appearance on Mr. Fields' behalf within seven days from receipt of this Order.

Within thirty days of filing his appearance, Mr. Ellis must confirm that he has obtained a copy of the record of this case and must provide the Court with proof that he has applied for admission to the Bar of this Court.

Within thirty days of filing his appearance, Mr. Koff must confirm that he has obtained a copy of the record of this case and must submit verification of his membership in good standing as a member of the bar of at least one United States District Court and at least one United States Court of Appeals. Pursuant to Western District of Texas Rule AT-1(f), Mr. Koff will be permitted to practice *pro hac vice*, for this case only, upon the Court's receipt of such verification.

It is so ORDERED this _____ day of _____,
2008.

_____
Walter S. Smith, Jr.
Chief United States District Judge

3