**DEATH PENALTY**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

FILED

FEB 0 4 2008

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

SHERMAN LAMONT FIELDS,
    *Movant,*

    v.

UNITED STATES OF AMERICA,
    *Respondent.*

No. W-01-CR-164

---

# APPENDIX OF EXHIBITS

**to Motion for Immediate Appointment of Counsel
to Pursue All Available Post-Conviction Remedies
and Memorandum of Law in Support**

---

**<u>URGENT</u>: Mr. Fields' statute of limitations for seeking relief under
28 U.S.C. § 2255 is running and he is presently indigent and without counsel.
Accordingly, immediate action is respectfully requested.**

---

ROBERT C. OWEN
Texas Bar No. 15371950
Capital Punishment Center
School of Law, The University of Texas at Austin
727 East Dean Keeton Street
Austin, Texas 78705-3299
Phone 512.232.9391
Fax 512.232.9171

Attorney for Mr. Fields
Solely for the Purpose of Seeking
Appointment of Counsel for
Post-Conviction Proceedings

# **EXHIBIT 1**

Letter from the Clerk of the
Supreme Court of the United States
confirming that petition for writ of *certiorari* was denied January 14, 2008

# Supreme Court of the United States
## Office of the Clerk
## Washington, DC  20543-0001

William K. Suter
Clerk of the Court
(202) 479-3011

January 14, 2008

Mr. Robert C. Owen
Capital Punishment Center
School of Law
University of Texas at Austin
727 East Dean Keeton Street
Austin, TX  78705-3299

Re:   Sherman Lamont Fields
v. United States
No. 07-6395

Dear Mr. Owen:

The Court today entered the following order in the above-entitled case:

The petition for a writ of certiorari is denied.

Sincerely,

William K. Suter, Clerk

# **EXHIBIT 2**

Declaration by Indigent Death Row Prisoner
Requesting Appointment of Counsel to Pursue Post-Conviction Review

(accompanied by Declaration in Support of
Motion for Leave to Proceed *In Forma Pauperis*)

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

SHERMAN LAMONT FIELDS,    )
    *Movant*,    )
        )
        )
    -v-    )          No. **W-01-CR-164**
        )
UNITED STATES OF AMERICA, )
    *Respondent*.    )
        )

### DECLARATION BY INDIGENT DEATH ROW PRISONER REQUESTING APPOINTMENT OF COUNSEL TO PURSUE POST-CONVICTION REVIEW

SHERMAN LAMONT FIELDS, pursuant to the provisions of 28 U.S.C. §1746, makes the following declaration:

1. My name is Sherman Lamont Fields. I am in custody on Death Row at the United States Penitentiary in Terre Haute, Indiana.

2. I am presently indigent. I attach a declaration of indigency stating that I do not possess the financial means to hire counsel to represent me in a proceeding under 28 U.S.C. § 2255 seeking relief from my judgment of conviction and death sentence.

3. I have been advised that under 18 U.S.C. §3599(a)(2), I have the right to court-appointed counsel to represent me in seeking relief pursuant to 28 U.S.C. §2255.

4. I want to file a motion for relief under 28 U.S.C. §2255 and obtain federal review of violations of my constitutional rights. I am untrained in the law and unable to represent myself in such a proceeding.

5. I have spoken with attorneys Jeffrey E. Ellis and Peter Isajiw about my options with respect to seeking review under 28 U.S.C. §2255. Mr. Ellis and Mr. Isajiw stated that they are willing to represent me in seeking such review. I have discussed with them their qualifications and am satisfied that they are qualified to represent me in this matter.

1

6.  I want to have this Court appoint Jeffrey E. Ellis and Peter Isajiw as my attorneys for purposes of preparing and litigating a petition for writ of habeas corpus challenging my capital murder conviction and death sentence, and ask that the Court appoint Mr. Ellis and Mr. Isajiw to represent me.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __1 - 21 - 08__ (date).

Sherman Lamont Fields

2

# AFFIDAVIT OR DECLARATION
## IN SUPPORT OF MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

I, *Sherman Lamont Fields* , am the petitioner in the above-entitled case. In support of my motion to proceed *in forma pauperis*, I state that because of my poverty I am unable to pay the costs of this case or to give security therefor; and I believe I am entitled to redress.

