IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| United States of America,<br><br>                        Plaintiff,<br><br>            -vs.-<br><br>Sherman Lamont Fields,<br><br>                        Defendant. | No.  W-01-CR-164<br><br><br>***THIS IS A CAPITAL CASE**<br>*Oral Argument Requested* |

### EMERGENCY MOTION FOR EQUITABLE TOLLING OF STATUTE OF LIMITATIONS AND RENEWED EMERGENCY MOTION FOR RULING ON <u>PROPOSED BUDGET/MOTIONS FOR FUNDS</u>

Petitioner, Sherman Lamont Fields ("Mr. Fields"), has **less than 60 days** remaining to exercise his statutory right to file a motion under 28 U.S.C. § 2255 challenging his conviction and sentence (the "Section 2255 Motion").  Despite diligent efforts to date, counsel cannot complete Mr. Fields's Section 2255 Motion without the funds needed to acquire the investigative and expert services necessary to fully and adequately prepare and present his claims.  Although counsel has timely filed several motions requesting these reasonably necessary funds, including an emergency motion requesting a ruling on the pending funding motions, the Court has yet to rule on, let alone approve, the majority of the requests for necessary funds.

As such, Mr. Fields respectfully moves this Court for an order equitably tolling the one year statute of limitations period for the filing of his Section 2255 Motion.  For the reasons set forth below, Mr. Fields seeks tolling for a period of 163[1] days, making his Section 2255 motion

---

[1] Undersigned counsel arrived at this number by calculating 113 days for funding issues (from 7/21/08 to 11/11/08), plus 50 days for appointment issues.

due on or before Friday, June 26, 2009[2]. Undersigned counsel has attempted to contact opposing counsel, Assistant United States Attorney Gloff, regarding this motion. However, Mr. Gloff has not responded to this inquiry, or any other inquiry made by undersigned counsel since his appointment.

Additionally, Mr. Fields respectfully renews his Emergency Motion for Ruling on Proposed Budget/Motions for funds originally filed September 18, 2008, which requested an expedited ruling on the pending proposed budget and motions for investigative and expert assistance.

Mr. Fields respectfully requests an expedited ruling on this motion as his current January 14, 2009 deadline to file his Section 2255 Motion is fast approaching. In support of these motions Mr. Fields provides the following:

## BACKGROUND

Mr. Fields was tried in this Court, convicted of various crimes, and sentenced to death. After the United States Court of Appeals for the Fifth Circuit affirmed his convictions and death sentence on direct appeal, the United States Supreme Court denied Mr. Fields' petition for *writ of certiorari* on January 14, 2008. On January 28, 2008 this Court docketed the Supreme Court's decision. Without equitable tolling of the one year statute of limitations contained in the Anti-terrorism and Effective Death Penalty Act (the "AEDPA"), Mr. Fields is required to file his Section 2255 Motion in this case on or before January 14, 2009.[3]  See 28 U.S.C. § 2255.

---

[2] This date was arrived at by adding 163 days of tolled time to the current filing deadline of January 14, 2009.

[3] In prior papers to this Court, counsel for Mr. Fields identified January 28, 2009 as the date by which he is required to file his Section 2255 Motion based on calculations from the date this Court docketed the Supreme Court's denial of the petition for *writ of certiorari*. In an abundance of caution, for the purposes of this motion Mr. Fields assumes that January 14, 2008, the date of the Supreme Court's decision, is the operative start date for calculating the AEDPA's statute of limitations.

On February 4, 2008, Mr. Fields filed a Motion for Immediate Appointment of Counsel to Pursue All Available Post-Conviction Remedies ("Appointment Motion"). That motion sought the appointment of Mr. Jeffrey Ellis of the law firm of Ellis, Holmes & Witchley, P.L.L.C. as lead counsel, and Mr. Douglass Koff of Cadwalader, Wickersham & Taft, LLP ("Cadwalader") as co-counsel working on a *pro bono* basis. As noted in that motion, immediate appointment of counsel was required because Mr. Fields was indigent, without counsel, and his statute of limitations was running.

On February 19, 2008, this Court granted the Appointment Motion by appointing two other attorneys, Walter Reaves, Jr. and John Kuchera. Neither Mr. Reaves nor Mr. Kuchera requested appointment.

On March 12, 2008, Mr. Reaves and Mr. Kuchera moved to withdraw as appointed counsel. The Motion to Withdraw was based on conflicts with Government witnesses who testified against Mr. Fields during his trial. Citing the "relatively large number of government witnesses in this case who have criminal convictions arising out of the Waco area" Reaves and Kuchera recommended appointment of the undersigned counsel who practice outside of the Waco area and do not have conflicts with any of the witnesses. Motion to Withdraw ¶¶ 4 & 5. Additionally, that motion noted that appointment of *pro bono* counsel "will likely result in saving substantial resources normally associated with these cases." Id. ¶5.

