IN THE UNITED STATES DISTRICT COURT
WESTERN DIVISION OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL CASE NO. W-01-CR-164 |
| vs. | |
| SHERMAN LAMONT FIELDS | |

**NOTICE THAT ALTHOUGH MR. FIELDS IS FILING AN INITIAL MOTION FOR RELIEF UNDER 28 U.S.C. §§ 2241 AND 2255, HE CONTINUES TO ASSERT HIS RIGHTS UNDER, AND RELY FULLY UPON, THE COURT'S DECEMBER 4, 2008 ORDER GRANTING EQUITABLE TOLLING AND AUTHORIZING MR. FIELDS TO FILE A FULLY DEVELOPED VERSION OF HIS MOTION FOR RELIEF ON OR BEFORE MARCH 1, 2009.**

## *** THIS IS A CAPITAL CASE ***

SHERMAN FIELDS, by counsel, hereby gives notice that he is filing the accompanying motion for relief from judgment without waiving in any manner whatsoever his rights under the Court's order of December 8, 2008, to file a more detailed and comprehensive version of the motion on or before March 1, 2009, as expressly authorized by that December 8, 2008 Order.  As explained in greater detail below, Mr. Fields has relied fully on the Court's grant of equitable tolling in the work undertaken on his case since that Order was entered, and intends fully to exercise his rights under that Order.  Mr. Fields would respectfully show the Court as follows:

Mr. Fields is an indigent death-sentenced federal prisoner, incarcerated at the United States Penitentiary in Terre Haute, Indiana.  He was convicted and sentenced to death in this Court for the murder of Suncerey Coleman.  This Court's judgment was affirmed on direct appeal, *see United States v. Fields*, 483 F.3d 313 (5th Cir. 2007), and the United States Supreme

Court denied Mr. Fields' petition for *certiorari* review of the Fifth Circuit's judgment on January 14, 2008.

Under 28 U.S.C. § 2255 as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Mr. Fields was thus required to file any motion for post-conviction relief from his conviction and sentence on or before January 14, 2009. As soon as practicable after *certiorari* was denied on direct appeal, Mr. Fields moved this Court to appoint counsel to represent him in preparing and litigating such a motion. That request was filed on February 4, 2008. However, the Court was not able to resolve the appointment of counsel request until March 25, 2008, when it appointed undersigned counsel to represent Mr. Fields.

In recognition of the extraordinary circumstances presented by Mr. Fields' case, including the initial delay in the appointment of post-conviction counsel (through no fault of Mr. Fields'), and the extreme and unfair prejudice that would result to Mr. Fields' right to post-conviction review that would result from requiring him to meet the original filing deadline, the Court on December 4, 2008, entered an order equitably tolling the one-year statute of limitations from January 14, 2009, to March 1, 2009.

As this Court is aware, every circuit court in the country has held that the one-year statute of limitations for seeking federal habeas relief (whether the applicant is in state or federal custody) is not jurisdictional and, therefore, can be equitably tolled. Moreover, the Government did not object to Mr. Fields' motion for equitable tolling of the January 14 deadline. Under the circumstances, it is unlikely that Mr. Fields needs to file any motion for relief until the March 1 deadline established by this Court. And, indeed, Mr. Fields is fully relying on the Court's grant of equitable tolling in his plan to file a more complete version of the accompanying motion for relief on or before March 1, in the full expectation that that version will be treated as the motion that will frame the issues for the Government's response and this Court's eventual resolution.

However, the stakes in this proceeding for Mr. Fields are literally life and death, placing undersigned counsel under a unique burden of responsibility to take no risks with respect to securing Mr. Fields' right to post-conviction review. To date, the United States Supreme Court has not endorsed the unanimous view of appellate courts around the Nation that the AEDPA statute of limitations is subject to equitable tolling. There is a chance, however infinitesimally small, that at some point in the future the Supreme Court will hold that this Court lacked the power to extend Mr. Fields' filing deadline to March 1. Accordingly, out of an abundance of caution *only*, undersigned counsel is filing the accompanying motion for relief pursuant to 28 U.S.C. §§ 2241 and 2255.

While the accompanying motion for relief complies with all applicable rules governing Section 2255 motions, it does not yet present Mr. Fields' claims for relief in their fully developed form. Despite undersigned counsel's ongoing and diligent efforts to investigate and develop all possible claims, several external constraints, including the various limitations identified in Mr. Fields' motion for equitable tolling and lack of access to information in the possession of the Government and its agents, render this filing incomplete. <u>Accordingly, in compliance with, and in reliance upon, the Court's December 8, 2008 Order, Mr. Fields will file an additional pleading on or before March 1, 2009</u>. That version of the accompanying motion for relief, as authorized and contemplated by this Court's order granting equitable tolling, will contain a more fully detailed version of Mr. Fields' claims for relief from his conviction and death sentence.

Given that Mr. Fields is relying expressly on the Court's Order granting him leave to file a more fully developed motion on or before March 1, 2009, and fully intends to exercise his rights under and comply with that Order, undersigned counsel hereby also respectfully gives notice to the Government that any answer submitted before Mr. Fields files the fully developed

version of his motion for relief on or before March 1, 2009, would naturally be premature and

that any effort expended in such an effort likely would have to be replicated later.

.                                    Respectfully submitted,


/s/ Jeffrey E. Ellis
Jeffrey E. Ellis
Texas Bar No. 24034132
Attorney for Petitioner

Law Offices of Ellis,
Holmes & Witchley, PLLC
705 Second Ave., Ste 401
Seattle, WA 98104
206/262-0300 (ph)
206/262-0335 (fax)
ellis_jeff@hotmail.com