IN THE UNITED STATES DISTRICT COURT
WESTERN DIVISION OF TEXAS
WACO DIVISION

UNITED STATES OF AMERICA

                vs.

SHERMAN LAMONT FIELDS

NO. _____

CRIMINAL CASE NO.
W-01-CR-164

## MOTION FOR LEAVE TO WITHDRAW AS POST-CONVICTION COUNSEL BY FORMER APPELLATE COUNSEL ROBERT C. OWEN DUE TO CONFLICT OF INTEREST ARISING FROM MR. FIELDS' CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL

Undersigned counsel ROBERT C. OWEN ("Mr. Owen"), pursuant to the Fifth and Fourteenth Amendments to the U.S. Constitution and to the Texas Disciplinary Rules of Professional Conduct, respectfully moves the Court for leave to withdraw as post-conviction counsel for Mr. Fields. Mr. Fields' motion for relief from sentence under 28 U.S.C. § 2255 ("2255 Motion") alleges a claim of ineffective assistance of appellate counsel against Mr. Owen, arising from his representation of Mr. Fields on direct appeal. As a result, Mr. Owen is burdened with a conflict of interest that makes it impossible for him vigorously to advocate on Mr. Fields' behalf in this proceeding. In support of which request, Mr. Owen would show the Court as follows:

Mr. Owen is a Clinical Professor of Law at the University of Texas at Austin. This Court appointed Mr. Owen to represent Mr. Fields on his direct appeal from the judgment of conviction and death sentence imposed by this Court. Mr. Owen thereafter represented Mr. Fields throughout his direct appeal. The services provided by Mr. Owen included conferring with Mr.

Appointed counsel's motion for leave to withdraw
due to conflict of interest (Fields) -- 1

Fields, reading the trial record, filing appropriate motions in both this Court and the Court of Appeals, conducting legal research into potential issues for the appeal, drafting the opening brief, reviewing the Government's brief and conducting further research, drafting the reply brief, preparing for argument, presenting oral argument to the Court of Appeals, drafting a petition for rehearing *en banc*, conducting further research for a petition for writ of *certiorari* to the Supreme Court of the United States and drafting that document, and drafting a reply to the Government's opposition to *certiorari*.

After Mr. Fields' conviction and sentence became final on direct appeal, this Court appointed Mr. Owen, along with attorney Jeffrey E. Ellis, a member of the State Bar of Texas and of the Bar of the Western District of Texas, to represent Mr. Fields in seeking relief from judgment by filing a motion under 28 U.S.C. § 2255. Along with Mr. Owen and Mr. Ellis, Mr. Fields is also represented in connection with his 2255 Motion by attorneys from the firm of Cadwalader, Wickersham, & Taft, L.L.P. ("Cadwalader"), appearing *pro bono*.

After a full review of the trial and appellate record supported by appropriate legal research, it was determined that Mr. Fields should allege a claim of ineffective assistance of counsel on appeal, asserting that Mr. Owen performed deficiently in discharging his professional duties as appellate counsel and that Mr. Fields was prejudiced by Mr. Owen's errors and omissions. That claim was included in the pleading filed January 14, 2009. *See id.,* Claim 37 (alleging that "appellate counsel was ineffective in multiple respects" for failing to raise available and meritorious claims on direct appeal). This ground will also be included in the next such pleading to be filed by Mr. Fields on or before March 1, 2009.

Mr. Fields' allegation that Mr. Owen failed to provide reasonably effective assistance on direct appeal places Mr. Owen under a conflict of interest in continuing to serve as counsel in

Appointed counsel's motion for leave to withdraw
due to conflict of interest (Fields) -- 2

