# EXHIBIT 4

COPY

1

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| UNITED STATES OF AMERICA | * | May 9, 2002 |
| | * | |
| VS. | * | CRIMINAL ACTION NOS. |
| | * | |
| DENNIS KEITH PADGETT (1) | * | W-02-CR-44 |
| JOHN ODEL CULVERHOUSE (1) | * | W-02-CR-22 |
| SHERMAN LAMONT FIELDS (1) | * | W-01-CR-114 |
| ROYCE COGBURN (1) | * | W-02-CR-4 |

BEFORE THE HONORABLE WALTER S. SMITH, JR., JUDGE PRESIDING
SENTENCING PROCEEDINGS

APPEARANCES:

For the Government:            Greg Gloff, Esq.
                              Douglas Gardner, Esq.
                              Assistant United States Attorneys
                              PO Box 828
                              Waco, Texas   76701

For Defendant Padgett:        Rodney S. Goble, Esq.
                              PO Box 266
                              Waco, TX   76703

For Defendant Culverhouse:    J. Marlin Blackledge, Esq.
                              506 Franklin
                              Waco, Texas   76701

For Defendant Fields:         J. Scott Peterson, Esq.
                              1701 Austin Avenue
                              Waco, Texas   76701

For the Defendant:            Ronald H. Moody, Esq.
                              204 North 6th Street
                              Waco, Texas   76701

Court Reporter:               Kristie M. Davis, CSR, RPR, CRR
                              United States District Court
                              PO Box 20994
                              Waco, Texas   76702-0994

        Proceedings recorded by mechanical stenography,
transcript produced by computer-aided transcription.

AUG 16 2002

38

DEFENDANT PADGETT:  Yes, sir.

THE COURT:  Do you, Mr. Culverhouse?

DEFENDANT CULVERHOUSE:  Yes, sir.

THE COURT:  And you, Mr. Fields?

DEFENDANT FIELDS:  Yes, sir.

THE COURT:  And you, Mr. Cogburn?

DEFENDANT COGBURN:  Yes, sir.

THE COURT:  At a trial and at every stage of the proceedings against you, you have the right to be represented by an attorney.  If you can't afford to pay an attorney to represent you through a trial, then one would be appointed to represent you at no cost to you.

During a trial, you would be presumed to be innocent. The government would have the obligation of proving your guilt, using competent evidence, and beyond a reasonable doubt before you could be found guilty.  You would never have to prove that you're innocent.

Also during a trial the witnesses for the government would have to come into court and testify in your presence. Your attorney would have the right to cross-examine those witnesses, to object to their evidence, and to offer evidence on your behalf.  You would have the right to testify yourself if you wished, but you couldn't be forced to, and if you elected not to testify, the fact that you did not couldn't be used against you as any suggestion or inference of your guilt.

39

Do you understand those rights that you would have if you elected to go to trial, Mr. Padgett?

DEFENDANT PADGETT:  Yes, sir.

THE COURT:  Do you, Mr. Culverhouse?

DEFENDANT CULVERHOUSE:  Yes, sir.

THE COURT:  Do you, Mr. Fields?

DEFENDANT FIELDS:  Yes, sir.

THE COURT:  And do you, Mr. Cogburn?

DEFENDANT COGBURN:  Yes, sir.

THE COURT:  If you continue in your guilty plea and I accept your guilty plea, then you will waive your right to a trial and all those other rights I just discussed.  There will be no further trial, and I will enter a judgment of guilty and sentence you on the basis of your guilty plea, after considering a presentence report.

Do you understand that, Mr. Padgett?

DEFENDANT PADGETT:  Yes, sir.

THE COURT:  Do you, Mr. Culverhouse?

DEFENDANT CULVERHOUSE:  Yes, sir.

THE COURT:  Mr. Fields, do you?

DEFENDANT FIELDS:  Yes, sir.

THE COURT:  Mr. Cogburn, do you?

DEFENDANT COGBURN:  Yes, sir.

THE COURT:  Having discussed these rights with you, do you still want to plead guilty?

40

Mr. Padgett?

DEFENDANT PADGETT: Yes, sir.

THE COURT: Do you, Mr. Culverhouse?

DEFENDANT CULVERHOUSE: Yes, sir.

THE COURT: Mr. Fields, do you?

DEFENDANT FIELDS: Yes, sir.

THE COURT: Mr. Cogburn, do you?

DEFENDANT COGBURN: Yes, sir.

THE COURT: Are you pleading guilty because you are guilty and for no other reason?

Mr. Padgett?

DEFENDANT PADGETT: Yes, sir.

THE COURT: Mr. Culverhouse?

DEFENDANT CULVERHOUSE: Yes, sir.

THE COURT: Mr. Fields?

DEFENDANT FIELDS: Yes, sir.

THE COURT: Mr. Cogburn?

DEFENDANT COGBURN: Yes, sir.

THE COURT: Are you pleading guilty freely and voluntarily?

Mr. Padgett?

DEFENDANT PADGETT: Yes, sir.

THE COURT: Mr. Culverhouse?

DEFENDANT CULVERHOUSE: Yes, sir.

THE COURT: Mr. Fields?

44

guilty plea at this point?

Mr. Padgett?

DEFENDANT PADGETT:  No, sir.

THE COURT:  Mr. Culverhouse?

DEFENDANT CULVERHOUSE:  No, sir.

THE COURT:  Mr. Fields?

DEFENDANT FIELDS:  No, sir.

THE COURT:  Mr. Cogburn?

DEFENDANT COGBURN:  No, sir.

THE COURT:  Then as to each of you the Court finds that your plea is freely and voluntarily made, that each of you fully understands the charge sand penalties, that each of you understand your constitutional and statutory rights and desire to waive them, that each of you is competent to stand trial, and that there is a factual basis for each plea.

These cases will now be referred to the probation office to prepare presentence reports.  Copies of those reports will be available to each of you and to your attorney to review prior to sentencing.  If you have objections to the report, they should be filed with the probation office not more than ten days after you receive your copy of the report.

Sentencing in these cases will be set for Tuesday, June the 25th at 1:00 p.m.

Anything further in any one of these cases?

MR. GLOFF:  Nothing further from the government.