## Affidavit of Jane Bye

I, Jane Bye, state as follows:

1.    I am over 18 and am competent to make this affidavit.

2.    I am the mitigation specialist who worked with the trial team on behalf of Sherman Fields.

3.    I have the following training and experience as a mitigation specialist:  I have a Master's degree in Social Work (MSW) from Rutgers University, 1981. At the time of Mr. Fields' trial, I had over 20 years' experience in the social work field, primarily with people with developmental disabilities, health issues, and mental retardation.  I had also worked in juvenile probation early in my career.  I completed mitigation training through a Texas Criminal Defense Lawyers Association conference, through a National Association of Social Workers Texas Chapter seminar in cooperation with the Texas Defender Service, and through self directed reading and study.  Prior to working with Mr. Fields' defense team, I had assisted with three Texas cases, all of which were finalized through plea agreements and did not go to trial.  Mr. Fields' was my first case that actually went to trial.

4.    My duties on this case included investigating Mr. Fields' social and mental health history, consulting with the attorneys, the investigator, and other members of the defense team.  I also met with Mr. Fields on several occasions.

5.    In the course of my work, I learned that Mr. Fields had experienced a great deal of trauma in his life.  Mr. Fields had witnessed a great deal of violence and had lost friends and family members in a violent manner.  He had attempted suicide more than once.  And, just as importantly, Mr. Fields' mental health treatment was limited or non-existent in the various facilities where he was detained.

6.    From my review of Mr. Fields' life history and my contact with Mr. Fields, I noticed he fluctuates between periods of depression, with periods of great activity.  In addition, he often presents as grandiose.

7.    Thus, I thought it was important to learn more about Mr. Fields' psychological makeup.

8.    As we prepared for trial it was my opinion that a complete and thorough understanding of Mr. Fields' mental health was critical.

9. The attorneys, Robert Swanton and Scott Peterson, retained Dr. Randy Price to focus on Mr. Fields' level of intelligence (IQ) and his ability to adapt to a prison environment.

10. Although I recognized the value of Dr. Price's opinion, I also felt that Mr. Fields' mental health issues constituted the most compelling mitigation in his case. To the best of my knowledge, additional mental health experts were not retained to address these issues.

11. For example, I thought it was important to evaluate the influence of Mr. Fields' history of trauma on his life and to determine whether Mr. Fields suffers from any mental illnesses.

12. I was also aware of several prior evaluations and diagnoses of Mr. Fields which I thought were suspect and which made Mr. Fields look dangerous, which I thought needed to be carefully reviewed. I understood that the Government had copies of these evaluations. Thus, I expected that these evaluations would be introduced at trial.

13. I feel that I should have advocated to the attorneys for a full mental health evaluation by an additional expert or experts who could have testified to Mr. Fields' experiences and how these affected him.

14. In addition, I do not recall any conversations about the subject of retaining an expert to conduct an actuarial risk prediction.

15. I do not recall any conversations about the subject of retaining an expert to conduct neuropsychological testing.

16. Other than the court appointed psychiatrist, we did not have anyone evaluate Mr. Fields on the issue of whether he was competent to represent himself.

17. I am not faulting the attorneys because I think they did what they felt was best, but I wish I had been more confident to push them to look at some other options or to get some advice from experienced capital defense attorneys about what else could be done. As it was, I think we did not do everything we could to defend Mr. Fields' life.

I declare under the penalty of perjury that the above is true and correct.

1/11/09 Mariposa, CA
Date and Place

Jane Bye