**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　Plaintiff/Respondent,<br><br>　　v.<br><br><br>SHERMAN L. FIELDS,<br>　　　　　　　　Defendant/Movant. | NO.　W-01-CR-164<br><br>MOTION FOR LEAVE TO COMPEL<br>PRODUCTION OF PHYSICAL/<br>BIOLOGICAL EVIDENCE<br>FOR DEFENSE EXAMINATION<br>AND POSSIBLE DNA TESTING |

**MOTION**

In recent years, the potential for DNA to both identify and exonerate has led to an increasing number of avenues permitting post-conviction DNA testing. There are now legions of cases where DNA testing has solved crimes, even after conviction—thereby demonstrating the unreliability of the witnesses' testimony in those cases. *See* http://www.ojp.usdoj.gov/nij/journals/262/postconviction.htm. Postconviction DNA testing had been used to exonerate 225 people in the United States—people whose guilt was believed to have been firmly established. Justice is the goal of all Americans, and DNA analysis of evidence is a vital tool in our ongoing search for the truth.

Sherman Fields, a federal prisoner under a death sentence who has

1

previously filed a 2255 motion and who has consistently insisted that he is innocent, now moves this Court for an order compelling the Government to produce all of the physical evidence seized from the crime scene so that a forensic scientist retained by Mr. Fields can examine that evidence for the presence of any biological or other foreign material. If such material is located, then Mr. Fields seeks to test using DNA (or other relevant analysis) to attempt to identify the "donor" of such material.

Mr. Fields has repeatedly sought an agreement from the Government on this matter. The Government has repeatedly refused, although the Government has never deigned to explain why.

Mr. Fields makes this motion as a discovery request pursuant to Habeas Rule 6 (a). He also brings the motion pursuant to the *Justice for All Act of 2004*. Mr. Fields is willing to engage in discussions with the Government to reach an agreement about the applicable scientific protocols for the examination and testing of this evidence. If the Government remains unwilling, Mr. Fields sets forth what he believes are appropriate protocols that will preserve the integrity of these items, now under the exclusive control of the Government and its agents.

**FACTS**

The relevant facts are largely set forth in Mr. Fields' amended petition, which Fields summarizes herein.

Suncerey Coleman was shot and killed.  Her body, and accompanying clothing, was found in a rural area.  That evidence was seized.  The items were later examined for the presence of biological or other material that might be useful in identifying Ms. Coleman's killer.  *See e.g.,* TT 1503-1518.  None of the forensic evidence implicated Mr. Fields, who has steadfastly maintained his innocence throughout these proceedings.  Ultimately, the Government's forensic scientists did not discover any evidence on either Ms. Coleman's body or her clothing that was tested for DNA.  At trial, defense counsel did not seek to independently examine the evidence.

As a result, most of the evidence against Mr. Fields came from informants, who Fields has always maintained gave untruthful testimony.  Mr. Fields has verified a § 2255 motion which makes an actual innocence claim, as well as other claims directed at the unreliability and falsity of the evidence against him.

From a review of documents provided in discovery, it appears that at least three forensic labs examined items that were seized related to this case:  Texas Department of Public Safety; Southwestern Institute of Forensic Sciences at Dallas; and Orchid Cellmark.

Mr. Fields seeks access to all of the evidence related to the recovery of Ms. Coleman's body.  He seeks this evidence so that his retained expert can carefully examine it for the presence of any biological or other "foreign" material.  Obviously, Mr. Fields seeks these items to determine whether they contain any material that could prove relevant to identifying Ms. Coleman's killer.  If the defense expert discovers such material, Mr. Fields seeks an order permitting his expert to examine or test that material.  If Mr. Fields' expert discovers a small amount of biological material that would be wholly consumed in testing, Mr. Fields will seek an agreement or court order before proceeding any further.

**ARGUMENT**

*Introduction*

Mr. Fields, who is under a sentence of death, seeks access to all of the physical evidence seized in connection with the recovery of Ms. Coleman's body so that it can be examined by a defense-retained expert.  Mr. Fields contends that he is entitled to examine the evidence both by virtue of the habeas discovery rules and also pursuant to the *Justice for All Act of 2004*.

Considered under either provision of law, it is clear that Mr. Fields presents a sufficiently compelling case in support of this motion.  Conversely, Mr. Fields can think of no reason, much less a compelling one, why the Government would oppose such an examination and possible eventual testing.

Indeed, as long as the integrity of the evidence can be assured during the defense examination (something that Mr. Fields is willing to guarantee), the Government should join in this motion.

