# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            Plaintiff/Respondent,<br>    v.<br><br>SHERMAN L. FIELDS,<br>            Defendant/Movant. | NO.   W-01-CR-164<br><br>PETITIONER'S FIRST MOTION FOR DISCOVERY |

## MOTION

Sherman Fields, a federal prisoner under a death sentence who has previously filed a 2255 motion, now moves this Court to compel discovery.

## ARGUMENT

Rule 6(a) of the Rules Governing Section 2255 Cases permits a district court to grant discovery once a petitioner makes a "good cause" showing that information he intends to seek under the federal rule could support his claims for relief. Although Mr. Fields believes he has made the requisite *prima facie* showing, a petitioner does not have to demonstrate a *prima facie* case for relief in order to establish good cause.

As the Supreme Court has indicated, discovery is precisely what is needed in many instances to make the *prima facie* case petitioners are entitled to develop once they

1

present well-pleaded claims based on specific allegations. *See Bracy v. Gramley*, 520 U.S. 899, 905 (1997).

In *Bracy*, the United States Supreme Court unanimously reversed the lower courts' denial of discovery, even though the Court found Bracy's argument that discovery would support his theory for relief was admittedly "speculative" and "only a theory at this point." *Id.* at 905, 908. "[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is… entitled to relief, it is the duty of the courts to provide the necessary facilities and procedure for an adequate inquiry." *Murphy v. Johnson*, 205 F.3d 809, 813-14 (5th Cir. 2000) (internal citation and punctuation omitted). *See also Calderon v. United States Dist. Ct.* 144 F.3d 618, 622 (9th Cir. 1998) (Rule 6(a)'s 'good cause' standard satisfied by showing that requested discovery would bolster constitutional claim and that claim is not "purely speculative or without any basis in the record"); *United States ex rel. Maxwell v. Gilmore*, 37 F. Supp.2d 1078, 1095 (N.D. Ill. 1999) (discovery warranted where petitioner did "not rely on bare unfocused allegations").

Mr. Fields has met the requirements of Habeas Rule 6(a) and is entitled to discovery as set forth below.

Claims 1-3: Competency Evaluation and Hearing.

In these claims, Mr. Fields asserts that the cursory competency evaluation and hearing were constitutionally inadequate and that Fields was incompetent to waive his right to counsel. Mr. Fields seeks discovery of:

● any information in the possession of the Government or its agents supporting or tending to support these claims;

● any notes of conversations, memorandum or correspondence with Dr. Mark;

● a list of the all prior cases where the Government has retained Dr. Mark as an expert witness and any written evaluations prepared by Dr. Mark in those cases;

● a list of all cases where Dr. Mark has testified as an expert witness in the Western District of Texas (Waco);

● any and all information in the Government's possession both at the time of the competency evaluation and hearing and now which is relevant to Mr. Fields' competence to waive his right to counsel and to represent himself.

Claims 4-6, 10: Bench and Chambers Conferences Conducted Without Fields

Mr. Fields asserts that bench and chambers conferences were conducted in his absence during the time when he represented himself.  He seeks discovery of:

● any notes of any bench and/or chambers conferences;

● a deposition of the trial prosecutors regarding the conduct and substance of all bench and chambers conferences.

Claim 12: Fields Required to Preview Trial Strategy

Mr. Fields' right to due process was violated when he was required to preview his witness examinations.  Mr. Fields seeks discovery of:

● a list of any cases where any prosecutor in the Waco Division has received the proposed defense examination of a witness prior to conducting that examination;

● any notes or memorandum taken after receiving Mr. Fields' proposed witness examination;

● a deposition of the trial prosecutors regarding the various tactical advantages obtained as a result of forcing Mr. Fields' to reveal his trial and witness strategies.

<u>Claim 15: Actual Innocence</u>

Mr. Fields is innocent of the crime of murder.  He seeks the following discovery:

● any and all evidence supporting or tending to support this claim;

● any documents generated by the Government or any federal or local law enforcement agency discussing or referencing other suspects in the murder of Ms. Coleman;

*Informant Witnesses*

● unredacted copies of any documents, books, data, records, tangible objects etc. that pertain to Mr. Outley, Ms. Scroggins, or others of the informants.

