IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

SHERMAN LAMONT FIELDS,

                Movant,

         *-against-*

UNITED STATES OF AMERICA,

                Respondent.

CIVIL No. W-09-CV-009

CRIMINAL No. W-01-CR-164

**\*THIS IS A CAPITAL CASE**
*Oral Argument Requested*

**MOTION FOR RECONSIDERATION OF THE DENIAL OF
MOVANT SHERMAN LAMONT FIELD'S FIRST MOTION FOR DISCOVERY
(DOCKET NO. 330)**

Law Office of Alsept & Ellis
621 SW Morrison St., Ste 1025
Portland, OR  97205
Tel:  (206) 218-7076

Cadwalader, Wickersham & Taft, LLP
One World Financial Center
New York, NY  10281
Tel:  212-504-6000
Fax:  212-504-6666

*Attorneys for Mr. Fields*

Movant Sherman Lamont Fields ("Fields"), by this timely motion, petitions the Court to reconsider its order of September 25, 2012 [Dkt. No. 334] ("Order") insofar as it denies Fields' First Motion for Discovery, dated August 23, 2010 [Dkt. No. 330] ("Discovery Motion"), and requests oral argument on the merits of this motion and the underlying First Motion for Discovery.

**<u>BACKGROUND</u>**

Fields' conviction and sentencing, and then the proceedings on his petitions for direct and collateral relief, have been fraught with errors and systemic failures, denying him a constitutionally sufficient adjudication of his claims. This present motion is yet another attempt to correct these errors and obtain the substantive and procedural justice to which he is entitled. Here, denial of Fields' right to discovery is particularly onerous because it wrongly denies Fields the opportunity to prove the claims for relief he has been diligently pursuing, setting the stage to wrongly reject those claims before they can receive a full and fair hearing.

Fields was tried in this Court, convicted of various crimes, and sentenced to death. He subsequently timely filed his First Amended Motion for a New Trial and To Vacate, Set Aside and Correct Conviction and Death Sentence, and for Relief from Judgment, Made Pursuant to 28 U.S.C. § 2255 or Rule 33 of the Federal Rules of Criminal Procedure, dated April 12, 2010 [Dkt. No. 318] ("§ 2255 Motion"), in connection with which, Fields sought various forms of discovery to support his § 2255 claims, in his separate Discovery Motion. The Government did not oppose the Discovery Motion.

Fields does not repeat each request in the Discovery Motion here, but incorporates by reference the itemized claims and corresponding discovery requests made in Fields' § 2255 Motion and Discovery Motion. Besides these itemized requests, Fields also asked that the Government produce any materials in its possession supportive of his claims under § 2255

("Exculpatory Materials") (*citing Brady v. Maryland*, 373 U.S. 83 (1963)).

By the September 25, 2012 Order, this Court denied the Discovery Motion in its entirety. Fields now seeks that this Court reconsider that denial and grant the Discovery Motion, for the reasons set forth below.

**ARGUMENT**

**I. FIELDS IS ENTITLED TO THE ITEMIZED DISCOVERY SOUGHT, BECAUSE HIS REQUESTS WERE SPECIFICALLY DIRECTED AT SUPPORTING HIS SPECIFIC FACTUAL ALLEGATIONS UNDER § 2255**

