# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

## WACO DIVISION

| | | |
|---|---|---|
| SHERMAN LAMONT FIELDS,<br>    Movant, | § <br> § <br> § | |
| | § | CIVIL NO. W-09-CV-009 |
| v. | § <br> § | |
| | § | CRIMINAL NO. W-01-CR-164 (1) |
| UNITED STATES OF AMERICA,<br>    Respondent. | § <br> § | |

## O R D E R

Before the Court are several post-judgment motions filed by Movant Sherman Lamont Fields. (Docs. 336, 337, 338, 339, and 340). Among other convictions and sentences, Movant Sherman Lamont Fields was convicted of capital murder and sentenced to death. He challenged the constitutionality of his convictions and sentences under 28 U.S.C. § 2255. (*See* Docs. 297, 298, 300, and 318). Pursuant to Federal Rule of Criminal Procedure, Movant also filed a Motion for New Trial. (*See* Docs. 300 and 318).

On September 25, 2012, the Court denied Fields's 28 U.S.C. § 2255 motion as amended, his motion for new trial as amended, as well as various motions seeking discovery, DNA testing, and funds for a trauma expert. Movant seeks reconsideration of all pertinent issues. (*See* Docs. 336, 337, 338, and 340). The Government, however, has neither responded to any of these motions for reconsideration nor sought additional time to respond. The Court, however, find that it will be beneficial

to the resolution of the issues in the pending motions for reconsideration to direct the Government to file a response.

Pursuant to Federal Rule of Civil Procedure 59(e), Movant asks the Court in one of the pending motions to alter or amend its judgment denying the § 2255 motion as amended and motion for new trial as amended. (Doc. 340 ).[1] Embedded in this motion is Movant's request pursuant to 28 U.S.C. § 455 for the Court to recuse itself for purposes of considering the Rule 59(e) motion. (*Id.* at 50-54).

A motion for recusal is within the discretion of the trial judge and will be reversed only if the judge has abused that discretion. *United States v. Merkt*, 794 F.2d 950, 960 (5th Cir. 1986) (citations omitted). A motion for recusal falls within two types: (1) a motion alleging actual bias upon the part of a judge, which is filed under 28 U.S.C. § 144; and (2) a motion alleging the appearance of impropriety, which is filed under 28 U.S.C. § 455. A motion pursuant to § 455 requires a judge's recusal

> "in any proceeding in which his impartiality might reasonably be questioned." A judge shall also disqualify himself under certain circumstances enumerated under § 455(b), including "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

*Henderson v. Department of Public Safety and Corrections*, 901 F.2d 1288, 1295 (5th Cir. 1990). Furthermore, a judge shall disqualify himself if he "is to the judge's

---

[1] Movant seeks leave to exceed the ten-page limitation (Doc. 96) with respect to his Rule 59(e) motion for reconsideration. (Doc. 339). In contending that it was not possible to meet the traditional ten-page limit, Movant's Rule 59(e) motion  totals 56 pages. For good cause shown, the Court finds that Movant's motion to exceed the page limitations has merit and should be granted.

knowledge likely to be a material witness in the proceeding." 28 U.S.C. § 455(b)(5)(iv). The courts have noted that the purpose of § 455(a) is to avoid even the appearance of partiality." *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988) (citation and internal quotation omitted).

> If it would appear to a reasonable person that a judge has knowledge of facts that would give him an interest in the litigation then an appearance of partiality is created even though no actual partiality exists because the judge does not recall the facts, because the judge actually has no interest in the case or because the judge is pure in heart and incorruptible. . . . Under section 455(a), therefore, recusal is required even when a judge lacks actual knowledge of the facts indicating his interest or bias in the case if a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge.

*Id.* at 860-61. If a judge concludes that "'his impartiality might reasonably be questioned,' then he should also find that the statute has been violated." *Id.* at 861.

Under § 455, "[i]n order for a judge to be disqualified for bias or prejudice, the bias must stem from an extrajudicial source and result in an opinion on some basis other than what the judge learned in the case." *Crawford v. U.S. Dept. Of Homeland Security*, 245 Fed. Appx. 369, 383 (5th Cir. 2007). The mere fact that a judge has ruled adversely to a litigant is insufficient to support a claim of recusal. *See United States v. Schoenhoff*, 919 F.2d 936, 940 (5th Cir. 1990).

A judge must also be alert to avoid the possibility that those who would question his impartiality are in fact seeking to avoid the consequences of an anticipated adverse decision. *In re Kansas Public Employees Retirement System*, 85 F.3d 1353,

1358-59 (8th Cir. 1996) (citing Legislative history to § 455, S.Rep. No. 93-419, 93d Cong., 1st Sess. 5 (1973)).

> Disqualification for lack of impartiality must have a reasonable basis. Nothing in [§ 455(a)] should be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a "reasonable fear" that the judge will not be impartial. Litigants ought not have to face a judge where there is a reasonable question of impartiality, but they are not entitled to judges of their own choice.

*Id. See also United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992).

The courts have repeatedly held that information obtained during the course of litigation cannot, generally, be a basis for recusal. *See United States v. Mizell*, 88 F.3d 288, 299-300 (5th Cir. 1996).

> The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task. As Judge Jerome Frank pithily put it: "Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions." *In re J.P. Linahan, Inc.*, 138 F.2d 650, 654 (CA2 1943). Also not subject to deprecatory characterization as "bias" or "prejudice" are opinions held by judges as a result of what they learned in earlier proceedings. It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant.

*Liteky v. United States*, 510 U.S. 540, 550-51 (1994). Opinions formed on the basis of facts introduced or events occurring during the course of a proceeding, or a prior proceeding, may, however, constitute a basis for recusal if "they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555.

4

Nothing presented by Movant establishes any "actual" bias or prejudice, nor is there anything presented which could lead a reasonable person in full possession of the pertinent facts to conclude that any bias or prejudice is present merely from the comments and rulings rendered against Movant either at trial or in connection with this § 2255 proceeding. Furthermore, the Court rejects Movant's arguments that the undersigned will likely be a material witness in these proceedings. Accordingly, it is

**ORDERED** that Movant's motion to recuse (as embedded in Doc. 340) is **DENIED**. It is further

**ORDERED** that Movant's Motion for Leave to Exceed the Ten-Page Limitation with respect to his Rule 59(e) motion is **GRANTED**. Movant's Rule 59(e) motion, (Doc. 340), is deemed properly filed by the Clerk. It is further

**ORDERED** that the Government shall have through and including January 11, 2013, to file a response to all of Movant's pending post-judgment motions, including his Rule 59(e) motion. It is further

**ORDERED** that Movant shall have through and including February 1, 2013, to file a Reply brief to the Government's response.

**SIGNED** this __11ᵗ__ day of December, 2012.

_____
**WALTER S. SMITH, JR.**
**United States District Judge**

5