IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SHERMAN LAMONT FIELDS, | * | |
| Movant, | * | |
| | * | CRIMINAL NO. W-01-CR-164(1) |
| V. | * | |
| | * | CIVIL NO. W-09-CV-009 |
| UNITED STATES OF AMERICA, | * | |
| Respondent | * | |

GOVERNMENT'S RESPONSES TO MOVANT'S
RULE 59(e) AND OTHER POST-CONVICTION MOTIONS

The United States of America opposes Movant SHERMAN LAMONT FIELDS'
(FIELDS) Rule 59(e) Motion and other post-trial motions, for the following reasons:

FIELDS' motion under Rule 59(e) is not an appropriate vehicle for the relief he is requesting.

FIELDS has filed a "Motion to Vacate, Alter or Amend the Court's Order Denying the
Motion For New Trial and To Vacate, Set Aside, and Correct Conviction" which asserts Federal
Rule of Civil Procedure 59(e) as the basis for the motion.   Specifically, as grounds for his motion,
FIELDS reurges the majority of his Section 2255 motion claims, including:   The Court erred by
failing to conduct an evidentiary hearing concerning FIELDS' mental health claims; that FIELDS
did not consent to stand-by counsel's role in Court appearances; that FIELDS' right to exercise
preemptory challenges were violated; that FIELDS was not present at chamber conferences; that
FIELDS did not waive his right to testify at trial; that FIELDS is innocent; that the Government
presented evidence and testimony it knew or should have known was false; that counsel failed to
conduct an adequate pre-trial investigation; that the Government failed to disclose the details of a
witnesses' immunity deal, notes prepared by a jail-house informant and other potentially
exculpatory material; failure of counsel to conduct a competent investigation; that the Court's

additional jury instructions were coercive; that FIELDS was required to wear a stun belt; that FIELDS' conditions of confinement affected his right to self-representation; and that the use of the stun belt and presence of United States Marshals violated FIELDS' rights.   FIELDS also asks the Court to recuse itself and complains about the Court's declining to issue a Certificate of Appealability.

Rule 59(e) motions.

As the Fifth Circuit has explained in Templet v. Hydrochem, Inc., 367 F.3d 473 (5th Cir. 2004), "[a] A Rule59(e) motion "calls into question the correctness of a judgment." Id. at 478 (citation omitted).   The Fifth Circuit "has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Id, at 478-79 (citing Simon v. United States, 891 F.2d 1154, 1159 [5th Cir. 1990]).   Instead, "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Id. at 479 (citation, internal quotation marks and brackets omitted).[1]   Further, [r]econsideration of a judgment after its entry is an   extraordinary remedy that should be used sparingly. " Id. (citing, inter alia, 11 Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedures § 2810.1 at 124 [2d. ed. 1995]).

Other courts have "held that the scope of a motion for reconsideration is extremely limited." Blystone v. Horn, 664 F.3d 397, 415 (3rd Cir. 2011).   "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of

---

[1] Similarly, the Court in *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003), stated:   "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id*. at 576 (citations and internal quotations omitted).   Additionally, relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law. *Id*. (citation omitted).   Decision of courts made before the district court's decision "cannot constitute an intervening change in the law." *Id*. at 568 n. 3.

law or fact or to present newly discovered evidence." Id. (citing Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 ([3rd Cir. 2010]). A motion for reconsideration "must be based" upon manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the Court." Prati v. United States, 82 Fed.Cl. 373, 376 (2008) (citation and internal quotation omitted).

A "manifest error is an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law." Matosky v. Manning, 428 Fed.Appx. 293 (5th Cir. 2011) (unpublished) (brackets and internal quotation marks omitted) (citing Venegas-Hernandez v. Sundux Records, 370 F.3d 183, 195 (1st Cir. 2004); Black's Law Dictionary 563 (7th Cir. 3d. 1999).[2]

I.    Rule 59(e) is not an appropriate vehicle for FIELDS' assertions which re-hash his prior Section 2255 arguments.

As noted above, FIELDS' Rule 59(e) Motion largely re-asserts grounds that were raised in his Section 2255 Motion and rejected by this Court. Because FIELDS' Rule 59(e) Motion is not the proper vehicle for re-hashing evidence, legal theories or arguments that could have been offered or raised before the entry of judgment, FIELDS does not raise newly discovered evidence or new controlling authority, and FIELDS has not raised a manifest error of law or fact or extraordinary circumstances which justify relief; his Rule 59(e) Motion should be denied. Considering all of his grounds individual and collectively, they are without merit.

