## IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

## WACO DIVISION

| | | |
|---|---|---|
| **SHERMAN LAMONT FIELDS,**<br>**Movant,** | §<br>§<br>§ | **CIVIL NO. W-09-CV-009** |
| **v.** | §<br>§<br>§ | **CRIMINAL NO. W-01-CR-164 (1)** |
| **UNITED STATES OF AMERICA,**<br>**Respondent.** | §<br>§ | |

### O R D E R

Before the Court are several post-judgment motions filed by Movant Sherman Lamont Fields.  (Docs. 336, 337, 338, 339, 340, and 345).  Among other convictions and sentences, Movant Sherman Lamont Fields was convicted of capital murder and sentenced to death.  He challenged the constitutionality of his convictions and sentences under 28 U.S.C. § 2255, raising forty-nine grounds for relief.  (*See* Docs. 297, 298, 300, and 318).  Pursuant to Federal Rule of Criminal Procedure 33, Movant also filed a Motion for New Trial.  (*See* Docs. 300 and 318).

On September 25, 2012, the Court denied Movant's § 2255 motion as amended and his motion for new trial as amended.  (*See* Doc. 334).  The Court further denied Movant's first motion for discovery (Doc. 327), his motion for production of scientific examination and possible DNA testing (Doc. 330), and his motion seeking the authorization of funds for the expert assistance, namely a trauma expert (Doc. 329).  (*Id.* at 12-17).  Movant seeks reconsideration of these decisions through the following motions:

(1)    Motion for Reconsideration of the Denial of Movant's Motion for Leave to Compel Production of Physical/Biological Evidence for Defense Examination and Possible DNA Testing ("DNA Reconsideration Motion") (Doc. 337);[1]

(2)    Motion for Reconsideration of the Denial of Movant's Motion for Authorization of Funds for Expert Assistance ("Expert Reconsideration Motion") (Doc. 338);

(3)    Motion to Vacate, Alter or Amend the Court's Order Denying [Movant's] Motion for a New Trial and to Vacate, Set Aside and Correct Conviction and Death Sentences, and for Relief from Judgment ("Rule 59(e) Motion for Reconsideration") (Doc. 340); and

(4)    Motion for Reconsideration of Movant's First Motion for Discovery ("Discovery Reconsideration Motion") (Doc. 345).[2]

Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."[3] A district court has considerable discretion in determining whether a case should be reopened under Rule 59(e), striving to strike "the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the

---

[1] Movant filed a duplicate DNA Reconsideration Motion that was docketed by the Court as Document No. 336. The Clerk of Court is directed to remove this duplicate motion as a pending matter in this case.

[2] Movant seeks leave to exceed the five-page limitation with respect to his reply in further support of his various motions for reconsideration. (Doc. 362). In contending that it was not possible to meet the traditional five-page limit, Movant's reply brief in connection with his four motions for reconsideration totals 50 pages. (See Doc. 361). For good cause shown, the Court finds that Movant's motion to exceed the page limitations has merit and should be granted.

[3] The Federal Rules of Civil Procedure are applicable pursuant to Rule 12 of the Rules Governing Section 2255 Proceedings.

basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A Rule 59(e) motion "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003)). Relief is also appropriate under Rule 59(e) "when there has been an intervening change in the controlling law." *Schiller*, 342 F.3d at 567.

In his Rule 59(e) Motion for Reconsideration, Movant urges the Court to reconsider many of the grounds for relief that were rejected in the September 25, 2012, Order. (*See* Doc. 340). Movant contends that the Court erred by not allowing Movant the opportunity to develop his claims though discovery and an evidentiary hearing. (*Id.*). Specifically, Movant complains that the Court:

(1)    improperly decided Movant's mental health claims by failing to conduct an evidentiary hearing and relying instead on subjective analysis;

(2)    failed to conduct an evidentiary hearing regarding Movant's claims that he did not consent to standby counsel's role in Court conferences;

(3)     failed to conduct an evidentiary hearing regarding Movant's right to exercise preemptory challenges;

(4)     failed to conduct an evidentiary hearing regarding Movant's claims that he was not present at chamber conferences;

