**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| SHERMAN LAMONT FIELDS, | ) | |
| | ) | Criminal Case No. W-01-CR-164 |
| Movant, | ) | Civil Case No. W-09-CV-009 |
| | ) | |
| v. | ) | |
| | ) | **THIS IS A CAPITAL CASE** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MOTION TO HOLD CASE IN ABEYANCE PENDING AUTHORIZATION**
**FROM THE FIFTH CIRCUIT**

Movant, Sherman Lamont Fields, through his undersigned counsel, hereby asks this Court to enter an order holding this case in abeyance pending the Fifth Circuit's decision authorizing him to file a successive § 2255 motion.

On January 30, 2004 Mr. Fields was convicted of one count of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c)(1). The underlying "crime of violence" for the § 924(c) charge was escape, 18 U.S.C. § 751(a). Mr. Fields was sentenced to death *solely* pursuant to his conviction under this statute.

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is too vague to provide adequate notice under the Due Process Clause of the Constitution. *Johnson v. United States,* 135 S. Ct. 2551 (2015). That clause, the Court held, cannot constitutionally define a "crime of violence" for purposes of the ACCA's sentence-enhancing provisions. *See id.* at 2557.

The residual clause of § 924(c), the statute under which Mr. Fields was convicted and sentenced to death, is materially indistinguishable from the clause *Johnson* invalidated. After

*Johnson,* escape fails to categorically qualify as a "crime of violence" under § 924(c). Therefore, Mr. Fields' conviction and its attendant death sentence are invalid.[1]

As detailed more fully in Mr. Fields' successive § 2255 motion, filed contemporaneously with this request, Mr. Fields is entitled to relief under 28 U.S.C. § 2255(a) because his § 924(c) conviction (1) violates his right to due process; (2) violates the laws of the United States and results in a miscarriage of justice; and (3) was entered in excess of this Court's jurisdiction. His motion is timely because it is filed within one year after the Supreme Court decided *Johnson.* *See* 28 U.S.C. § 2255(f)(3). Further, Mr. Fields is entitled to relief under 28 U.S.C. § 2255(h)(2) because *Johnson* established a "new rule of constitutional law" that has been "made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2); *Welch v. United States,* 136 S. Ct. 1257, 1265 (2016).

As required under 28 U.S.C. §§ 2244(b)(3)(C) and 2255(h), Mr. Fields is filing on this date an application asking the Fifth Circuit to authorize him to file a successive § 2255 motion asserting a claim based on *Johnson* and *Welch.* Pursuant to 28 U.S.C. § 2244(b)(3)(D), "[t]he Court of Appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion" seeking authorization.

The one-year limitations period to file a claim based upon *Johnson* will expire on June 26, 2016. Mr. Fields has filed his application with the Fifth Circuit on May 17, 2016, ensuring that the Court of Appeals has more than 30 days before the one-year limitations period ends to grant his request. Nevertheless, Mr. Fields recognizes that hundreds of federal prisoners will likely file claims based upon *Johnson* before the expiration of the one-year limitations period,

---

[1] Mr. Fields' successor § 2255 petition also challenges his noncapital convictions and sentences under § 924(c) on Count Five (using and carrying a firearm during and in relation to carjacking) and Count Seven (using and carrying a firearm during and in relation to escape) in light of *Johnson*.

with many seeking authorization to file successive § 2255 motions. This will impose a heavy burden on the Fifth Circuit to adjudicate applications for authorization within the 30-day period specified in 28 U.S.C. § 2244(b)(3)(2). So, in an abundance of caution, Mr. Fields is filing his successive § 2255 motion with this Court contemporaneously with the filing of his application for authorization. He now asks this Court to hold the motion in abeyance pending the Fifth Circuit's authorization to proceed, and to deem it timely filed when that authorization is given.

WHEREFORE, Mr. Fields asks this Court to hold his successive § 2255 motion in abeyance pending the Fifth Circuit's authorization to proceed.

Respectfully Submitted,

/s/ Jeffrey Ellis
JEFFREY ELLIS
OREGON CAPITAL RESOURCE CENTER
Oregon Bar Number 102990
Texas Bar Number 24034132
621 SW Morrison St., Suite 1025
Portland, OR 97205
(206) 218-7076
jeffreyerwinellis@gmail.com


PETER J. ISAJIW
KING & SPALDING LLP
New York Bar Number 4151239
1185 Avenue of the Americas
New York, NY 10036
(212) 556-2100
pisajiw@kslaw.com

Counsel for Sherman Lamont Fields

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 17th day of May, 2016, a copy of the foregoing Motion to Hold Case in Abeyance Pending Authorization From The Fifth Circuit was served via the CM/ECF electronic filing system upon:

Gregory S. Gloff, United States Attorney
Western District of Texas
800 Franklin, Suite 280
Waco, TX  76701
Greg.Gloff@usdoj.gov

Joseph H. Gay, Jr., United States Attorney
Western District of Texas
601 N.W. Loop 410, Suite 600
San Antonio, TX  78216
Joseph.Gay@usdoj.gov

Jennifer Sheffield Freel, United States Attorney
Western District of Texas
816 Congress Avenue, Suite 1000
Austin, TX  78701
jennifer.freel@usdoj.gov

/s/ Jeffrey Ellis
Jeffrey Ellis
