IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

SHERMAN LAMONT FIELDS,
          Movant,

v.
                                    No.     6:16-cv-00132-LY
                                    (6:01-cr-00164-LY-1)

UNITED STATES OF AMERICA,
          Respondent.

## GOVERNMENT'S MOTION TO DISMISS FIELDS'S MOTION TO VACATE

COMES NOW the United States of America, by and through the United States Attorney for the Western District of Texas and the undersigned counsel and hereby moves to dismiss Sherman Lamont Fields's Motion to Vacate Conviction Under 28 U.S.C. § 2255. (Doc. 377). Fields filed the motion to vacate on May 17, 2016. (*Id.*). Simultaneously, he filed a motion asking this Court to hold the case in abeyance pending authorization from the United States Court of Appeals for the Fifth Circuit. (Doc. 378). This Court granted that motion. (Text Oder entered May 19, 2016). As explained below, the Fifth Circuit denied Fields's request for leave to file a successive § 2255 motion; therefore, this Court has no jurisdiction over the matter and must dismiss the motion to vacate.

## FACTUAL & PROCEDURAL BACKGROUND

In 2001, Fields escaped from federal custody and murdered his former girlfriend. While a fugitive, Fields also carjacked a woman. In 2004, a jury convicted Fields of seven charges stemming from his escape and the resulting crime spree. The jury recommended the death penalty, and the district court sentenced Fields to death. On direct appeal, the Fifth Circuit affirmed Fields's conviction and sentence. *United States v. Fields*, 483 F.3d 313 (2007), *cert. denied*, 552 U.S. 1144. Fields subsequently sought habeas corpus relief by filing a first motion under § 2255, which the

district court denied. The Fifth Circuit refused Fields's request for a Certificate of Appealability of that decision. *United States v. Fields*, 761 F.3d 443 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 2803. On May 17, 2016, Fields filed the successive § 2255 motion pending before this Court.

## **DISCUSSION**

Successive habeas corpus petitions are controlled by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA provides that a second or successive motion under § 2255 must be certified by a panel of the court of appeals before it may be maintained in this Court. 28 U.S.C. § 2255(h). Indeed, Section 2244 mandates that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Fields has acknowledged this requirement. (Doc. 378, p. 2). Indeed, he stated that he filed his Motion to Vacate with this Court "out of an abundance of caution" and sought an abeyance "pending the Fifth Circuit's authorization to proceed." (Doc. 378, p. 3).

Recently, the Fifth Circuit denied Fields's request for authorization to proceed with his successive habeas corpus motion. *In re Fields*, No. 16-50521, slip op., __ F.3d __ (5th Cir. June 17, 2016). Contrary to Fields's assertions, the Fifth Circuit held the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), did not apply to Fields's convictions under 18 U.S.C. § 924(c). *Id.* at p. 2. It thus concluded that Fields had "not demonstrated that he is entitled to authorization to proceed based on *Johnson*." *Id.* at p. 3. The Fifth Circuit's decision is final and cannot be reviewed by the court *en banc* or by the United States Supreme Court. *See* 28 U.S.C. § 2244(b)(3)(E) (dictating that such a denial "shall not be appealable and shall not be the subject of

a petition for rehearing or for a writ of certiorari").

Without authorization from the Fifth Circuit, Fields cannot proceed with the pending motion to vacate. This Court lacks jurisdiction to consider the motion. *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010) (describing the requirement that a movant secure leave from the appellate court before filing a successive § 2255 motion as "a jurisdictional bar"); *United States v. Scruggs*, 691 F.3d 660, 666 n14 (5th Cir. 2012); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (holding a district court lacks jurisdiction to consider a successive habeas petition unless the court of appeals has granted the petitioner permission to file such a petition). Therefore, the pending motion to vacate must be dismissed.

Respectfully submitted,

RICHARD L. DURBIN, JR.
United States Attorney

By: */s/ Jennifer S. Freel*
Jennifer S. Freel
Assistant United States Attorney
816 Congress Avenue, Suite 1000
Austin, TX 78701
Tel: 512/916-5858
Fax: 512/916-5855
Texas State Bar No. 24051327

## CERTIFICATE OF CONFERENCE

I certify that I conferred with Jeff Ellis, counsel for Fields, on June 20, 2016. Fields is opposed to this motion.

s/ Jennifer S. Freel
JENNIFER S. FREEL
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of June 2016, a true and correct copy of the forgoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System, which will transmit notification of such filing to the following CM/ECF participants:

Jeffrey E. Ellis
Oregon Capital Resource Center
621 SW Morrison St.
Suite 1025
Portland, OR 97205
(206) 218-7076
Email: jeffreyerwinellis@gmail.com

Peter J. Isajiw
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036
212 556-2235
Fax: 212-556-2222
Email: pisajiw@kslaw.com

Attorneys for Sherman Lamont Fields

/s/
JENNIFER S. FREEL
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

SHERMAN LAMONT FIELDS,
          Movant,

v.

UNITED STATES OF AMERICA,
          Respondent.

No.    6:16-cv-00132-LY
(6:01-cr-00164-LY-1)

## <u>ORDER DISMISSING MOTION TO VACATE</u>

Came on to be heard the United States of America's Motion to Dismiss Fields's Motion to Vacate, and the Court having been duly and fully apprised in all its premises is of the opinion that said Motion is meritorious and should be, and hereby is, in all things GRANTED.

IT IS THEREFORE ORDERED that the Motion to Vacate Conviction Under 28 U.S.C. § 2255 is DISMISSED. (Doc. 377). This case is, therefore, CLOSED.

IT IS SO ORDERED.

SIGNED on this the _____ day of _____, 2016.

                                        Lee Yeakel
                                        United States District Judge