# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50521

United States Court of Appeals
Fifth Circuit

**FILED**

June 17, 2016

Lyle W. Cayce
Clerk

In re:  SHERMAN LAMONT FIELDS,

    Movant

---

Motion for an order authorizing
the United States District Court for the
Western District of Texas to consider
a successive 28 U.S.C. § 2255 motion

---

Before JONES, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:

Sherman Fields, a federal death row prisoner, moves for authorization to file a successive 28 U.S.C § 2255 motion.  He may file a successive motion if he makes a prima facie showing that his motion "contain[s]" either "newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty," or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h); *Reyes-Requena v. United States*, 243 F.3d 893, 897–98 (5th Cir. 2001).

Fields was convicted on seven counts, including three under 18 U.S.C. § 924(c), one of which carried the death penalty.  Section 924(c)(3)(B) states:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and

No. 16-50521

. . . .

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(B). In *Johnson v. United States*, 135 S. Ct. 2551, 2555–57, 2563 (2015), the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. Fields seeks application of *Johnson* to the differently worded "crime of violence" definition quoted above.

*Johnson* announced a new rule of constitutional law that has been made retroactive by the Supreme Court to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264–65 (2016). However, *Johnson* did not address section 924(c)(3)(B). Moreover, courts of appeals are split on whether to grant permission to file a successive 2255 petition based on the argument that *Johnson* applies to section 924(c)(3)(B). *Compare Berry v. United States*, No. 16-71332 (9th Cir. June 2, 2016) (per curiam) (granting permission to file a successive motion); *In re Pinder*, No. 16-12084, 2016 WL 3081954, at *2 (11th Cir. June 1, 2016) (per curiam) (same); *In re Chapman*, No. 16-246 (4th Cir. May 3, 2016) (per curiam) (same); *Ruiz v. United States*, No. 16-1193 (7th Cir. Feb. 19, 2016) (per curiam) (same); *Freeman v. United States*, No. 15-3687 (2d Cir. Jan. 26, 2016) (per curiam) (same), *with Turner v. United States*, No. 16-1145 (1st Cir. May 4, 2016) (per curiam) (denying permission to file a successive motion). This disagreement among lower court judges demonstrates that the Supreme Court has not taken a position on whether *Johnson* applies to section 924(c)(3)(B). Further, even if *Johnson* does apply to that provision, the Supreme Court has not addressed whether this arguably new rule of criminal procedure applies retroactively to cases on collateral

No. 16-50521

review.    Fields has therefore not demonstrated that he is entitled to authorization to proceed based on *Johnson*.

IT IS ORDERED that Fields's motion for authorization is **DENIED**.

**Certified as a true copy and issued
as the mandate on Jun 17, 2016**

**Attest:**

**Clerk, U.S. Court of Appeals, Fifth Circuit**

3