**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| SHERMAN LAMONT FIELDS, | ) | |
| | ) | No. 6:16-cv-132-LY |
| Movant, | ) | (No. 6:01-cr-164-LY-1) |
| | ) | |
| v. | ) | |
| | ) | **THIS IS A CAPITAL CASE** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**OPPOSITION TO MOTION TO DISMISS AND**
**REQUEST TO CONTINUE HOLDING CASE IN ABEYANCE**

Sherman Lamont Fields hereby requests that this Court deny the Government's motion to dismiss Fields's successor challenge to his conviction pursuant to 28 U.S.C. § 2255. The Court should continue holding the successive § 2255 motion in abeyance pending a decision by the Supreme Court of the United States on Fields's original habeas petition and mandamus petition, which undersigned counsel will file as soon as possible.

The Government's motion to dismiss (Dkt. 380) should be denied because it mischaracterizes what Fields has asked this Court to do: Wait for an appellate court to authorize a successive § 2255 motion. A month ago, the Court granted Fields's motion to hold this case in abeyance while he seeks the requisite authorization. The Court should continue to hold the case in abeyance while Fields pursues further relief along those lines in the Supreme Court.

## BACKGROUND

On January 30, 2004, Fields was convicted of one count of using a firearm during and in relation to a "crime of violence," in violation of 18 U.S.C. § 924(c)(1). The underlying "crime of violence" for the § 924(c) charge was escape within the meaning of 18 U.S.C. § 751(a). Fields was sentenced to death *solely* pursuant to his § 924(c) conviction.

On May 18, 2016, Fields moved the Fifth Circuit to authorize a successive § 2255 motion claiming that, under the constitutional holding of *Johnson v. United States*, 135 S. Ct. 2551 (2015), escape cannot qualify as a "crime of violence" within the meaning of § 924(c). In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court expressly held that *Johnson* applies retroactively to cases on collateral review. Fields argued that, since *Johnson* invalidated a residual clause from a neighboring subsection that is materially indistinguishable from that in § 924(c), Fields met the gatekeeping requirements of 28 U.S.C. § 2244(b)(3)(C) and § 2255(h)(2) and could therefore file a successive § 2255 motion in this Court. That, in turn, would allow this Court to decide whether the new rule announced in *Johnson* and made retroactive in *Welch* governs § 924(c).

To safeguard his rights in this capital case, Fields also filed a successive § 2255 motion in this Court (Dkt. 377), and sought a stay pending a decision from the Fifth Circuit (Dkt. 378). On May 19, 2016, this Court entered a text order holding the successive § 2255 motion in abeyance.

On June 17, 2016, the Fifth Circuit denied authorization to file, reasoning that "Fields has . . . not demonstrated that he is entitled to authorization to proceed

based on *Johnson*" because "courts of appeals are split on whether to grant permission to file a successive 2255 petition based on the argument that *Johnson* applies to section 924(c)(3)(B)." *In re Fields*, No. 16-50521, slip op. at 2 (5th Cir. June 17, 2016) (per curiam). The Fifth Circuit ultimately held that Fields cannot file a successive § 2255 motion because the Supreme Court has not taken a position on whether *Johnson* applies retroactively to § 924(c). *Id.*

In the coming weeks, undersigned counsel will work diligently to file an original habeas petition and a mandamus petition on Fields's behalf in the Supreme Court. *See, e.g.*, *Felker v. Turpin*, 518 U.S. 651, 658–62 (1996) (holding that availability of original habeas protects AEDPA against a constitutional challenge); *In re Davis*, 557 U.S. 952 (2009) (transferring original habeas petition to district court for a hearing and determination). This represents Fields's only available method for seeking resolution of the lopsided circuit split that has now been deepened by the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3)(E). If the Supreme Court grants a writ of mandamus directing the Fifth Circuit to authorize a successive § 2255 motion, then this Court will be able to take up Fields's *Johnson* claim against § 924(c).

## ARGUMENT

This Court should continue holding the successive § 2255 motion in abeyance because Fields may yet receive the requisite authorization. The Government will not be prejudiced by a short extension of the stay while the Supreme Court considers this matter.