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 0 | $ | $ 0 | $ |
| Self-employment | $ 0 | $ | $ 0 | $ |
| Income from real property (such as rental income) | $ 0 | $ | $ 0 | $ |
| Interest and dividends | $ 0 | $ | $ 0 | $ |
| Gifts | $ 20 | $ | $ 20 | $ |
| Alimony | $ 0 | $ | $ 0 | $ |
| Child Support | $ 0 | $ | $ 0 | $ |
| Retirement (such as social security, pensions, annuities, insurance) | $ 0 | $ | $ 0 | $ |
| Disability (such as social security, insurance payments) | $ 0 | $ | $ 0 | $ |
| Unemployment payments | $ 0 | $ | $ 0 | $ |
| Public-assistance (such as welfare) | $ 0 | $ | $ 0 | $ |
| Other (specify): _____ | $ 0 | $ | $ 0 | $ |
| **Total monthly income:** | $ 20 | $ | $ 20 | $ |

2. List your employment history for the past two years, most recent first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| None – incarcerated for last two years | | N/A | $ N/A |
| | | | $ |
| | | | $ |

3. List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| N/A | N/A | N/A | $ N/A |
| | | | $ |
| | | | $ |

4. How much cash do you and your spouse have? $ 4.24
   Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
| BOP trust fund | | $ 4.24 | $ |
| | | $ | $ |
| | | $ | $ |

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

☐ Home   NONE
Value _____

☐ Other real estate   NONE
Value _____

☐ Motor Vehicle #1   NONE
Year, make & model _____
Value _____

☐ Motor Vehicle #2   NONE
Year, make & model _____
Value _____

☐ Other assets   NONE
Description _____
Value _____

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| N/A | $ 0 | $ |
| | $ | $ |
| | $ | $ |

7. State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
|---|---|---|
| N/A | | |
| | | |
| | | |

8. Estimate the average monthly expenses of you and your family.   Show separately the amounts paid by your spouse.  Adjust any payments that are made weekly, biweekly, quarterly, or annually to show the monthly rate.

| | You | Your spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home)  Are real estate taxes included? ☐ Yes ☐ No  Is property insurance included? ☐ Yes ☐ No | $ 0 | $ |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ 0 | $ |
| Home maintenance (repairs and upkeep) | $ 0 | $ |
| Food | $ 0 | $ |
| Clothing | $ 0 | $ |
| Laundry and dry-cleaning | $ 0 | $ |
| Medical and dental expenses | $ 0 | $ |

|  | You | Your spouse |
|---|---|---|
| Transportation (not including motor vehicle payments) | $ 0 | $ |
| Recreation, entertainment, newspapers, magazines, etc. | $ 0 | $ |
| Insurance (not deducted from wages or included in mortgage payments) | | |
| Homeowner's or renter's | $ 0 | $ |
| Life | $ 0 | $ |
| Health | $ 0 | $ |
| Motor Vehicle | $ 0 | $ |
| Other: _____ | $ 0 | $ |
| Taxes (not deducted from wages or included in mortgage payments) | | |
| (specify): _____ | $ 0 | $ |
| Installment payments | | |
| Motor Vehicle | $ 0 | $ |
| Credit card(s) | $ 0 | $ |
| Department store(s) | $ 0 | $ |
| Other: _____ | $ 0 | $ |
| Alimony, maintenance, and support paid to others | $ 0 | $ |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $ 0 | $ |
| Other (specify): _____ | $ 0 | $ |
| **Total monthly expenses:** | $ 0 | $ |

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

☐ Yes  ☑ No      If yes, describe on an attached sheet.

10. Have you paid – or will you be paying – an attorney any money for services in connection with this case, including the completion of this form?    ☐ Yes    ☑ No

If yes, how much? _____

If yes, state the attorney's name, address, and telephone number:

11. Have you paid—or will you be paying—anyone other than an attorney (such as a paralegal or a typist) any money for services in connection with this case, including the completion of this form?