On March 25, 2008, fifty (50) days after the original Appointment Motion and over two (2) months into Mr. Fields's one-year statute of limitations, the Court appointed undersigned counsel, Rob Owen of Owen & Rountree, L.L.P. and Mr. Ellis, to represent Mr. Fields. The Court further ordered that counsel from Cadwalader may assist Mr. Fields on a *pro bono* basis and "would not be compensated with taxpayer funds for any legal services performed in this

matter." See March 25, 2008 Order at 5. Once appointed, counsel began diligently reviewing and summarizing the case record and researching potential claims.

On May 30, 2008, counsel filed an *ex parte* motion seeking funds for an investigator. At the same time, counsel inquired as to whether the Court wanted a budget prepared. On June 6, 2008, the Court responded to the May 2008 *ex parte* motion by letter stating that counsel has "certainly renewed my reason for preferring not to appoint out-of-state 'death penalty experts.'" See June 6, 2008 Letter from The Honorable Walter S. Smith, Jr. to Jeffrey Ellis ("June 6 Letter"). The Court's letter denied the request for an investigator on the basis that investigators are unnecessary since Section 2255 motions "should only involve legal issues." Id. The Court indicated that the request for an investigator "will certainly not be approved at this time and without real justification." Id. The Court also advised counsel that "you absolutely need to get a budget approved before you expend any more time." Id. Finally, the Court advised that it will await counsel's "response before deciding if I need to correct my decision to appoint you." Id.

On July 21, 2008, counsel responded to the Court's request by filing an *Ex Parte* Proposed Budget detailing the estimated costs and expenses of preparing Mr. Fields's claims. The Proposed Budget included estimated counsel fees as well as estimates of funding required to retain an investigator and certain reasonably necessary experts. Because these requests include attorney work-product and were filed *ex parte* under seal, and because this motion is being served on the respondent, the details of those requests will not be discussed here. However, in response to the Court's directive that counsel provide "real justification" for the requested funds, in addition to the detailed reasons supporting the necessity of each request for investigative or expert assistance, the Proposed Budget also set forth a description of the proper scope of a Section 2255 motion including citations to ethical standards enacted by the State Bar of Texas

and the American Bar Association – both of which mandate that *habeas* counsel develop extra-record evidence to support challenges to a capital clients' conviction and sentence.

In early September 2008, after more than a month passed without any Court approval or response to the Proposed Budget, counsel began filing separate motions for each requested expert. These separate motions provided additional details in support of each expert request.[4] Throughout the time these requests have been pending, counsel has repeatedly called the Court requesting an update on the status of the various requests for funds. Counsel was unable to speak to the Court and chambers staff was unable to advise on the status of those motions.

On September 18, 2009, with less then 4 months left in the AEDPA's statute of limitations and no ruling on any of Mr. Fields's various requests for funds, counsel filed under seal an *Ex Parte* Emergency Motion For Ruling on Proposed Budget/Motion For Funds. Shortly thereafter, on September 25, 2008, the Court granted one of the six pending motions for funds – cutting the requested amount by two-thirds without explanation. Six days later, on October 1, 2008, the Court summarily denied another one of the six motions for funds.

To date, with **less then 60 days** left in the AEDPA's statute of limitations, the Court has not ruled on the remaining four motions for funds. Moreover, the Court has not approved the *Ex Parte* Proposed Budget that was submitted at the Court's request and has been pending for more then three months.

Notwithstanding the lack of funding by the Court, Mr. Fields's counsel, including *pro bono* counsel, have devoted a substantial amount of time and expense gathering and reviewing relevant case documents, locating and speaking with relevant witnesses, and researching

---

[4] Again, because these requests include attorney work-product and were filed *ex parte* under seal, and because this motion is being served on the respondent, the details of those requests will not be discussed here.

applicable law concerning a variety of potential legal claims.  Despite these diligent efforts, counsel will not be able to complete the investigation required to draft and file an adequate Section 2255 Motion without the assistance of experts.  Obtaining the assistance of experts is contingent on the Court's ruling on the pending motions for funding and approval of the Proposed Budget.  However, given that Mr. Fields has **fewer then 60 days** to file his claims, even if the Court were to approve these requests immediately, there would not be adequate time for the experts to complete their work prior to the current filing deadline.