connection with Mr. Fields' 2255 Motion.  As courts around the Nation have recognized, counsel cannot reasonably be expected zealously to advance a claim premised on his own alleged deficient performance.  *See, e.g.*, *Garland v. State*, 657 S.E.2d 842 (Ga. 2008) ("counsel could not reasonably be expected to assert or argue his own ineffectiveness," because "[c]ounsel prosecuting an ineffective assistance claim must be free to operate independently of the attorney whose performance is in question"); *Collins v. State*, 887 S.W.2d 442, 445 (Mo. App. W.D.. 1994) ("It asks too much [of] counsel to assert his own effective assistance; there is an inescapable conflict of interest"); *Paz v. State*, 852 P.2d 1355 (Idaho 1993) (an attorney "is not in a position to analyze his own performance," creating "an inherent conflict of interest" where circumstances require counsel to allege and prove his own ineffectiveness); *Moormann v. Schriro*, 426 F.3d 1044, 1059 (9th Cir. 2005) (petitioner's post-conviction counsel had a conflict of interest in raising, during post-conviction proceedings, the issue of his own ineffectiveness as direct appellate counsel); *United States v. Del Muro*, 87 F.3d 1078 (9th Cir. 1996) (same); *State v. Molina*, 713 N.W.2d 412 (Neb. 2006) (placing "counsel in the position of having to argue his own ineffectiveness" can give rise to a conflict of interest"); *Robinson v. State*, 16 S.W.3d 808 (Tex. Crim. App. 2000) (counsel "correctly sought to withdraw as attorney of record" when he realized he would be "require[d] … to argue his own ineffectiveness," due to the distinct "potential … for a conflict of interest"); *Little v. United States,* 748 A.2d 920 (D.C., 2000) ("It would be a conflict of interest for a lawyer to appeal a ruling premised on [his] own ineffectiveness"), citing *Sullivan v. United States*, 721 A.2d 936, 937 (D.C.1998) *People v. Parker,* 680 N.E.2d 505 (Ill.App. [4th Dist.], 1997) (there is "a *per se* conflict of interest in requiring counsel … to assert his or her own ineffectiveness"); *People v. Keener*, 655 N.E.2d 294, 297 (Ill. App. [2nd Dist.], 1995) (same).

Appointed counsel's motion for leave to withdraw
due to conflict of interest (Fields) -- 3

Indeed, acting as counsel in a proceeding in which his ineffectiveness in a prior stage of the process is asserted as a ground for relief may well not simply present a practical difficulty for Mr. Owen, but may expose him to professional discipline for violating ethical requirements. *See, e.g.*, *Hood v. State*, 651 S.E.2d 88 (Ga. 2007) ("a lawyer may not ethically present a claim that he/she provided a client with ineffective assistance of counsel"). The Indiana Supreme Court, in fact, has specifically upheld a six-month suspension imposed on an attorney who had asserted his own ineffectiveness. *See In the Matter of Sexson*, 666 N.E.2d 402 (Ind. 1996). In *Sexson*, the Indiana Supreme Court found *inter alia* that the attorney's conduct violated Indiana Professional Conduct Rule 1.7(b), which at the relevant time provided that a lawyer "shall not represent a client if the representation may be materially limited by the lawyer's responsibility to another client or to a third person, or by the lawyer's own interests." *Sexson*, 666 N.E.2d at 404 n.4. Rule 1.06 of the Texas Disciplinary Rules of Professional Conduct imposes a substantially similar prohibition on Mr. Owen, and the commentary to that Rule specifically warns that where "the probity of a lawyer's own conduct … is in question," the lawyer should be aware of the strong potential for an impermissible conflict in continuing to represent the client.

Mr. Fields' claim of ineffective assistance of appellate counsel against Mr. Owen places Mr. Owen in the impossible position of needing to advocate his own ineffectiveness. Courts unanimously recognize that such a situation presents a conflict of interest that makes withdrawal as counsel appropriate. Moreover, if this Court does not grant Mr. Owen leave to withdraw, it may force him to implicate himself in a violation of the Texas Disciplinary Rules of Professional Conduct that may provoke a formal sanction from the State Bar of Texas. For all these reasons, undersigned counsel Robert C. Owen respectfully prays that the Court grant him leave to withdraw as post-conviction counsel for Mr. Fields.

DATED this 1st day of March, 2009.

Respectfully Submitted:

/s/ Robert C. Owen
Robert C. Owen
Texas Bar No. 15371950
Capital Punishment Center, School of Law
The University of Texas at Austin
727 East Dean Keeton Street
Austin, Texas 78705-3224
(512) 232-9391
(512) 232-9171 (fax)
Email: rowen@law.utexas.edu

Jeffrey E. Ellis
*Attorney at Law*
Law Offices of Ellis,
Holmes & Witchley, P.L.L.C.
705 Second Ave., Suite 401
Seattle, WA 98104
(206) 262-0300
(206) 262-0335 (fax)
Email:  ellis_jeff@hotmail.com

Appointed counsel's motion for leave to withdraw
due to conflict of interest (Fields) -- 5

## CERTIFICATE OF SERVICE

I, Jeffrey E. Ellis, hereby certify that on March 1, 2009, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system, which will send

notification of such filing to the following attorneys of record in the above-entitled

case:

**Gregory S. Gloff**
Assistant United States Attorney
800 Franklin
Suite 280
Waco, TX 76701
Email: Greg.Gloff@usdoj.gov

/s/ Jeffrey E. Ellis
Jeffrey E. Ellis
*Attorney at Law*

Appointed counsel's motion for leave to withdraw
due to conflict of interest (Fields) -- 6