*Habeas Discovery*

Rule 6(a) of the Rules Governing 28 U.S.C. § 2255 cases in the United States District Courts expressly allows district courts to authorize discovery in furtherance of a habeas petition: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."[1]

Although Habeas Rule 6 expressly grants courts the power to authorize discovery, a habeas petitioner is not always entitled to the broad discovery granted for other civil actions by the Federal Rules of Civil Procedure. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."). However, under certain circumstances, "a district court . . . may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'" *Harris v. Nelson*, 394 U.S. 286, 290 (1969), *quoting* 28 U.S.C. § 2243.

---

[1] *See also* Habeas Rule 12 ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

Thus, district courts exercise discretion in determining when to allow discovery in support of 28 U.S.C. § 2255 petitions and the scope of such discovery.[2]

District courts are required to "provide the necessary facilities and procedures for an adequate inquiry," when a petitioner has put forth "*specific allegations* . . . [that] show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-09 (emphasis added). Habeas Rule 6 comports with the Supreme Court's ruling and requires that habeas petitioners seeking discovery "provide reasons for the request." Accordingly, Habeas Rule 6 does not permit unrestricted discovery; the motion must set forth and support specific factual allegations. *See Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994) ("Conclusionary allegations are not enough to warrant discovery under Rule 6 . . . the petitioner must set forth specific allegations of fact. Rule 6 . . . does not authorize fishing expeditions."). If a petitioner's allegations create reason to believe that the petitioner may be entitled to relief "it is the *duty* of the courts to provide the necessary facilities and procedures for an adequate inquiry." *Murphy v. Johnson*, 205 F.3d 809, 813-14

---

[2] *See Lave v. Dretke*, 416 F.3d 372, 380 (5th Cir. 2005) (Discovery is available to habeas petitioners to the extent that "the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.") (citation omitted). The permissible breadth of discovery is a matter for the court to decide. *See* The All Writs Act, 28 U.S.C. 1651 (1948) (providing federal courts with the authority to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."); *Harris*, 394 U.S. at 299-300 (1969) (holding that the All Writs Act allows courts to issue orders to assist them in conducting factual inquiries, including those required in habeas petitions).

(5th Cir. 2000), citing *Gibbs v. Johnson*, 154 F.3d 253, 258 (5th Cir. 1998) (emphasis added).

When evaluating a discovery request in a capital case, it is important to keep in mind that the Supreme Court has long recognized that the death penalty is "qualitatively different from any other sentence." *Lockett v. Ohio*, 438 U.S. 586, 604 (1978) (quotation and citation omitted). As a result, the court has required that the facts supporting a penalty of death have a "greater degree of reliability" than when other penalties are imposed. *Id.* Courts have applied this principle to the discovery process, including discovery for habeas petitions. *See e.g. Payne v. Bell*, 89 F.Supp.2d 967, 971 (W.D. Tenn. 2000) ("[M]ore liberal discovery is appropriate in capital cases where the stakes for petitioner are so high."). Indeed, federal courts have been quite willing to order DNA testing to supplement independent constitutional claims. *See, e.g., Toney v. Gammon*, 79 F.3d 693, 700 (8th Cir. 1996); *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997).

In addition, there is an overwhelming national consensus that expanding the application of forensic DNA technology generally contributes to the public interest by promoting public confidence in, and support for, the criminal justice system. *See, e.g.*, Justice for All Act of 2004: Hearing on the Importance of the Bloodsworth Program Before the U.S. S. Comm. on the Judiciary, 111th Cong. (2009) (testimony of Professor Keith A. Findley, President, Innocence Network

(quoting a Minnesota prosecutor's comment that systematic application of forensic DNA testing to "convictions that were obtained before DNA testing was widespread" will "serve important interests in promoting public confidence in the criminal justice system and seeing that justice is done," as "[n]obody is served by a wrongful conviction")).

In this case, access to the physical evidence is relevant to Mr. Fields' actual innocence (Claims 15, 16, and 17) and *Brady* claims (Claim 18). The potential value of this evidence is obvious. The Government examined the evidence at issue in this motion to determine whether it contained scientific proof of Ms. Coleman's killer. Mr. Fields now seeks access to the evidence for the same purpose. Mr. Fields should not be forced to accept the conclusion of the Government agents that the evidence does not exist. Instead, he should be given the opportunity to examine the evidence by his own expert. This is hardly a novel request. It should also not be a controversial one.

This Court should order the requested discovery.