● any and all records, including electronic and handwritten notes and correspondence, in the possession of the Federal Bureau of Investigation, the United States Department of Justice, any United States Attorney's Office, and any other federal or state agency concerning:

(1) the prior history of any of the Government's witnesses as a government informant;

(2) a NCIC report and the prior history of criminal activity by any Government witness;

(3) any and all benefits received from the government in exchange for any and all witness cooperation with law enforcement and/or prosecutors, including any documents reflecting any and all money paid to any witness;

(4) any records discussing, reflecting, or shedding light on the credibility, bias, or reliability of the Government informant witnesses;

(5) any statements or testimony given by the Government's informant witnesses in other criminal investigations or prosecutions;

(6)Any and all letters or other correspondence and/or notes reflecting conversations (pre and post trial) with the informant witnesses by any prosecutors or their agents;

(7) any correspondence (letters, emails or other means of communication) relating to any of the informant witnesses communicated to any state and/or

4

local courts, prosecutors, police, probation or parole officers, parole boards or other law enforcement officials, agencies or bodies;

(8) the case names, docket number and agencies involved, and any documents concerning the prisoner witnesses and other criminal matters in which they have cooperated with any federal, state, or local authorities;

(9) Any transcript, tape recordings or notes taken by the Government or its agents of any preparation or proffer sessions with the prisoner witnesses;

(10) All documents relating to any promises or understandings or agreements formal or informal between the prosecution, its agents, and representatives and the prisoner witnesses including counsel for such persons;

(11) All Jencks Act (18 U.S.C. § 3500) material for the prisoner witnesses, not previously disclosed to trial counsel, including but not limited to any proffer agreements, proffer letters, grand jury testimony and plea agreements;

(12) pursuant to Fed. R. Civ. P. 26(b) and 30, the depositions upon oral examination of all of the Government's informant witnesses concerning the nature of their cooperation, when prosecutors became aware of it, and the nature of any agreements to provide information.

*Scientific Evidence*

● Any and all notes, reports, correspondence, findings, opinions or conclusions relating to any biological material inspected or subjected to forensic testing including, but not limited to, any item seized in connection with the recovery of the victim's body.

Claims 18-19: Exculpatory Evidence Regarding Witness Outley

Mr. Outley signed a declaration at odds with his testimony and the Government's representations regarding granting immunity to Outley.  As a result, Fields seeks:

● any and all documents or communications (written or recorded) touching on any promises or inducements made to or requested by Mr. Outley;

● a deposition of the trial prosecutors and any law enforcement officers involved in discussions with Mr. Outley concerning his testimony in this case.

Claim 20: Witness DeLeon's Government Agent Status

Mr. Fields claims that Government Informant DeLeon was acting as an agent of the Government when he supposedly interrogated Mr. Fields.  Fields now seeks:

● all documents, notes, memorandum, and recordings relating to DeLeon's history as an informant, including any and all file materials containing any agreements with DeLeon to provide testimony in any case, any written or proposed contracts, any financial statements reflecting money paid; and the names of any law enforcement officers who have made agreements with DeLeon to provide testimony;

● all documents, notes, recordings, and summaries of any meeting by any prosecutor or government agent with DeLeon concerning either the agreement(s) with DeLeon to testify against Fields and the substance of that testimony;

● the results of any polygraph tests administered to DeLeon;

● any letters written to courts, prisons, probation department or other corrections agencies on behalf of Mr. DeLeon by any prosecutor or law enforcement officer involved in this case;

● depositions of the trial prosecutors and any law enforcement personnel who had contact with DeLeon regarding his testimony in this case or any previous agreement to provide testimony.

Claim 21: Failure to Conduct a Competent Mitigation Investigation

Mr. Fields claims that his attorneys failed to conduct a competent mitigation investigation and consequently failed to discover relevant and material information.

● Mr. Fields requests that that the United States Attorney's Office, the Federal Bureau of Investigation, and the Waco Police Department search for and disclose any and all records relating Mr. Fields' history of abuse, abandonment, neglect, trauma, and psychiatric and neurologic impairments.