The Court rightly observed in its Order that under *Bracy v. Gramley*, 520 U.S. 899 (1997), Fields is entitled to discovery in the context of § 2255 if there is "'reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Id.* at 908-09 (*quoting Harris v. Nelson*, 394 U.S. 286, 300 (1969)); *accord Reed v. Quarterman*, 504 F.3d 465, 471-74 (5th Cir. 2007) (granting COA on the claim that the district court abused its discretion in denying discovery under *Bracy*); *see Goodwin v. Johnson*, 132 F.3d 162, 178 (5th Cir. 1997) (finding reversible error in denying discovery and evidentiary hearing); *Perillo v. Johnson*, 79 F.3d 441, 444-45 (5th Cir. 1996) (same); *see also Brown v. Johnson*, 224 F.3d 461, 466-467 (5th Cir. 2000) (reversing and remanding for evidentiary hearing because petitioner's "'alleged facts, if true, would entitle petitioner to relief'") (citation omitted). The Court proceeded to deny Fields' Discovery Motion after first observing that Fields was "not entitled to § 2255 relief with respect to any of his claims." Order at 15. This approach, however, is procedurally backwards: the purpose of discovery is to allow Fields to develop his claims in order to *then* demonstrate that he is entitled to relief under § 2255. To deny Fields' claims under § 2255 and thereby conclude that no discovery was ever warranted because those claims were denied abrogates the "'duty of the court to provide the necessary facilities and procedure for an adequate inquiry.'" *Bracy*, 520 U.S. at 909 (*quoting Harris*, 394

U.S. at 300); *see Brown*, 224 F.3d at 467.

The Court further asserted that "many of Fields' discovery requests constitute nothing more than a fishing expedition based on conclusory and speculative allegations" and that Fields did not show that "any of his discovery requests will yield evidence to support any of his grounds for relief." Order at 15. Fields respectfully submits that the Court has misread the pleadings. Fields' § 2255 Motion described in detail the "specific allegations" on which Fields sought relief, and each request in the Discovery Motion identified which of these factual disputes the specific evidence he sought would substantiate. *Reed*, 504 F.3d at 473 (*citing Bracy*, 520 U.S. at 908-09).[1] Fields requested not a "wide-ranging fishing expedition," but rather carefully circumscribed pieces of evidence addressing his precise factual claims. *Perillo*, 79 F.3d at 444-45 (distinguishing between "fishing expeditions" and discovery "limited to the factual dispute," finding the district court in error, and granting petitioner an evidentiary hearing). Fields has made "at least a *prima facie* showing of what specifically he intends to prove." *United States v. Webster*, 392 F.3d 787, 802 n.31 (5th Cir. 2004) (*quoting & comparing Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997) *with Perillo*, 79 F.3d at 444).

Moreover, the Court did not dismiss the § 2255 Motion summarily under Rule 4(b), but rather denied Fields' § 2255 claims on their merits. In doing so, the Court resolved factual disputes against Fields, or relied upon the absence of evidence. Yet these factual disputes, and missing evidence, were often the very facts and evidence that Fields had requested

---

[1]   *Thompson v. Quarterman*, 292 Fed. Appx. 277 (5th Cir. 2008) (*per curiam*) (Unpublished), provides a useful example of what is reasonably considered *not* to be specific discovery requests going to a factual dispute. There, the petitioner sought "(1) Letters predating the filing of the petition in district court; (2) Documents; (3) Exhibits; (4) Answers under oath; [and] (5) Written Interrogatories propounded/approved by the judge (if so directed)," and identified no specific documents or information missing from the record. *Id.* at 285-86. In contrast, Fields' filed extensive briefs detailing the information missing from the record, or reasonably disputed by Fields based on the record, along with detailed requests for specific documents and depositions, far exceeding the requisite specificity standard.

in the Discovery Motion.[2]   Because the Court relied upon these disputed or missing facts in

deciding Fields' § 2255 claims, Fields was correct that discovery as to these facts "'may, if the

facts are fully developed, be able to demonstrate that he is entitled to relief.'"  *Bracy*, 520 U.S. at

908-09 (citation omitted); *Reed*, 504 F.3d at 471-72.   The Court's Order verifies vividly that

there was "good cause" for the discovery Fields sought.   *See* 28 U.S.C. foll. § 2255 R. 6(a).