Mr. FIELDS sets forth approximately fourteen claims that the District Court erred by not either finding in favor of FIELDS' §2255 claims, or not allowing a hearing based on these claims.

---

[2] Other courts have defined "manifest error" as: "a wholesale disregard, misapplication, or failure to recognize controlling precedent." Hickory Farms, Inc. v. Snackmaster, Inc., 509 F.Supp.2d 716, 719 (N.D. Ill. 2007)(citing Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000)). "Manifest" has been defined as "clearly apparent or obvious." Ammex, Inc. v. United States, 52 Fed.Cl. 555,557 (2002).

Basically, FIELDS filed approximately 53 pages asking the Court to reconsider his claims. There are no grounds presented that have not been raised before. Pursuant to Rule 59 there has been no showing of a need to correct manifest errors of law or fact or to present newly discovered evidence.

Ground One.

FIELDS lumps several claims together in order to say that the Court erred by failing to conduct an evidentiary hearing concerning FIELDS' mental health claims and by inappropriately relying on subjective analysis and personal recollection. FIELDS complains once again that he was not competent to waive counsel and proceed pro se. The record is clear that the Court properly determined that FIELDS was competent to represent himself pro se. The decision to represent himself was FIELDS' decision. The record is clear that the Court followed the proper procedures. The Court correctly cited the text for a competent waiver of the right to counsel. Order at 20-21. As the Court noted, an extensive inquiry was conducted before the trial. Order at 22-23. Ironically, if the Court had not allowed FIELDS to represent himself pro se, then FIELDS would most likely argue that the Court erred and violated his constitutional right to represent himself and, that if he had been allowed to do so, he would not have been convicted. But that is not the case. FIELDS exercised his constitutional right to represent himself, and gave the Court reasons for wanting to do so. The Court had FIELDS examined and held hearings to make sure it was an intelligent, knowing waiver of counsel. TT at 13-26; TT at 26-28. The District Court had the benefit of numerous letters and notices which FIELDS had filed, including a change of venue motion. FIELDS had pled guilty to federal firearms charges a few months before the trial and he was found to be competent to plead guilty. Government's response at 10.

FIELDS' attempts to rely once again on the evaluation of Dr. Woods conducted years after the events in question. Dr. Woods wants the Court to believe that almost a decade ago, without

knowing or examining FIELDS or being around him, he can make the determination that FIELDS was not competent to waive counsel, in spite of the evidence and facts to the contrary by the people that were there, including several mental health experts, the attorneys, the Court, and FIELDS himself.

FIELDS argues that the Court failed to consider in a proper manner whether FIELDS was competent to represent himself. As the Court pointed out, the Supreme Court in Edwards did not require the trial court to "sua sponte determine whether a defendant is competent to conduct trial proceedings on his own," (citations omitted; Order at 31). FIELDS' requested relief should be denied.

Ground Two.

> FIELDS claims that the Court erred by failing to hold an evidentiary hearing to resolve the disputed facts related to Mr. FIELDS' contention that he did not consent to stand-by counsel's role in court conferences.

The law requires that FIELDS be allowed to control the organization and content of his case, to make motions, argue points of law, participate in voir dire, question witnesses, and address the Court and jury. Order at 32-33. FIELDS did all the above and more. FIELDS complains he was excluded from bench and chamber conferences. FIELDS never objected when the issue was discussed. Order at 40.

It is clear from the record that not only did FIELDS not object, he acquiesced to the procedure that was used. Order at 40-42. FIELDS made his position known throughout the trial relating to various matters. He never objected and, in fact, he utilized the procedure of his stand-by counsel reporting to him after a bench and chamber conference before he made a decision, if one was required. Order at 44-45. FIELDS' requested relief should be denied.