(5)     improperly decided Movant's claim concerning his right to testify at trial by failing to conduct an evidentiary hearing and relying instead on subjective analysis;

(6)     failed to conduct an evidentiary hearing concerning Movant's claims of actual innocence;

(7)     failed to conduct an evidentiary hearing concerning Movant's claims that the Government presented evidence and testimony it knew or should have known to be false;

(8)     failed to conduct an evidentiary hearing as to Movant's claims that counsel failed to conduct an adequate pre-trial investigation;

(9)     failed to conduct an evidentiary hearing regarding Movant's claims that the Government did not disclose the details of a witness's immunity deal, certain notes prepared by a jail-house informant, and other potentially exculpatory evidence;

(10)    failed to order discovery and conduct an evidentiary hearing regarding Movant's claims that counsel did not conduct a competent penalty-phase investigation;

(11)    failed to allow discovery and conduct an evidentiary hearing regarding Movant's claims that certain jury instructions to continue deliberations were coercive;

(12)    failed to conduct an evidentiary hearing regarding Movant's claims relating to courtroom security, the conditions of pre-trial confinement, and the right of self-representation pertaining to the Court's requirement that Movant wear a stun belt throughout the proceedings;

(13)    failed to conduct an evidentiary hearing regarding Movant's claims related to his conditions of confinement and the effect on his right to self-representation; and

4

(14)  failed to conduct an evidentiary hearing regarding Movant's claims related to the prejudice caused by the use of a visible stun belt and certain communications with the jury outside of Movant's presence.

(*Id.* at 8-46).  Movant further seeks reconsideration of the Court's decision to deny his motion for a new trial as amended.  Finally, Movant contends that the Court erred when it declined to issue a Certificate of Appealability ("COA") on all issues presented in the § 2255 motion.  (*Id.* at 46-50).[4]

Petitioner has failed to meet the requirements of Rule 59.  In its September 12, 2012, Order, the Court provided extensive findings and conclusions with respect to Movant's forty-nine claims for relief raised in his § 2255 motion.  The arguments presented by Movant in his Rule 59(e) Motion for Reconsideration have already been fully briefed by the parties and evaluated by the Court.  Movant has neither establish a manifest error of law or fact, nor presented either newly discovered evidence or an intervening change in the prevailing law.  Movant's Rule 59(e) motion is not the "proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."  *Templet*, 367 F.3d at 478-79.  Accordingly, Rule 59(e) relief is not warranted in this case, and the Court will not reconsider its decision to deny Movant a COA.

---

[4] Embedded in his Rule 59(e) Motion for Reconsideration is Movant's request pursuant to 28 U.S.C. § 455 for the Court to recuse itself for purposes of considering same. (Doc. 340 at 50-54).  By Order entered on December 11, 2012, the Court considered and denied Movant's motion to recuse because he failed to establish any actual bias or prejudice on the part of the undersigned. (Doc. 355 at 2-5).

5

Movant also seeks reconsideration through various motions of the Court's decisions to deny Movant's first motion for discovery, his motion for production of scientific examination and possible DNA testing (Doc. 330), and his motion seeking the authorization of funds for the expert assistance, namely a trauma expert. Based on the reasoning set forth in the September 25, 2012, Order, however, the Court is not persuaded that it should revisit its decisions to deny each motion. The Court further concludes that it properly denied Movant's Motion for New Trial. Accordingly, it is

ORDERED that the Clerk of the Court is DIRECTED to remove Movant's duplicate DNA Reconsideration Motion (Doc. 336) as a pending matter in this case it is further

ORDERED that Movant's motion to exceed the page limitations pertaining to his reply brief (Doc. 362) is GRANTED. Movant's reply brief (Doc. 361) is deemed properly filed by the Clerk. It is further

ORDERED that Movant's DNA Reconsideration Motion (Doc. 337), Expert Reconsideration Motion (Doc. 338), Rule 59(e) Motion for Reconsideration (Doc. 340), and Discovery Reconsideration Motion (Doc. 345) are each DENIED.

SIGNED this __10__ day of June, 2013.

WALTER S. SMITH, JR.
United States District Judge