In denying authorization to Fields, the Fifth Circuit has mishandled AEDPA's gatekeeping inquiry in a way that deepens both an *inter*-circuit split and an *intra*-circuit split. Prior to the Fifth Circuit's decision, five sister circuits had authorized successive § 2255 motions by prisoners who, like Fields, seek to bring a *Johnson* claim with respect to § 924(c)'s residual clause, compared to just one sister circuit that had denied such authorization. *See, e.g.*, *In re Pinder*, No. 16-12084, 2016 WL 3081954 (11th Cir. June 1, 2016) (per curiam); *In re Chapman*, No. 16-246 (4th Cir. May 3, 2016) (per curiam); *Ruiz v. United States*, No. 16-1193 (7th Cir. Feb. 19, 2016) (per curiam); *Freeman v. United States*, No. 15-3687 (2d Cir. Jan. 26, 2016) (per curiam); *Wilson v. United States*, No. 15-73778 (9th Cir. June 10, 2016); *but see Turner v. United States*, No. 16-1145 (1st Cir. May 4, 2016) (per curiam).

Moreover, the Fifth Circuit has on at least two occasions granted leave to file successive § 2255 motions raising *Johnson* claims against the residual clause found in U.S.S.G. § 4B1.2(a)(2). *See, e.g.*, *In re Holston*, No. 16-50213 (5th Cir. May 17, 2016) (per curiam); *In re Rodriguez*, 16-10393 (5th Cir. May 17, 2016) (per curiam); *see also In re Arnick*, No. 16-10328 (5th Cir. June 17, 2016) (per curiam) (noting that nine of the Fifth Circuit's active judges oppose this result, while six support it).

Fields needed only make "a prima facie showing" that his proposed claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" to obtain leave to file a successive § 2255 motion raising a *Johnson* claim. 28 U.S.C. §§ 2244(b)(3)(C), 2255(h)(2). The Fifth Circuit has placed an unduly onerous burden on Fields and

4

improperly delved into the merits of his claim—a role Congress reserved for this Court. *See, e.g.*, *In re Wood*, No. 14-11374, 2016 WL 2772275, at \*2 (5th Cir. May 12, 2016) (per curiam) (citing *In re Campbell*, 750 F.3d 523, 530 (5th Cir. 2014)). Because sister circuits, and even other panels of the Fifth Circuit, have required far less of similarly situated prisoners to file successive § 2255 motions raising *Johnson* claims, Fields will promptly seek Supreme Court review by filing an original habeas petition and a mandamus petition.

Finally, the jurisdictional argument in the Government's motion to dismiss is unsound. To be sure, this Court does not yet have "jurisdiction to hear [Fields's] claims," because the authorization required by § 2244(b) has not been granted. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). But Fields is not asking this Court to hear any of his claims at this time or otherwise take jurisdiction of his successive § 2255 motion. Accordingly, this Court should exercise its discretion to extend the stay pending resolution of Fields's petitions by the Supreme Court. *See, e.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (Cardozo, J.) (recognizing "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *Allure Energy Inc. v. Honeywell Int'l, Inc.*, 2015 WL 4207243, at \*1 (W.D. Tex. July 2, 2015) ("District courts have broad discretion to manage their dockets, including the power to grant a stay of proceedings.").

## CONCLUSION

This Court should continue holding Fields's successive § 2255 motion in abeyance pending a decision from the Supreme Court. Undersigned counsel will promptly apprise this Court of any developments in the Supreme Court.

Respectfully submitted,

/s/ Jeffrey Ellis
JEFFREY ELLIS
621 SW Morrison St., Suite 1025
Portland, OR 97205
(206) 218-7076
jeffreyerwinellis@gmail.com


PETER J. ISAJIW
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036
(212) 556-2100
pisajiw@kslaw.com

Counsel for Sherman Lamont Fields

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 21st day of June, 2016, a copy of the foregoing document was served via the CM/ECF electronic filing system upon:

Gregory S. Gloff, United States Attorney
Western District of Texas
800 Franklin, Suite 280
Waco, TX  76701

Mark L. Frazier, United States Attorney
Western District of Texas
800 Franklin, Suite 280
Waco, TX  76701

Joseph H. Gay, Jr., United States Attorney
Western District of Texas
601 N.W. Loop 410, Suite 600
San Antonio, TX  78216

Jennifer Sheffield Freel, United States Attorney
Western District of Texas
816 Congress Avenue, Suite 1000
Austin, TX  78701

Office of the United States Attorney
Western District of Texas
800 Franklin, Suite 280
Waco, TX  76701

/s/ Jeffrey Ellis
Jeffrey Ellis

7