☐ Yes    ☑ No

If yes, how much? _____

If yes, state the person's name, address, and telephone number:

12. Provide any other information that will help explain why you cannot pay the costs of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____ 1 – 21 – 08 _____ , 2007

_____
(Signature)

# **EXHIBIT 3**

Joint Statement of Willingness to be Appointed as Counsel
for Death-Sentenced Federal Defendant
in Pursuing Available Post-Conviction Remedies

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

**SHERMAN LAMONT FIELDS ,**
  *Movant,*

  v.                                                    **No. W-01-CR-164**

**UNITED STATES OF AMERICA,**
  *Respondent.*

---

## JOINT STATEMENT OF WILLINGNESS
## TO BE APPOINTED AS COUNSEL
## FOR DEATH-SENTENCED FEDERAL DEFENDANT
## IN PURSUING AVAILABLE POST-CONVICTION REMEDIES

---

Attorneys Jeffrey E. Ellis and Dougas I. Koff, with the support of Mr. Koff's firm of

Cadwalader, Wickersham, & Taft, LLP ("Cadwalader"), hereby confirm that they are willing to

accept appointment to represent SHERMAN LAMONT FIELDS in connection with preparing and

filing a petition for writ of habeas corpus under 28 U.S.C. § 2255, and seeking any other post-

conviction review to which Mr. Fields may be legally entitled.

Mr. Ellis and attorney Peter Isajiw, an associate with Mr. Koff's law firm, met with Mr.

Fields on January 21, 2008. At the conclusion of that meeting, Mr. Fields requested that Mr. Ellis

and Cadwalader seek appointment as his counsel for post-conviction proceedings. *See* Exhibit 2 to

Statement of Willingness
To Accept Appointment as Counsel -- 1

Mr. Fields' motion for appointment of counsel.[1]

Mr. Ellis is an experienced capital defense attorney. He has represented numerous individuals facing or under a death sentence during pre-trial proceedings, at trial, on appeal, and in post-conviction proceedings. He has served as defense counsel in capital cases in both state and federal courts in Texas and in Washington State. For example, he is currently lead counsel in a capital habeas case pending in United States District Court for the Western District of Washington (Elmore v. Uttecht, No. 08-53). Mr. Ellis also has extensive experience representing criminal defendants in non-capital habeas corpus proceedings. In addition to his courtroom experience, for the last four years Mr. Ellis has served as an adjunct professor at the University of Seattle Law School, where he teaches on the subject of capital punishment. He previously taught and supervised students as an adjunct professor at the School of Law of the University of Texas at Austin, also teaching capital punishment and serving as co-director of the capital punishment clinic. Mr. Ellis frequently appears as a faculty member at regional and national capital defense trainings.

Mr. Koff is a partner with the New York office of Cadwalader. Mr. Koff is a 1994 graduate of Columbia Law School. He is an expert in complex litigation, and has represented individuals in white collar criminal matters. He has handled cases involving a broad spectrum of substantive legal issues. Having experience in all aspects of litigation, including sophisticated fact and expert discovery, he has played a prominent role in a number of complex trials. Mr. Koff has received an award for his exceptional legal writing and is AV-rated by Martindale-Hubbell. He is admitted to

---

[1] Although Mr. Fields' declaration references Mr. Isajiw by name, it is Mr. Fields' desire and intention to accept representation by Cadwalader, which has decided that Mr. Koff is the appropriate

Statement of Willingness
To Accept Appointment as Counsel -- 2

practice in New York and before the U.S. Courts of Appeals for the First and Second Circuits, as well as the U.S. District Courts for the Southern, Eastern, and Western Districts of New York.

Mr. Ellis' resume and Mr. Koff's professional biography appear as Attachments A and B, respectively, to this Statement.

Mr. Ellis respectfully requests that the Court approve payment to Mr. Ellis at the maximum rate for attorney compensation approved for work on capital cases under the Criminal Justice Act (CJA). That rate is currently $170 per hour. See Attachment C hereto (Memorandum from the Director of the Administrative Office of the U.S. Courts, dated December 28, 2007, regarding Implementation of Hourly Rate Increases for Criminal Justice Act Panel Attorneys). Mr. Ellis further requests that the Court authorize him to submit interim billing as encouraged in the Guide to Judiciary Policies and Procedures, Paragraphs 2.3B and 6.02C. This payment rate and billing practice have been authorized in other death penalty habeas corpus cases in this District.

As noted above, the services of Mr. Koff and any other attorneys or employees of Cadwalader who may work on Mr. Fields' case, will be provided *pro bono*. Neither Mr. Koff nor his firm will seek compensation for the legal services provided to Mr. Fields or costs they may incur in the course of representing him.