## ARGUMENT

### MR. FIELDS IS ENTITLED TO EQUITABLE TOLLING

Well-established Fifth Circuit precedent demonstrates that the AEDPA's statute of limitations is not jurisdictional and may be equitably tolled under appropriate circumstances, such as those presented here.  United States v. Patterson, 211 F.3d 927, 928 (5th Cir. 2000) (coming "to the unremarkable conclusion that the limitations period in § 2255 may be equitably tolled . . ."); Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 119 S.Ct. 1474 (1999).   "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable."  Patterson 211 F.3d at 930.  Fifth Circuit precedent dictates that courts "must be cautious not to apply the statute of limitations too harshly," because "dismissing a first § 2255 motion or habeas petition is a 'particularly serious matter.'"  Patterson, 211 F.3d at 931 (citing Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999)).  Equitable tolling may appropriately extend the limitation period beyond one year, and it should be granted if the petitioner demonstrates that "rare," "extraordinary," or "exceptional" circumstances make it difficult or impossible to file a section 2255 motion on time.  Patterson, 211 F.3d at 928; Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000).

To demonstrate that extraordinary circumstances make it difficult to file a section 2255 motion on time, a petitioner must make two showings. First, the applicant must show that extraordinary circumstances occurred, are occurring, or will occur, preventing the applicant from filing for some period of time. See U.S. v. Petty, 530 F.3d 361, 365 (5th Cir. 2008) (citing Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007)). Second, a petitioner must demonstrate that he has been diligently pursuing his rights. See Petty, 530 F.3d at 365. Mr. Fields has satisfied both these requirements.

Two extraordinary circumstances have occurred (and one continues to occur) rendering it difficult if not impossible for Mr. Fields to file his Section 2255 Motion within the next sixty days. First, despite a timely filed Appointment Motion buy undersigned counsel, due to conflicts with counsel the Court previously appointed *sua sponte* Mr. Fields was denied adequate representation for fifty of his 365 day statutory period.[5] Second, despite timely and repeated requests for funding for necessary expert assistance, the Court has not yet ruled on four of the six

---

[5] The Fifth Circuit has indicated that delays affecting the appointment of counsel may, without more, constitute grounds for equitable tolling. See Davis v. Johnson, 158 F.3d 806, 808 n.2 (5th Cir. 1998) (assuming without deciding that the district court's failure to notify counsel of his appointment for a certain period of time justified equitably tolling to period of limitations). Moreover, equitable tolling has been deemed appropriate to remedy appointment of counsel delays in several analogous situations outside the section 2255 context. See Harris v. Walgreen's Distribution Center, 456 F.2d 588 (6th Cir. 1972) ("We believe on equitable grounds the motion for counsel should be regarded as tolling the statute until it was disposed of."); Harris v. Nat'l Tea Co., 454 F.2d 307 (7th Cir. 1971) (holding that the filing of the motion for appointment of counsel served to toll the thirty day statutory limitation); Warren v. Dep't of Army, 867 F.2d 1156 (8th Cir. 1989) (finding that the thirty-day limitations period was subject to equitable tolling where plaintiff's complaint was timely submitted to the district court along with appointment of counsel and *in forma pauperis* motions but filing was delayed until motions had been resolved). Moreover, as acknowledged by the Fifth Circuit in Verret v. Jackson County Civil Action Committee, 172 F.3d 870 (5th Cir. 1999), "[i]n Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984), the Supreme Court indicated that a court may equitably toll the limitations period . . . if a motion for appointment of counsel is pending and equity would justify tolling the statutory period." Id. at 870 (citing Brown, 104 S.Ct. at 1725-26). The Fifth Circuit has expressly permitted this Court to look to non-habeas cases for "further elucidation of when to toll." Patterson, 211 F.3d at 931 n.5.

motions for funds.  Not only are both these circumstances extraordinary, both are completely beyond the control of Mr. Fields or his counsel.

Moreover, Mr. Fields has been diligently pursuing his rights.  Once undersigned counsel was appointed, the trial transcript was promptly reviewed and summarized; possible issues were identified; the client interviewed several times; witnesses were located and experts were contacted and their availability secured.  Each of these tasks was necessary before the first funding request could be made to this Court.  Within two months from the appointment of current counsel, Mr. Fields's first *ex parte* request for funds was submitted to this Court.  Just over a month after the Court denied this first request and directed counsel to stop work pending approval of a proposed budget, a detailed budget proposal was drafted and submitted for Court approval.[6]  Two months later, after numerous unsuccessful attempts to contact the Court for a ruling on the Proposed Budget, Mr. Fields submitted six additional detailed motions requesting expert funds.  Two weeks later, again after numerous unsuccessful attempts to contact the Court for a ruling and with less than four months remaining under the statutory limitations period, Mr. Fields filed an *Ex Parte* Emergency Motion for Ruling on Proposed Budget/Motion for Funds. To date, four of the motions for expert funds remain pending before the Court.  As a result, Mr. Fields cannot proceed further with the investigation necessary to properly mount his claims because his repeated requests for funds have gone unanswered for over four months.