*Justice for All Act of 2004*

Alternatively, the *Justice for All Act of 2004* (18 U.S.C. § 3600) provides a separate basis for Mr. Fields' request. It provides in pertinent part:

> Upon a written motion by an individual under a sentence of imprisonment or death pursuant to a conviction for a Federal offense (referred to in this section as the 'applicant'), the court that entered the judgment of conviction shall order DNA testing of specific evidence if the court finds that all of the

following apply:

(1) The applicant asserts, under penalty of perjury, that the applicant is actually innocent of

(A) the Federal offense for which the applicant is under a sentence of imprisonment or death;

****

(2) The specific evidence to be tested was secured in relation to the investigation or prosecution of the Federal or State offense referenced in the applicant's assertion under paragraph (1).

(3) The specific evidence to be tested

(A) was not previously subjected to DNA testing and the applicant did not

(i) knowingly and voluntarily waive the right to request DNA testing of that evidence in a court proceeding after the date of enactment of the Innocence Protection Act of 2004; or

(ii) knowingly fail to request DNA testing of that evidence in a prior motion for postconviction DNA testing; or

(B) was previously subjected to DNA testing and the applicant is requesting DNA testing using a new method or technology that is substantially more probative than the prior DNA testing.

(4) The specific evidence to be tested is in the possession of the Government and has been subject to a chain of custody and retained under conditions sufficient to ensure that such evidence has not been substituted, contaminated, tampered with, replaced, or altered in any respect material to the proposed DNA testing.

(5) The proposed DNA testing is reasonable in scope, uses scientifically sound methods, and is consistent with accepted forensic practices.

(6) The applicant identifies a theory of defense that

(A) is not inconsistent with an affirmative defense presented at trial; and

(B) would establish the actual innocence of the applicant of the Federal or State offense referenced in the applicant's assertion under paragraph (1).

(7) If the applicant was convicted following a trial, the identity of the perpetrator was at issue in the trial.

(8) The proposed DNA testing of the specific evidence may produce new material evidence that would

(A) support the theory of defense referenced in paragraph (6); and

(B) raise a reasonable probability that the applicant did not commit the offense.

(9) The applicant certifies that the applicant will provide a DNA sample for purposes of comparison.

(10) The motion is made in a timely fashion.

Mr. Fields, who has verified the facts in his petition and who certifies he will provide a DNA sample if DNA testing can be conducted, obviously satisfies all of the statutorily-listed criteria. If the Government contends otherwise, Mr. Fields reserves the right to reply. To be clear, Mr. Fields contends that this Court can and should permit access to and the testing of this evidence simply as a matter of discovery pursuant to the Habeas Rules.

*Procedures*

If this Court grants Mr. Fields' motion, he recommends an informal conference with counsel before evidence is tested to discuss issues. Specifically,

there are several points about which the Court should consult with the parties in devising a plan for the testing of DNA evidence, including:

• The method of preserving evidence for chain-of-custody purposes during the testing process.

• The type of DNA analysis to be utilized, if biological material is discovered.

• The laboratory that will perform the testing. It might be necessary for the court to enter an order to release evidence to a laboratory for testing. Prior to any release, both sides should be notified and given an opportunity to be heard.

• Determination of the estimated cost of the testing and who will pay for it. To be clear, Mr. Fields is willing to pay for the cost of testing.

• Determination of the amount of sample available for testing and replicate testing. If the entire amount of sample will necessarily be consumed, arrangements can be made for a prosecution expert to observe the testing procedures, either by counsel or upon order of the court. Alternatively, both parties may be able to agree on a testing facility so as to diminish the concern about whether all of the forensic evidence is consumed for testing; both parties could rely on the results of a single analysis.

## CONCLUSION

Based on the above, this Court should enter an order that permits Mr. Fields to examine and possibly test the evidence seized in this case.

DATED this 11th day of August, 2010.

/s/ Jeffrey Ellis
Jeffrey Ellis
*Attorney for Mr. Fields*
Oregon Capital Resource Ctr.
621 SW Morrison St., Ste 1025
Portland, OR 97205

11

## CERTIFICATE OF SERVICE

I, Jeffrey E. Ellis, hereby certify that on August 11, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record in the above-entitled case:

**Gregory S. Gloff**
Assistant United States Attorney
800 Franklin
Suite 280
Waco, TX 76701
Email: Greg.Gloff@usdoj.gov

/s/ Jeffrey E. Ellis
Jeffrey E. Ellis
*Attorney at Law*