Claim 22: Failure to Conduct a Competent "Future Dangerousness" Investigation

Mr. Fields claims that trial counsel failed to conduct a competent investigation which would have shown Mr. Fields' minimal risk of committing future acts of violence, including defense counsel's failure to investigate and prepare for the testimony of Government witness, Dr. Richard Coons.  Mr. Fields seeks the following discovery:

● a list of all capital cases where Dr. Coons has offered an opinion regarding the defendant's future dangerousness;

● any written reports or transcripts from those cases;

● any and all information provided to Dr. Coons by the Government relevant to his evaluation and opinion of Mr. Fields;

● copies of any letters, memorandum, or notes reflecting any and all communications with Dr. Coons;

● copies of any invoices submitted by Dr. Coons for his work in this case;

● any information in the Government's possession regarding the scientific acceptance and reliability of Dr. Coons' methodology of risk prediction, including his failure to personally meet with defendants;

● a list of all professional organizations in which Dr. Coons is a member, including his current standing in those organizations and any and all complaints filed against him and the result of any investigations;

● a deposition of Dr. Coons.

Claims 30-41:  Stun Belt and Courtroom Security

Mr. Fields, who was representing himself, was forced to wear a stun belt.  The stun belt and other security measures interfered with his right to self-representation; his right to counsel; and his right to a fair trial.  He seeks discovery of:

● inspection of the stun belt(s) worn by Mr.Fields, or a stun belt of the same manufacturer and model;

● any and all records in the possession of the United States Attorney's Office, United States Marshal Service, or any other federal government agency regarding which United States Marshals or other law enforcement officers

(1) placed the stun belt(s) on Mr. Fields,

(2) removed the stun belt(s) from Mr. Fields,

(3) had control of the stun belts' operation while Mr. Fields was wearing them, and

(4) escorted or guarded Mr. Fields while he was wearing the stun belt(s);

● the use, maintenance, malfunction, and operation of the stun belt(s) worn by Mr. Fields during its/their operational life;

● the malfunction of any stun belts of the same manufacturer and model while in use by the United States Marshal Service;

● documents, reports, internal memoranda, and any notes about the conditions of the jail Fields was confined in pre-trial and during trial;

● depositions with any United States Marshal's who had contact with Fields during trial; the trial prosecutors; Judge Smith and his staff; and all jurors regarding the use of the stun belt, whether the stun belt or other security measures were visible to jurors, any other communications with jurors regarding security issues, and Mr. Fields' demeanor in court while wearing the stun belt.

Claim 42: Unconstitutionality of Federal Death Penalty Act

Mr. Fields claims that the federal death penalty is unconstitutional because it fails to adequately protect against arbitrary and disproportionate death sentences. Fields seeks discovery of:

● any memoranda, letters, notes, and summaries of any conversations about the decision to prosecute this case in federal court and/or to seek a death sentence;

● any memoranda, letters , notes and summaries of any conversations regarding whether seeking and imposing a death sentence in this case is proportionate to other death sentences sought or imposed by the federal government.

8

Other Discovery

Because the prosecution's due process obligations under *Brady v. Maryland,*373 U.S. 83 (1963), and its progeny continue in post-conviction, *Imbler v. Pachtman,* 424 U.S. 409, 427 n.25 (1976), Mr. Fields requests that the Government provide all statements, FBI reports, and information that is in any way supportive of Mr. Fields' allegations, as contained herein, in the *Amended §2255 Motion* and in the *Reply.*

## CONCLUSION

For the foregoing reasons, Mr. Fields moves this Court to grant oral argument on this motion, and after argument:

1. Order an evidentiary hearing as requested in this motion, and

2. Authorize the discovery requested in this motion to be completed at a reasonable time before an evidentiary hearing.

DATED this 23rd day of August, 2010.

/s/ Jeffrey E. Ellis
Jeffrey E. Ellis
Law Office of Alsept & Ellis
621 SW Morrison St., Ste 1025
206/218-7076 (ph)
JeffreyErwinEllis@gmail.com

Peter J. Isajiw
*Pro Hac Vice* Admission Pending
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281
Phone: 212-504-6000
Fax: 212-504-6666
Peter.Isajiw@cwt.com

## CERTIFICATE OF SERVICE

I, Jeffrey E. Ellis, hereby certify that on August 23, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record in the above-entitled case:

**Gregory S. Gloff**
Assistant United States Attorney
800 Franklin
Suite 280
Waco, TX 76701
Email: Greg.Gloff@usdoj.gov

/s/ Jeffrey E. Ellis
Jeffrey E. Ellis
Attorney at Law