Further, even where disputed facts are subject to a legal presumption against a *habeas* petitioner,

he is entitled to develop evidence supporting his side of the dispute; the Court may not simply

decide the factual dispute unilaterally.   *See Kohler v. Cain*, 214 F.3d 1350 (TABLE), 2000 WL

634646, at **3-4 (TEXT IN WESTLAW) (5th Cir. May 5, 2000) (*per curiam*) (Unpublished)

(reversing and remanding for evidentiary hearing).   A summary of some of the factual disputes

on which Fields sought discovery, and which the Court decided without affording discovery,

follows.[3]

- Fields alleged specifically Claims One, Two, and Three that Dr. Stephen Mark's competency examination of him was cursory and inaccurate, and that Dr. Mark was not challenged on these failings, resulting in an erroneous finding of competency.  § 2255 Motion at 31-33.   Accordingly, Fields sought evidence regarding the background and experience of Dr. Mark, as well as his specific notes of his conversations, memoranda, or correspondence, in order to further substantiate his allegations.  Discovery Motion at 2-3.  In denying Fields' Claims One, Two, and Three, the Court expressly relied on the "compelling evidence from Drs. Price and Mark that Fields was mentally competent to waive counsel." Order at 29.  The Court's reliance on these purportedly "compelling" facts whose validity Fields disputed and sought discovery to challenge demonstrates that the requested discovery was material to resolution of these claims.  Simply put, if

---

[2]   Fields' effort to fill voids in the record through discovery is no different analytically from disputing facts already in the record:  given that his allegations were specific and plausible, and the facts sought were critical to resolution of those allegations, he is entitled to seek the missing evidence that would prove his claims.  *See Perillo*, 79 F.3d at 444-45.

[3]   This summary is not exhaustive, and Fields maintains his position that each request in the Discovery Motion was reasonably targeted to substantiating the detailed and specific allegations made in Fields' § 2255 Motion, and is entitled to discovery insofar as each concerned "a factual dispute [that] if resolved in the petitioner's favor, would entitle him to relief." *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994) (*citing Harris*, 394 U.S. at 300); *accord Perillo*, 79 F.3d at 444.

Fields' allegations of error in connection with Dr. Mark were true, he is entitled to relief, and accordingly discovery into this area is required.

- Fields alleged specifically in his Claims Ten and Eleven that he was excluded improperly from a chambers conference, and that this exclusion frustrated the fairness of the trial and denied his right to defend himself. § 2255 Motion at 103-08. Fields sought discovery of any notes regarding the chambers conference, and depositions of participants in the conference (Discovery Motion at 3), given that it occurred off the record. Order at 53. In denying Fields' Claims Ten and Eleven, the Court relied on its own report of matters not in the record as to the substance of the chambers conference, and then used this self-supplied evidence to dispose of Fields' claims. Order at 53-54. That the Court felt the need to supplement the record with facts from its own memory to decide Fields' claim demonstrates that such facts were missing from the record and thus a valid target of discovery from sources other than the unofficial recollection of the Court.

- Fields alleged specifically in his Claim Twenty that his Sixth Amendment rights were violated when the Government enlisted Homero DeLeon to elicit a false confession from him while incarcerated. § 2255 Motion at 154-61. Key to this claim was evidence of discussions between the Government's investigators and DeLeon, which Fields alleged, based on a sworn statement recounting a conversation with DeLeon, occurred prior to any alleged confession. § 2255 Motion at 157-58. Fields therefore sought discovery of any notes or evidence of communications between the Government and DeLeon prior to Fields' alleged confession. Discovery Motion at 6. In rejecting Claim Twenty, the Court found "no evidence demonstrating that the Government directed or otherwise knowingly exploited Mr. DeLeon" prior to the alleged confession. Order at 84. However, this missing evidence was the very subject on which Fields sought discovery. Because the Court found the absence of any such evidence dispositive of Fields' claim (Order at 84-85), that evidence was the proper subject of discovery. Accordingly, denial of such discovery violates the Court's duty to provide the necessary facilities and procedure by which a movant may prove his claims. It is fundamentally unfair for the Court to simply disbelieve Fields' detailed factual allegations for lack of evidence without affording Fields the opportunity to obtain such evidence.[4]

- Fields alleged specifically in his Claims Thirty to Thirty-Five that his Fifth, Sixth, and Eighth Amendment rights were violated by the manner of use of a "stun belt" both while he represented himself and during the sentencing phase of the trial, particularly in that jurors could or did observe both its effect on Fields and the device itself. § 2255 Motion at 267-74. In order to substantiate these detailed claims, Fields sought information about the specific stun belt used, its operation