<u>Ground Three</u>.

> FIELDS claims that the Court erred by failing to hold an evidentiary hearing concerning FIELDS' factual allegations concerning the abridgement of his rights to exercise preemptory challenges.

The Court conducted an individual voir dire examination of all prospective jurors, including Mr. Ansay, who FIELDS complains about.   After the individual voir dire of Mr. Ansay, FIELDS made no objection or filed a motion with respect to Mr. Ansay.   Order at 49.   FIELDS later signed a document entitled "Defendant's Preemptory Challenges" which does not include Mr. Ansay as one of FIELDS' strikes.   Order at 49.   Furthermore, FIELDS never objected to the impaneling of Mr. Ansay onto the jury.   Order at 49.   FIELDS' requested relief should be denied.

<u>Ground Four</u>.

> FIELDS claims that the Court erred by failing to hold an evidentiary hearing to resolve the disputed fact that FIELEDS' presence at the chamber conferences would have contributed to the fairness of the procedure.

After the jury found FIELDS guilty on all counts during the guilt phase of the trial, FIELDS expressly and unequivocally waived his right to self-representation and elected to have Mr. Swanton and Mr. Peterson represent him during the penalty phase.   Order at 53.

The matter discussed in the conference involved the Court's responses as to whether the jury was in fact deadlocked.   Order at 53.   FIELDS' presence in the chamber conferences would not have contributed to his defense in connection with the resolution of a purely legal matter. Order at 54.   For the same reason, counsel's performance was not deficient under <u>Strickland</u>. Order at 54.   FIELDS requested relief should be denied.

<u>Ground Five</u>.

> FIELDS claims that the Court erred by relying on its subjective analysis rather than holding an evidentiary hearing concerning FIELDS' waiver of his right to testify at trial.

The Court is under no duty to inform a pro se defendant of the right to testify or that a defendant must state that he is aware of such a right.   Order at 62.   FIELDS was well aware of his right to testify in his criminal case. In fact, on May 9, 2002, FIELDS appeared before the Court and pled guilty to federal firearm charges.   During the plea, the Court advised FIELDS of his rights:

> COURT:  Also during a trial the witnesses for the Government would have to come into Court and testify in your presence.   Your attorney would have the right to cross-examine those witnesses, to object to the evidence, and to offer evidence on your behalf.   You would have the right to testify yourself if you wished, but you couldn't be forced to, and if you elected not to testify, the fact that you did not couldn't be used against you as any suggestion or indication of your guilt.   Do you understand those rights that you would have if you elected to go to trial….?
>
> COURT:     Do you, Mr. Fields?
>
> DEFENDANT FIELDS:   Yes, sir.
>
> <div align="right">Ex. 1, pages 38-39.</div>

Therefore, FIELDS was well aware of his right to testify but chose not to.   He never once complained or asked if he could testify.   Order at 64.   Further, anyone reading the transcript of FIELDS' questioning witnesses could easily determine that he was "testifying" through his questions, which overwhelmingly were narratives advancing his defense without subjecting himself to cross-examination.   One more example of FIELDS' competency and use of his own trial strategy.   FIELDS has presented nothing to rebut the presumption that he waived his right to testify through his silence.   Order at 64.   FIELDS' requested relief should be denied.

Ground Six.

FIELDS' claim of actual innocence.

FIELDS' claim of actual innocence is not cognizable.   Order at 67.   Even assuming that such a claim could be cognizable, FIELDS fails to meet the more stringent standards of proof under Herrera.   Order at 67.   FIELDS is merely re-hashing his argument and dispute with the

interpretation of facts.   He fails to support his actual innocence claim with any new reliable evidence.   Order at 67.   FIELDS' requested relief should be denied.

Ground Seven.

> FIELDS claims that the Government presented evidence and testimony that it knew or should have known to be false.

FIELDS has failed to show the testimony in question was actually false, but merely keeps pointing out his perceived inconsistencies.   Order at 70.   There is no evidence that the witnesses presented false testimony and the Government used the false testimony to obtain a guilty verdict. Order at 70.