---

attorney to seek formal appointment from this Court.

Statement of Willingness
To Accept Appointment as Counsel -- 3

Respectfully submitted,

JEFFREY D. ELLIS
Texas Bar No. 24034132

DOUGLAS I. KOFF, for
CADWALADER, WICKERSHAM,
& TAFT, L.L.P.

Statement of Willingness
To Accept Appointment as Counsel -- 4

# ATTACHMENT A

Resume of Jeffrey E. Ellis, Esq.

# Jeffrey E. Ellis, Attorney at Law
Law Offices of Ellis, Holmes & Witchley, PLLC
705 Second Ave., Suite 401
Seattle, WA 98104
(206) 262-0330 (ph) ◊ (206) 262-0335 (fax)

## Admitted to:

United States Supreme Court
United States Court of Appeals, Fifth Circuit
United States Court of Appeals, Ninth Circuit
United States Court of Appeals, Tenth Circuit
United States District Courts, various
Washington State Bar
Texas State Bar

## Current and previous employment:

Oct. 2003-present    **Law Offices of Ellis, Holmes & Witchley, PLLC**

I am a partner in this three-person law firm. My practice focuses on complex criminal trials, appeals, and post-conviction representation in state and federal court. In addition to cases where I am privately retained, I have been appointed to represent individuals in the Washington Supreme Court, the Ninth Circuit, and various United States District Courts. I am a member of the federal CJA panels for trial, appeal, and habeas, as well as for capital cases.

2004-present    **Seattle Univ. School of Law**

I am an adjunct professor and co-teach a capital punishment seminar now in its fourth year. I previously taught a criminal procedure course.

Aug. 1987 – June 2001, June 2002- Sept. 2003 **The Defender Association**

During the fifteen years I worked at the Seattle Public Defender, I represented individuals in misdemeanor, felony, civil commitment, and sexual predator cases, as well as on appeal. I also served as the Appellate Division supervisor, the Assistant Felony Division supervisor (twice), and the Felony Supervisor. From 2002-2003, I was the Complex Litigation Attorney. I estimate, during my tenure at the Defender, that I tried in excess of 100 trials and was appointed

counsel in over 40 appeals. I also served as counsel in a number of capital cases.

**June 2001-2002  Law Offices of Schonemann, Rountree & Owen, LLP**

I represented a number of individuals, but primarily capital defendants, in the post-conviction stage of their cases including serving as a contract attorney for the Mexican Capital Legal Assistance Project, representing death-sentenced Mexican nationals in the United States. I was appointed and served as co-counsel on several habeas cases in the federal district courts in Texas. I also undertook the *pro bono* representation of a death-sentenced individual, preparing pleadings in state and federal court.

**2001-2002  University of Texas Law School**

I was an adjunct professor co-teaching a Capital Punishment Clinic and Seminar. In the Clinic, we supervised 10-12 students who were assigned to work on capital cases. We also taught a weekly 2-hour class dealing with the practical aspects of defending a capital case. In contrast, the Seminar was a traditional law school class that examined the historical, moral, and jurisprudential aspects of the death penalty in this country.

## Education:

1984 -1987    J.D., **University of Oregon Law School,** Eugene, OR

1980 - 1984    B.A., **Pacific Lutheran University,** Tacoma, WA

## Professional Associations:

*Washington Association of Criminal Defense Lawyers (WACDL)*

I have served WACDL in several respects. I served three terms on Board of Governors. I was elected Secretary for one year. I have chaired the Amicus Committee and an Ad Hoc Committee on death penalty volunteers. I was also co-chair of three other committees. I am an active member of the Death Penalty Committee.

*Washington State Bar Association*

From 2006-2007, I served on a state bar committee investigating various aspects of capital defense in state court proceedings. After extensive

2

research and meetings, the committee made several recommendations for reform that were later adopted by the state Bar.