---

[6] This Court's directive for counsel to stop work pending approval of the Proposed Budget is, in itself, justification for equitable tolling.  Indeed, Fifth Circuit precedent makes clear that equitable tolling is appropriate where a party relies on a court order to his detriment.  See U.S. v. Johnson, 211 F.3d 927 (5th Cir. 2000) (finding that because appellant relied to his detriment on the district court's granting of his request to dismiss without prejudice his initial, timely filed § 2255 motion, equitable tolling was justified); see also Calderon v. United States District Court (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), cert. denied, 526 U.S. 1060 (1999) (holding equitable tolling appropriate where the district court stayed "all other aspects of the case pending determination of petitioner's competency, thus precluding petitioner from timely filing).

Moreover, despite a lack of funding counsel for Mr. Fields, including *pro bono* counsel, have been diligently researching and developing his potential legal claims. Due to the attorney-client privilege and the attorney work-product doctrine, these substantial efforts cannot be detailed in this motion. However, these efforts evidence that Mr. Fields has been diligently pursuing his rights.

The United States District Courts for Texas's Southern and Eastern Districts have both granted equitable tolling in similar situations. For example, in Cannady v. Cockrell, No. 2:01-CV-00273 (S.D. Tex. filed March 11, 2002), an indigent, death-sentenced inmate was facing an AEDPA filing deadline of May 22, 2002. Counsel was appointed in July of 2001. Approximately three and a half months after appointment, in November 2001, Cannady filed an *ex parte* request for authorization of necessary investigative and expert expenses. Approximately two months later, in January 2002, Cannady filed an updated request for funding. As of February 2002 the court had not ruled on these funding requests. Accordingly, Cannady requested the court to equitably toll the AEDPA statute approximately three months, until August 22, 2002, to compensate for the delay in obtaining expert assistance. In March 2002, the court granted Cannady's request by equitably tolling the statute. When faced with a similar situation, the Eastern District of Texas also granted equitable tolling in King v. Cockrell, No. 1:01-CV-435 (E.D. Tex., Beaumont Div), Order of March 18, 2002.[7]

Here, like the petitioners in Cannady and King, Mr. Fields's Section 2255 Motion deadline is fast approaching. Like Cannady and King, Mr. Fields's claims have been – and continue to be – delayed by at least 113 days due to a lack of funding for necessary expert assistance. Without these expert services, Mr. Fields will not be able to make a meaningful case

---

[7] Undersigned counsel makes these statements based on a review of the respective dockets. Because the funding requests are appropriately sealed, it is impossible to be more precise.

for post-conviction relief and will therefore be denied "an adequate corrective process for hearing and determination of claims in violation of federal constitutional guarantees." Case v. Nebraska, 381 U.S. 336, 337 (1965). The investigative and expert assistance requested is not only reasonably necessary but essential to counsel's ability to represent Mr. Fields in this proceeding.

Additionally, Mr. Fields's claims were originally delayed for at least fifty days due to the issues surrounding appointment of counsel. Accordingly, Mr. Fields respectfully requests that his statute of limitations be tolled for an additional 163 days, making his Section 2255 Motion due on or before June 26, 2009. If this request is granted, Mr. Fields will only have seven months to investigate and draft his claims, substantially less than the time envisioned by the AEDPA. Thus, equitably tolling the statute here will not be inconsistent with the intent of law.

## CONCLUSION

For the foregoing reasons, Mr. Fields respectfully requests that this Court either promptly set a hearing on this motion or immediately grant him equitable tolling based on the delay in obtaining expert assistance and appointment of adequate counsel and enter an order ruling that his Section 2255 Motion will be deemed timely if filed on or before Friday, June 26, 2009.

Mr. Fields also renews his Emergency Motion For Ruling on Proposed Budget/Motions for funds and respectfully requests that the Court either promptly set an *ex parte* hearing on that motion, or immediately rule on Mr. Fields's proposed budget, including his pending requests for funds for reasonably necessary expert and investigative assistance.

A proposed order will be forwarded to the Court.

Dated:                          November 28, 2008


                          Respectfully Submitted:


                          /s/ Jeffrey E. Ellis
                          Jeffrey E. Ellis
                          Attorney at Law
                          Law Offices of Ellis, Holmes & Witchley
                          705 Second Ave., Suite 401
                          Seattle, WA 98104
                          (206) 262-0300
                          (206) 262-0335 (fax)
                          Email:  ellis_jeff@hotmail.com


                          /s/ Robert C. Owen
                          Robert C. Owen
                          *Attorney at Law*
                          Capital Punishment Center
                          School of Law, University of Texas at Austin
                          727 East Dean Keeton Street
                          Austin, TX 78705
                          (512) 232-9391
                          Email:  robowen@earthlink.net