---

[4]    The Court took notice, even without any discovery, that there was evidence to suggest that DeLeon's various accounts of the situation may not have been entirely reliable, underscoring the need for discovery to investigate these disputed facts. *See* Order at 84 n.10; *see also* § 2255 Motion at 156-57.

and use at his trial, information regarding stun belts generally, and depositions to establish that jurors did in fact observe the stun belt. Discovery Motion at 7-8. In denying Fields' Claims Thirty to Thirty-Five, the Court relied on the general non-visibility of stun belts and the lack of evidence that any juror could or did see the device. Order at 124-25, 128. Again, whether the model in question was perceptible to jurors, either generally or as used at Fields' trial, is a question of fact that Fields reasonably disputed, and about which he sought discovery. The Court's resolution of this disputed factual question without affording Fields discovery to substantiate his case was in violation of the Court's duty to provide adequate access to facts in support of his claims.

- Fields alleged specifically in his Claims Thirty-Nine and Forty-One that the Court had inappropriate *ex parte* contact with at least one juror that suggested Fields was dangerous, based on discussions with jurors recounting security measures. § 2255 Motion at 275-79. Accordingly, Fields sought discovery of any communications between the Court, its staff, or United States Marshals and jurors regarding security measures. Discovery Motion at 8. As the Court recognized, any such contact with a juror during a trial about the pending matter is presumptively prejudicial (Order at 128-29), and Fields' future dangerousness was a matter submitted to the jury. The Court, however, found no evidence of prejudicial communications between jurors and the United States Marshals or the Court and its staff. Order at 128-30. The Court cannot substitute its own factual memory of *ex parte* communications with jurors for permitting Fields discovery of what exactly was said *ex parte* – particularly given the fact that any such contact impinging on a trial issue would be presumptively prejudicial.[5] Therefore, denial of discovery that could substantiate his claim is improper.

As case law relied on by the Court demonstrates, Fields is entitled to discovery "where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief." *Ward*, 21 F.3d at 1367 (*citing Harris*, 394 U.S. at 300); *accord Goodwin*, 132 F.3d at 178 (finding standard satisfied); *Perillo*, 79 F.3d at 444 (same). The numerous disputed facts discussed above, upon which the Court relied, and which were the subjects of inquiry in the Discovery Motion, readily satisfy this standard. Fields' Discovery Motion was not a generalized "fishing expedition" like the request in *Ward*, but rather requested specific evidence aimed at specific

---

[5] Additionally, the Court noted that Fields failed to establish he was prejudiced. Order at 130. This reasoning is improper, because by the very nature of *ex parte* communications, Fields had no way to do so without the requested discovery as to the Court's and United States Marshals' *ex parte* interactions with the jurors. That Fields' efforts to obtain the necessary evidence fell short without court-ordered discovery only demonstrates that such discovery should be granted. *See Perillo*, 79 F.3d at 445.

allegations, like the requests in *Perillo* and *Goodwin*. *Perillo*, 79 F.3d at 444; *Goodwin*, 132 F.3d at 162; *see Reed*, 504 F.3d at 473 (*citing Bracy*, 520 U.S. at 908-09). Fields is therefore entitled to the discovery requested.[6]