FIELDS had ample opportunity to cross-examine the witnesses and attempt to discredit their respective testimony.   In fact, a reading of the trial transcript and FIELDS' closing argument illustrate just that.   However, the jury convicted him after hearing all the evidence.   FIELDS' requested relief should be denied.

Ground Eight.

> FIELDS claims that the Court erred by failing to hold an evidentiary hearing to resolve factual disputes regarding failure of counsel to conduct an adequate pre-trial investigation related to the facts of the charged homicide.

FIELDS merely speculates what witnesses might have testified to if called by his stand-by counsel.  Order at 72.  FIELDS was in charge of his defense.   Complaints about uninterviewed witnesses based on speculation are not sufficient to show that counsel was deficient.   Order at 72.

FIELDS chose to represent himself at trial and maintained control of who to call as witnesses.   He never asked for a continuance so that he could interview or subpoena a witness. Order at 73.   FIELDS simply cannot overcome the strong presumption that counsel's conduct was reasonable.   Order at 74.   FIELDS' requested relief should be denied.

8

<u>Ground Nine</u>.

> FIELDS claims that the Court erred by failing to hold an evidentiary hearing to resolve factual disputes regarding the Government's failure to disclose the details of a witness' immunity deal, notes prepared by a jail-house informant, and other potentially exculpatory material in violation of <u>Brady v. Maryland</u>.

Prior to trial, a letter dated January 2, 2004, was sent to Mr. Outley's attorney outlining the agreement between the Government and his client. Order at 75. There is no dispute the letter was disclosed to FIELDS. Order at 75. Other than the letter, there is nothing provided by FIELDS, other than Mr. Outley's vague and conclusory statements in his "affidavit." Order at 76. The Government fulfilled its obligations by disclosing the letter to FIELDS. Order at 76. FIELDS asked Outley no questions during trial regarding the letter in his possession. Order at 77. FIELDS argues that a broader immunity existed. He did not ask any questions on cross-examination except, "Did the Government make you any promises?" There is no way to determine what FIELDS meant by the question or what Mr. Outley thought "promises" meant. FIELDS could have probed further given the fact that he had the letter, but he chose not to do so. FIELDS claims this "broader immunity" would have changed the outcome of the trial. Several witnesses provided testimony that supported FIELDS' conviction. The jury was able to see that FIELDS was advancing the theory that Outley and Scroggins killed Coleman…rather than him. The jury rejected that theory. FIELDS has failed to satisfy the materiality standard. Order at 77.

Likewise, FIELDS argues that there are some missing notes which constitute favorable evidence for FIELDS that were authored by Homero De Leon. He cites inconsistencies about De Leon's testimony which the Government addressed to in its response to his §2255 Motion. Once again, FIELDS fails to satisfy the materiality standard regarding any missing notes. Order at 79. If one were to exclude the testimony of De Leon and Outley, there was still overwhelming

9

evidence that FIELDS murdered Coleman.

FIELDS complains that the Government did not correct the "misstatement" of Outley that he received no promises in exchange for his cooperation.   As stated above, FIELDS never asked the specific question whether Outley had received any promises in exchange for his testimony against FIELDS.   Order at 81.   The question was vague and it is unclear what was being asked and whether Outley understood the question.   Order at 81.   FIELDS never followed up with any other questions about the letter.   Order at 81.   There is no evidence that the Government either directly or indirectly elicited false testimony.   Order at 82.   It is difficult to correct an answer to a question when it is unclear what the question meant.   In any event, as discussed above, given the overwhelming evidence from other witnesses, FIELDS fails to establish that any speculative testimony would be material.

FIELDS also complains that the Government used Homero De Leon as a government agent to elicit evidence from FIELDS in violation of the Sixth Amendment.   There is no evidence that shows the Government directed or knowingly exploited De Leon to act as a Government agent in eliciting information from FIELDS.   Order at 84.   In fact, the record is full of instances that show the FIELDS talked to anyone and everyone and bragged about the murder.   FIELDS' requested relief should be denied.

Ground Ten.