**Appellate Cases:**  A sample of the appellate decisions where I was counsel:

*In re Elmore*, __ Wn.2d __. 172 P.3d 335 (2007) (capital case raising various issues including ineffective assistance of counsel, jury misconduct, and shackling or defendant);

*In re Skylstad*, 160 Wn.2d 944, 162 P.3d 413 (2007) (interpretation of commencement of state post conviction time bar);

*In re Hinton*, 152 Wn.2d 853, 100 P.3d 801 (2004) (retroactive application of holding that felony murder based on assault was not legislatively authorized crime);

*State v. Alexander*, 125 Wn.2d 717, 888 P.2d 1169 (1995) (non-statutorily exceptionally lenient sentence permitted in case where defendant possessed extraordinarily small amount of drugs);

*State v. Vangerpen*, 125 Wn.2d 782, 888 P.2d 1177 (1995) (failure to include element of premeditation renders information defective);

*State v. Dearbone*, 125 Wn.2d 173, 883 P.2d 303 (1994) (state's failure to timely serve defense counsel with death penalty notice precludes state from seeking death sentence);

I authored amicus briefs in the following cases:

*State v. Hacheney*, 160 Wn.2d 503, 158 P.3d 1152 (2007) (insufficient evidence to support conviction for aggravated murder);

*State v. Sagastegui,* 135 Wn.2d 67, 954 P.2d 1311 (1998) (argued that record was insufficient for court to conduct mandatory death sentence review where no evidence of defendant's life history in the record due to fact that defendant "volunteered" for death sentence);

*State v. Hamlet*, 133 Wn.2d 314, 944 P.2d 1026 (1997) (state is entitled to discover the opinion of non-testifying psychologist where defendant asserts a diminished capacity defense);

*State v. Gentry*, 125 Wn.2d 570, 888 P.2d 1105 (1995) (argued on behalf of Murder Victim's Families for Reconciliation that state constitution prohibits introduction of "victim impact" evidence in a penalty phase trial).

## Professional Certifications:

l am one of only ten attorneys in Washington State certified to represent individuals in all stages (trial, direct appeal, and post-conviction) of a death penalty case in Washington State.

## Invited Speaker:

I have been invited to speak at approximately 30 continuing legal education programs at both the regional and national level. In the majority of cases, I have spoken on various aspects of defense representation in death penalty cases.

## Expert Witness:

I have been retained as an expert witness on at least five occasions, by governmental agencies and private individuals, to offer an opinion about the relevant standards of practice, including the standards of practice that apply in capital cases.

## Awards:

I was awarded the President's Award from WACDL in 2007, for distinguished service to the criminal bar. I was previously recognized by WACDL with a *Certificate of Appreciation* by WACDL on three separate occasions.

I was named a "Rising Star" and a "Super Lawyer" (four times) by *Washington Law and Politics* magazine.

I have received the highest possible rating from Martindale-Hubbell.

4

# **ATTACHMENT B**

Professional biography of Douglas I. Koff, Esq.

# CADWALADER



# Douglas I. Koff

Douglas Koff concentrates his practice on regulatory, civil, and white collar matters in the financial services industry, as well as on corporate internal investigations.

**Partner**
Litigation

One World Financial Center
New York, NY 10281
Tel 212 504 6372
Fax 212 504 6666
douglas.koff@cwt.com

Most recently, Mr. Koff has defended major financial institutions and corporate executives in high-profile inquiries by civil and criminal government authorities and self-regulatory organizations, into allegations of: (i) wrongdoing with respect to the use of finite transactions in the reinsurance industry, including allegations of accounting improprieties; (ii) improper market timing and late trading in the mutual fund industry; (iii) conflicts of interest between research and investment banking departments; and (iv) improper practices with respect to the manner in which shares of initial public offerings are allocated.

Mr. Koff also has been actively engaged in civil matters involving securities, derivative products, and other complex financial instruments. He has handled cases involving a broad spectrum of substantive legal issues, including antitrust, breach of fiduciary duty, fraud, piercing the corporate veil, mergers and acquisitions, money laundering, as well as federal securities law. With experience in all aspects of commercial litigation, including sophisticated fact and expert discovery, he has had a prominent role in a number of complex trials. Among his recent representations are:

- Four former outside directors in the Tyco litigation in numerous securities class actions and the related shareholder derivative litigation.
- A former CEO in connection with civil and criminal matters involving finite transactions in the reinsurance industry.
- Reinsurance companies in connection with investigations involving finite transactions in the reinsurance industry.
- Canadian Imperial Bank of Commerce in connection with investigations involving mutual fund trading practices.
- Bear Stearns in connection with regulatory investigations stemming from allegations of improper initial public offering practices.
- Bear Stearns in connection with regulatory investigations arising out of allegations of alleged conflicts of interest between investment banking and research departments.
- Lehman Brothers in a multimillion dollar dispute with an Asian trading counterparty involving foreign exchange and derivatives trading. This case involved international discovery pursuant to the Hague convention and resulted in a 37-day trial in the U.S. District Court for the Southern District of New York.