## II. FIELDS IS ENTITLED TO DISCOVERY OF THE REQUESTED EXCULPATORY MATERIALS

The Court also denied Fields' separate request for discovery of Exculpatory Materials without explanation. Under long-standing case law, the Government is required to disclose any Exculpatory Materials, and the Discovery Motion fairly requests production of all such materials. *See Brady*, 373 U.S. at 87-88. The Government has a continuing duty to produce these materials in a post-conviction context: "*Brady* and its progeny impose an obligation on state actors to disclose exculpatory evidence that is discovered before or during trial. . . . This obligation does not cease to exist at the moment of conviction. Otherwise no one could argue a *Brady* point either on direct appeal or in a collateral attack under 28 U.S.C. § 2254 or § 2255." *Whitlock v. Brueggemann*, 682 F.3d 567, 588 (7th Cir. 2012); *see also Imbler v. Pachtman*, 424 U.S. 409, 427 n.25 (1976); *Thomas v. Goldsmith*, 979 F.2d 746, 749-50 (9th Cir. 1992) ("We do not refer to the state's past duty to turn over exculpatory evidence at trial, but to its present duty to turn over exculpatory evidence relevant to the instant *habeas corpus* proceeding"). Indeed, significant *Brady* claims have been vindicated post-conviction after prosecutors turned over evidence during *habeas* proceedings. *E.g., Banks v. Dretke*, 540 U.S. 668, 691-705 (2004). Fields thus has a clear due process right to discovery of the requested Exculpatory Materials. Because the Court denied this discovery request, Fields does not know,

---

[6] That the Government did not oppose Fields' Discovery Motion is also meaningful. The Fifth Circuit has cited with approval the district court's practice of granting a motion for discovery to the extent the motion is unopposed and denying it to the extent the motion is opposed. *See Reed*, 504 F.3d at 472. Given that Fields' Discovery Motion was wholly unopposed, the Court should be all the more willing to grant discovery.

and the Government has not disclosed, whether any such materials exist. *Cf. Thomas*, 979 F.2d at 750 ("Under the circumstances, fairness requires that on remand the state come forward with any exculpatory evidence it possesses. If no such evidence exists, the state need only advise the district court of that fact"). The Court's denial of Fields' discovery request for the Exculpatory Materials wrongly absolves the Government of complying with its obligations, and denies Fields his constitutional right of access to all such evidence.

## III.    RECONSIDERATION IS WARRANTED BECAUSE WHOLESALE DENIAL OF THE DISCOVERY MOTION WAS CLEAR LEGAL ERROR AND WORKED A MANIFEST INJUSTICE ON FIELDS

Motions to reconsider non-dispositive orders such as that denying the Discovery Motion are entertained under the same standards that govern reconsideration of dispositive orders, *see Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002), which in turn are treated as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *Dockery v. United States*, 2012 WL 2050200, at *1 (S.D. Tex. June 6, 2012) (*citing Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)), *see Cole ex rel. Ellis v. Knowledge Learning Corp.,* 416 Fed. Appx. 437, 444 (5th Cir. 2011) (*per curiam*) (Unpublished).[7] In its effect, a Rule 59(e) motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (*quoting In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).

A motion for reconsideration under Rule 59(e) "is properly invoked 'to correct manifest errors of law.'" *In re Transtexas*, 303 F.3d at 581 (*quoting Waltman v. International Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Granting such a motion is warranted "to correct a

---

[7]    This motion was timely filed within twenty-eight days of the Order, and motions for reconsideration filed within twenty-eight days of judgment are considered under Rule 59(e), as opposed to Rule 60(b). *See United States v. Clark,* 2012 WL 3528013, at *1 (S.D. Tex. Aug. 14, 2012).

clear error of law or fact or to prevent a manifest injustice." *Manning v. United States*, 2012 WL 640056, at \*1 (W.D. Tex. Feb. 27, 2012) (*citing Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)).

As set forth above, the Court's wholesale denial of the itemized discovery requests in the Discovery Motion was clear legal error under the standards enunciated by the United States Supreme Court in *Bracy* and *Harris*, and by the Court of Appeals for the Fifth Circuit in *Perillo*, *Goodwin*, *Reed*, and the other cases cited, warranting correction by the granting of this motion for reconsideration.