> FIELDS claims that the Court erred by failing to order discovery and to conduct an evidentiary hearing.  In addition, the Court improperly referenced the claim as involving the failure to present evidence, rather than the failure to conduct a competent investigation.

FIELDS claims that he received ineffective assistance of counsel because counsel failed to conduct a competent penalty phase investigation.   One overarching issue that needs to be

remembered is that FIELDS was acting as his own attorney until he was found guilty on all counts of the Indictment.   He did not indicate that he was going to "pass the baton" to stand-by counsel after the guilt phase of the trial; therefore, he shares the responsibility for the evidence he wished to present during all phases of the trial.   FIELDS now argues that despite what stand-by counsel and his experts did during the penalty phase of the trial, more would have been better.   This argument is speculative at best and fails to show that if counsel had presented more evidence of his background then the jury would not have sentenced him to death.

The Court also needs to consider that FIELDS' death penalty eligible count of conviction did not occur in a vacuum.   He was also charged and convicted of gun charges, escape, and carjacking.   During the penalty phase, evidence was presented of his criminal activities and his escape and other escape attempts or plans.   Nevertheless, counsel's investigation and presentation of evidence during the penalty phase of the trial was not ineffective.   Order at 89-94.   Once again, it cannot be discounted that counsel's investigation and presentation did have an effect on the jury during the penalty phase.   Order at 95.

Counsel did not render deficient performance or prejudice FIELDS with respect to his claim focused on his history of incarceration.   Order at 96.   This is evidenced by the special findings of the jury.   Order at 96.

FIELDS argues that counsel was ineffective for failing to investigate his history of mental illness related to any diagnosis of PTSD or bipolar disorder, his potential for brain damage and dysfunction, and the multi-generational history of mental illness in his family.   Counsel's performance was not deficient, but assuming arguendo that it was with respect to additional evidence regarding mental illness and possible brain damage, the deficiency did not prejudice FIELDS.   Additional evidence could have been used against FIELDS to show he was a future

11

danger to society.  Order at 100.  The jury weighed the mitigating and aggravating factors and found that the mitigating factors did not outweigh the aggravating factors.  FIELDS simply has not established a reasonable probability that the jury would not have sentenced him to death based on counsel's purported deficiencies.  Order at 100.

FIELDS claims counsel rendered ineffective assistance of counsel by failing to competently prepare for and cross-examine a Government expert, Dr. Coons; investigate and present expert evidence regarding FIELDS' future violence; investigate and present expert evidence of the ability of the federal prison system to control FIELDS' behavior; and to investigate and present testimony of FIELDS' minimal risk of escape from federal prison.

Rob Swanton, one of FIELDS' attorney, challenged Dr. Coons during a <u>Daubert</u> hearing. He conducted a comprehensive challenge to Dr. Coon's testimony regarding future dangerousness and attempted to discredit Dr. Coon's testimony.  Counsel reasonably and competently attacked Dr. Coon's methodology.  Order at 107.

Counsel also presented evidence that FIELDS' violent tendencies would decrease as he aged and even called several prison employees to the stand to testify that FIELDS' behavior had improved during his months of incarceration before trial.  Order at 108.  Counsel elicited testimony from Dr. Coons and FIELDS' expert, Dr. Price.  Both testified that as one ages, they become less violent and less likely to be involved in crime or cause behavior problems in prison. Order at 108.  FIELDS complains that his counsel should have put on evidence from ultra-secure prisons to mitigate future dangerousness.  Perhaps counsel understood that by doing so, it might have prompted the jury to determine FIELDS would always be a future danger and always be violent instead of convincing the jury that FIELDS could change as he aged and become less a threat.  Order at 110.  In addition, the jury also found other statutory and non-statutory

aggravating facts unrelated to future danger.   Order at 110.   FIELDS also complains about some

of the evidence regarding future danger and escape from other Government witnesses and

comments made by the Government during closing.   FIELDS failed to show with respect to any

of these claims that counsel's performance was deficient and/or prejudicial.   Order at 117.

FIELDS' requested relief should be denied.

Ground Eleven.