- Timber Hill LLC in *In Re: Stock Exchange Trading Antitrust Litigation* in which the U.S. Court of Appeals for the Second Circuit affirmed the trial court's decision dismissing the action pursuant to the implied repeal doctrine, a key case addressing the doctrine.
- Corporate executives of a New York Stock Exchange traded company in connection with a U.S. Department of Justice investigation of an alleged international price-fixing conspiracy.

Mr. Koff received a B.A. in Political Science from Earlham College and earned his J.D. from Columbia University School of Law, where he was the Managing Editor of the Columbia Human Rights Law Review. He was recently awarded the 2006 *Burton Award for Legal Achievement*, which recognizes exceptional legal writing, and was recognized by *New York Super Lawyers* as a leading attorney in Manhattan. Mr. Koff is admitted to practice in New York and before the U.S. Courts of Appeals for the First and Second Circuits and the U.S. District Courts for the Southern, Eastern, and Western Districts of New York.

# <u>ATTACHMENT C</u>

Memorandum from Administrative Office of the United States Courts
regarding "Implementation of Hourly Rate Increases for
Criminal Justice Act Panel Attorneys," dated December 28, 2007



# ADMINISTRATIVE OFFICE OF THE
# UNITED STATES COURTS

JAMES C. DUFF
Director

WASHINGTON, D.C. 20544

December 28, 2007

MEMORANDUM

To:      Judges, United States Courts of Appeals
            Judges, United States District Courts
            United States Magistrate Judges
            Circuit Executives
            Federal Public/Community Defenders
            District Court Executives
            Clerks, United States Courts of Appeals
            Clerks, United States District Courts
            Senior Staff Attorneys

From:    James C. Duff

RE:      IMPLEMENTATION OF HOURLY RATE INCREASES FOR CRIMINAL JUSTICE ACT
          PANEL ATTORNEYS **(IMPORTANT INFORMATION)**

Congress recently passed, and the President signed into law on December 26, 2007, the Consolidated Appropriations Act of 2008, the 11-bill omnibus spending measure which includes fiscal year 2008 funding for the Judiciary. As I reported in my memorandum of December 21, 2007, in the omnibus bill, Congress authorized and provided funds to raise the non-capital hourly panel attorney compensation rate from $94 to $100, and the maximum hourly capital rate from $166 to $170 (for federal capital prosecutions and capital post-conviction proceedings). These rates apply to attorneys appointed to represent eligible persons under the Criminal Justice Act, 18 U.S.C. § 3006A, and the Antiterrorism and Effective Death Penalty Act of 1996, codified in part in 18 U.S.C. § 3599.

**The new hourly compensation rates apply to work performed on or after January 1, 2008.** Where the appointment of counsel occurred before this effective date, the new compensation rates apply to that portion of services provided on or after January 1, 2008.

If you have any questions concerning this matter, please contact the Office of Defender Services, Legal and Policy Branch Duty Attorney, on (202) 502-3030.

cc:    CJA Panel Attorney District Representatives

---

A TRADITION OF SERVICE TO THE FEDERAL JUDICIARY

# **<u>EXHIBIT 4</u>**

Memorandum from the Hon. John Gleeson,
United States District Judge, Eastern District of New York
(dated December18, 2007)

**Judicial Conference of the United States**
**Committee on Defender Services**
United States District Court
727 United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201-1818

**Chair**
John Gleeson

**Members**
Samuel Alba
Carl J. Barbier
Sandra S. Beckwith
Mark W. Bennett
Robert C. Chambers
Stanley R. Chesler
Anne C. Conway
Claire V. Eagan
Barry T. Moskowitz
Michael J. Reagan
Ricardo M. Urbina
John A. Woodcock, Jr.