Further, the denial of the Discovery Motion worked a "manifest injustice" upon Fields. Though manifest injustice is evaluated on a "'case-by-case basis,'" various courts have looked to whether the decision was "patently unfair," "''inequitable and not in line with applicable policy,'''" or whether the movant could have avoided the outcome. *Bender Sq. Partners v. Factory Mut. Ins. Co.*, 2012 WL 1952265, at \*4 (S.D. Tex. May 30, 2012) (collecting standards and granting reconsideration based on manifest injustice) (citations omitted). Here, Fields diligently identified sources of key information necessary to substantiate his detailed factual claims, but instead of affording discovery, the Court unilaterally supplemented the record with its own memories of the facts sought. When the Court asserted *as a fact* the substance of an off-the-record chamber conference (Order at 53-54), or the substance of *ex parte* communications with jurors (Order at 128-30), the Court was not only denying Fields the opportunity to obtain evidence that might contradict the Court's recollections, but also rejecting Fields' claims based on putative facts outside the record and unknowable to Fields until the Court's Order issued. When the record is expanded for a § 2255 motion, "[t]he judge *must* give the party against whom the additional materials are offered an opportunity to admit or deny their

correctness." 28 U.S.C. foll. § 2255 R. 7(c) (emphasis added).[8]  Unfairly surprising Fields with this new evidence offered by the Court should be considered manifest injustice that warrants correction by the granting of this motion for reconsideration.  *Cf. Brown*, 224 F.3d at 466-67.[9]

Finally, the Court's denial of the discovery request for the Exculpatory Materials explicitly negates Fields' constitutional right to have access to any Exculpatory Materials in the Government's possession.  As described above, the Court's denial of this discovery request was clear legal error in light of *Brady*, and the Court should reconsider its ruling and grant discovery of the requested Exculpatory Materials.

## CONCLUSION

For the foregoing reasons, Fields respectfully requests that this Court reconsider its denial of the Discovery Motion, and grant the Discovery Motion in its entirety, or alternatively, that this Court grant the Discovery Motion to the extent this Court finds discrete discovery requests included in the Discovery Motion to be proper.  Fields further respectfully requests oral argument on the merits of this motion and the Discovery Motion.

---

[8]   Furthermore, it was clear legal error, warranting reconsideration, for the Court to disregard Rule 7(c) and expand the record without affording Fields an opportunity to respond.

[9]   In *Brown*, the district court relied on an affidavit "fortuitous[ly]" submitted by the state to dismiss a *habeas* claim without evidentiary hearing or discovery.  The Fifth Circuit held that while the record may be expanded by the district court, reliance on such evidence did "not constitute an adequate substitute for the balanced-evidence hearing to which Brown is constitutionally entitled.  Even if the district court had specifically requested that the state submit evidence regarding the claim, the court's failure to solicit any evidence whatsoever from Brown before ruling on it satisfactorily demonstrate[d] that the procedures employed by the court were inadequate to satisfy the dictates of [*Townsend v. Sain*, 372 U.S. 293 (1963)]."  224 F.3d at 467.  The Fifth Circuit reversed and remanded for evidentiary hearing.  *Id.* at 467 (*citing Goodwin*, 132 F.3d at 185).

Dated:        October 23, 2012

Respectfully Submitted,


/s/ Jeffrey E. Ellis

Jeffrey Ellis
Attorney at Law
Law Office of Alsept & Ellis
621 SW Morrison St., Ste 1025
Portland, OR  97205
Tel:  (206) 218-7076
Email:  JeffreyErwinEllis@gmail.com

Peter J. Isajiw
*Pro Hac Vice* Admission Pending
Cadwalader, Wickersham & Taft, LLP
One World Financial Center
New York, NY  10281
Tel:  212-504-6000
Fax:  212-504-6666
Email:  Peter.Isajiw@cwt.com

*Attorneys for Mr. Fields*

-11-

**CERTIFICATE OF SERVICE**

I, Jeffrey E. Ellis, hereby certify that on October 23, 2012, I electronically filed

the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification

of such filing to the following attorneys of record in the above-entitled case:

**Gregory S. Gloff**
Assistant United States Attorney
800 Franklin Ave., Ste 280
Waco, TX  76701
Email:  Greg.Gloff@usdoj.gov


/s/ Jeffrey E. Ellis
Jeffrey E. Ellis
Attorney at Law