> FIELDS claims that the Court erred by failing to allow discovery and conduct an
> evidentiary hearing to resolve disputed facts regarding the Court's Allen charge.

FIELDS argued this same ground on appeal and the Fifth Circuit ruled that the Court's

Allen charge was not unfairly prejudicial or coercive and the Court did not abuse its discretion.

Order at 118.   FIELDS cannot re-litigate this claim.   Order at 118.   FIELDS' requested relief

should be denied.

Ground Twelve.

> FIELDS claims that the Court erred in denying an evidentiary hearing with respect
> to Mr. FIELDS' allegations related to courtroom security, conditions of pretrial
> conferences, and the right to self-representation related to the requirement that
> FIELDS wear a stun belt.

Prior to trial, the Court considered any and all security measures based on the need to

balance security/safety with FIELDS' rights.   The Court sought the advice and input of the United

States Marshals Service.   Order at 122.   The Court then required FIELDS to wear a stun belt

under his dress clothes during the trial.   FIELDS appealed the issue on his direct appeal.   The

Fifth Circuit concluded the use of the stun belt was justified in light of FIELDS' prior escape

attempts and history of violence.   Order at 123.   The Fifth Circuit also recognized the Court

made concessions in not making the stun belt visible to the jury and requiring both sides to remain

seated and pose their questions to witnesses from the counsel table.   Order at 123.   These issues

13

are barred from consideration.   Order at 123.   There was no prejudice to FIELDS.   One only has to review the record and observe how FIELDS conducted himself during trial – standing and making arguments and fighting for his rights on the record for the Court.   Finally, FIELDS represented himself pro se and did not object to wearing the stun belt.   Counsel's performance was not deficient or prejudicial in failing to object to the use of the stun belt.   Order at 125. FIELDS' requested relief should be denied.

Ground Thirteen.

> FIELDS claims that the Court erred by failing to hold an evidentiary hearing on the conditions of FIELDS' confinement and its effect on his right to self-representation.

FIELDS has cited no authority to support his claim that the nature of his detention adversely impacted his ability to represent himself at trial.   Order at 126.   FIELDS' requested relief should be denied.

Ground Fourteen.

> FIELDS claims that the Court erred by failing to hold an evidentiary hearing on the prejudice caused by FIELDS' stun belt and communications with the jury occurring outside FIELDS' presence.

The accused at a trial is entitled to certain rights and the presumption of innocence, and this must be balanced against the Court's obligation to safety and security.   Order at 127.   The security measures the Court employed did not violate FIELDS' rights because they were not prejudicial.   Order at 127.   The requirement of FIELDS to wear a stun belt under his clothing and having additional United States Marshals in the courtroom were reasonable and did not prejudice FIELDS.   Order at 128.

FIELDS also argues that counsel was deficient for failing to explain to the jury how the wearing of the stun belt adversely impacted on FIELDS' demeanor.   As the Court pointed out,

common sense suggests that counsel wanted to avoid telling the jury that FIELDS was wearing a stun belt.   In addition, FIELDS was representing himself pro se.   He never mentioned it, objected to it, nor complained of it.   Perhaps because he did not want the jury to know either.

FIELDS also complains about the jurors being escorted to their cars.   FIELDS has not established that this reasonable security measure prejudiced FIELDS.   Order at 129.   FIELDS' requested relief should be denied.

II.     The Court erred when it declined to issue a Certificate of Appealability.

The Court did not err when it declined to issue a Certificate of Appealability because it considered the record, the filings, the findings and conclusions, as well as the requirements of Title 28, United States Code, Section 2253.   FIELDS has failed to make a substantial showing of the denial of a constitutional right, and his requested relief should be denied.

III.     Motion for New Trial.

The Court correctly denied FIELDS' motion for a new trial in that it was filed after three years following the jury's finding of guilt and recommendation to impose the death penalty in early 2004.   Order at 136.   FIELDS' requested relief should be denied.