**Telephone:**
(718) 613-2450
**Fax:**
(718) 613-2456

December 18, 2007

MEMORANDUM

To:  Judges, United States Courts of Appeals
Judges, United States District Courts
United States Magistrate Judges

From:  Honorable John Gleeson

RE:  INTRODUCTION OF FEDERAL CAPITAL HABEAS PROJECT

The Judicial Conference's Defender Services Committee has funded an initiative that is designed, in part, to assist judges presiding over capital 28 U.S.C. § 2255 cases. The Federal Capital Habeas Project, known informally as the "2255 Project," provides consultation and assistance to courts adjudicating, and defense counsel litigating, capital cases pursuant to § 2255. This national resource was created by the Defender Services Committee to: (1) facilitate federal courts' appointment of qualified counsel in the growing number of capital § 2255 cases arising from federal prosecutions, (2) help ensure that the representation furnished is consistent with the best practices of the legal profession, and (3) advise and train appointed counsel, where appropriate.[1]

The prompt appointment of qualified counsel to represent defendants in these cases has become critical. In addition to death penalty law, counsel must have expertise in the substantive and procedural habeas jurisprudence developed through § 2254 cases, as well as the law

---

[1] To a large extent, capital § 2255 litigation is a new field; fewer than a dozen such matters have been litigated to completion since the re-emergence of federal death penalty cases in the past 20 years. Recently, however, an increasing number of federal capital cases have been entering the post-conviction stage. In 1998, there were 20 individuals on federal death row, 5 of whom were in § 2255 proceedings. Nearly 10 years later, the number of individuals on federal death row has more than doubled (53), and the number of death row inmates in § 2255 proceedings has more than quadrupled (21).

Introduction of Federal Capital Habeas Project                                    Page 2

governing § 2255 proceedings.  Even the most experienced and learned trial advocates may not have the knowledge and skills necessary for capital post-conviction litigation.  Unlike record-based claims that should be raised on direct appeal, § 2255 counsel is responsible for investigating potential errors outside of the record that may not have been apparent during the trial, and including all viable claims in the petition.  Moreover, counsel must accomplish all of this within the Antiterrorism and Effective Death Penalty Act's one year limitation period, which generally runs from the denial of certiorari from direct appeal.  Given these time constraints, it is preferable for counsel to be identified before certiorari is denied on direct appeal.

Generally, the Defender Services Committee encourages courts to consult with their district's federal defender when considering the appointment of counsel in capital cases.  With respect to § 2255 matters in particular, it is also recommended that courts consult with the 2255 Project.  The 2255 Project is national in scope and well situated to assist courts with identification of lawyers who possess the required expertise from inside or, when necessary, outside of a particular district.  Districts in states without a death penalty often lack lawyers with appropriate capital experience.  Even in states that have the death penalty, there can be a dearth of attorneys experienced in *collateral* attacks on death sentences, which are different in kind from trials and direct appeals in such cases.  Moreover, the most qualified capital habeas lawyers may already be occupied litigating cases arising from state convictions.  The Project has already assisted a number of courts in the appointment process.

The Judicial Conference encourages the use of case budgeting in these cases, and the Project is also available to consult with courts about case budgeting and other issues related to the administration of capital § 2255 cases.

Ms. Ruth E. Friedman, the 2255 Project Director, is based in the Greenbelt office of the Federal Public Defender for the District of Maryland and can be reached at (301) 344-0600.  She has nearly two decades of capital post-conviction experience and is a nationally recognized expert in habeas corpus and death penalty litigation.

I encourage you to utilize the 2255 Project and am confident that you will find the staff responsive and helpful.  If you have any questions or concerns, please contact the 2255 Project; Judy A. Gallant or Mark S. Blaskey, attorney advisors in the Administrative Office's Office of Defender Services, at (202) 502-3030; or me.

cc:    Circuit Executives
       Federal Public/Community Defenders
       District Court Executives
       Clerks, United States Courts of Appeals
       Clerks, United States District Courts
       Ms. Ruth E. Friedman

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Appendix of Exhibits has been served on counsel for Respondent by placing same into the United States Mail, first-class postage prepaid, addressed to:

Office of the United States Attorney

800 Franklin Avenue, Suite 280

Waco, TX 76701

on this 1st day of February, 2008.

Robert C. Owen

Motion for Appointment of Counsel
and Supporting Memorandum of Law  -  16