IV.     Motions for Reconsideration of Denial of Discovery and DNA Testing.

FIELDS is not entitled to discovery as a matter of course.   See Bracy v. Gramley, 520 U.S. 899, 904 (1997).   FIELDS is not entitled to §2255 relief with respect to any of his claims.   Order at 15.   FIELDS has failed to demonstrate that any of his requests will yield evidence to support any of his grounds for relief.   Order at 15.

FIELDS also wants DNA testing.   Title 18, United States Code, Section 3600 sets forth the elements that must be proven before a district court may order DNA testing.   Order at 16.

15

The Government presented compelling evidence of guilt at FIELDS' trial. DNA testing would not raise a reasonable probability of FIELDS' actual innocence with regard to the murder of Ms. Coleman. Order at 17. FIELDS asserts that a "fishing expedition" might reveal someone else's DNA somewhere in the evidence. Even if that fact were true, that would not negate the overwhelming evidence, including witness testimony, phone records, and documentary evidence, that convicted FIELDS of murder. FIELDS' motion is without merit and should be denied. Order at 17.

V.     Motion for Reconsideration of the Denial for Authorization of Funds for Expert Assistance.

FIELDS wants a trauma expert and has asked for funds to secure such an expert. The Court has already authorized the expense of Dr. George W. Wood, a licensed physician specializing in psychiatry and neuropsychiatry who examined FIELDS in federal prison and provided an affidavit on his findings as to FIELDS' mental condition, his developmental background, including the potential impact of trauma on FIELDS' behavior. Order at 13. There is no need to authorize funds for a separate trauma expert, and it is not reasonably necessary. Order at 13. FIELDS' requested relief should be denied.

VI.     Reconsideration of Recusal.

In FIELDS' Rule 59(e) Motion, he asks the Court to recuse itself for various reasons, including that FIELDS believes the Court has some bias or prejudice.

The Government does not believe that FIELDS has established any actual bias or prejudice or anything which could lead a reasonable person in possession of all the facts to conclude that any bias or prejudice is present from any comments or rulings adverse to FIELDS, either at trial or in connection with any post-conviction matter. United States v. Merkt, 794 F.2d 950, 960 (5th Cir.

1986) (citations omitted); Title 28, United States Code, Section 455; <u>Henderson v. Department of Public Safety and Corrections</u>, 901 F.2d 1288, 1295 (5th Cir. 1990); <u>Crawford v. U. S. Department of Homeland Security</u>, 245 Fed.Appx. 369, 383 (5th Cir. 2007); <u>United States v. Schoenhoff</u>, 919 F.2d 936, 940 (5th Cir. 1990); <u>United States v. Mizell</u>, 88 F.3d 288, 299-300 (5th Cir. 1996); <u>Liteky v. United States</u>, 510 U.S. 540, 550-51 (1994).   To the contrary the record is full of examples of the Court bending over backwards to accommodate FIELDS and insure a fair trial.

<u>Conclusion</u>.

The Government respectfully asks the Court to deny FIELDS' motion for Rule 59(e) relief and all other post-conviction motions.

<div style="margin-left: 40%;">

Respectfully submitted,

ROBERT PITMAN
United States Attorney

/s/ *Gregory S. Gloff*

By:   GREGORY S. GLOFF
Assistant United States Attorney

</div>

<div style="text-align: center;"><u>CERTIFICATE OF SERVICE</u></div>

This is to certify that on the 25th day of February, 2013, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/EF participant:

<div style="margin-left: 40%;">

/s/ <u>*Gregory S. Gloff*</u>
GREGORY S. GLOFF
Assistant United States Attorney

</div>

<div style="text-align: center;">17</div>

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION


SHERMAN LAMONT FIELDS,         *
        Movant,           *
                       *     CRIMINAL NO. W-01-CR-164(1)
V.                     *
                       *     CIVIL NO. W-09-CV-009
UNITED STATES OF AMERICA,   *
        Respondent       *


### O R D E R

On this day came on to be heard the Government's Responses, and the Court having considered said motions and the Government's response thereto, hereby ORDERS, that Movant's motions be GRANTED/DENIED.

SIGNED, this _____ day of _____, 2013.


                               _____

                               WALTER S. SMITH, JR.
                               UNITED STATES DISTRICT JUDGE