## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| SHERMAN LAMONT FIELDS, | ) | |
| | ) | Criminal Case No. |
| Movant, | ) | 6:01-cr-00164-LY-1 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **THIS IS A CAPITAL CASE** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## SUCCESSIVE MOTION FOR COLLATERAL RELIEF AND TO VACATE CONVICTIONS AND SENTENCES PURSUANT TO 28 U.S.C. § 2255 AND IN LIGHT OF _UNITED STATES V. DAVIS_, 139 S. CT. 2319 (2019)

Movant Sherman Lamont Fields, through undersigned counsel, respectfully requests, pursuant to 28 U.S.C. § 2255 and in light of _United States v. Davis_, 139 S. Ct. 2319 (2019), that this Court set aside the judgments entered against him on Counts Three and Seven of the superseding indictment. Mr. Fields states the following grounds for granting this motion:

## INTRODUCTION

The Supreme Court recently held that the residual clause of 18 U.S.C. § 924(c) is unconstitutionally vague. _United States v. Davis_, 139

1

S. Ct. 2319, 2336 (2019). Under *Davis*, a predicate offense qualifies as a crime of violence to support a § 924(c) conviction only if it meets the definition of crime of violence in § 924(c)'s elements clause. The predicate "crimes of violence" underlying Mr. Fields' § 924(c) convictions were escape/conspiracy (Count Three), escape (Count Seven), and carjacking (Count Five). Escape and conspiracy are not crimes of violence under § 924(c)'s elements clause. Consequently, there are no valid predicates for Mr. Fields' Count Three § 924(c) conviction and death sentence or his Count Seven § 924(c) conviction. Mr. Fields also seeks to preserve his claim, currently precluded by Fifth Circuit law, that his conviction for Count Five is invalid as a result of *Davis*. Accordingly, for the reasons set out below, Mr. Fields respectfully asks this Court to grant his § 2255 motion and vacate his § 924(c) convictions and sentences.

BACKGROUND AND PROCEDURAL HISTORY

## I.    Trial, Sentencing, and Direct Appeal

On May 13, 2003, the Government filed an second superseding indictment charging Mr. Fields as follows:

- Count One, conspiracy, in violation of 18 U.S.C. §§ 371, 751, and 1791;

- Count Two, escape from custody and aiding and abetting escape, in violation of 18 U.S.C. §§ 751(a) and 2;

2

- Count Three, using and carrying a firearm during and in relation to a crime of violence (conspiracy and/or escape as charged in Counts One and Two), causing death, in violation of 18 U.S.C. §§ 924(c)(1) and (j) and 2;

- Count Four, carjacking, in violation of 18 U.S.C. § 2119;

- Count Five, using and carrying a firearm during and in relation to a crime of violence (carjacking), in violation of 18 U.S.C. § 924(c)(1)(A)(ii);

- Count Six, being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(c)(2); and

- Count Seven, using and carrying a firearm during and in relation to a crime of violence (escape), in violation of 18 U.S.C. § 924(c)(1).

Doc. 57 at 5-13.[1] On May 23, 2003, the Government filed notice of its intent to seek the death penalty should Mr. Fields be convicted of Count Three. Doc. 63.

Mr. Fields represented himself during the guilt phase of his trial. Docs. 132; 133. The jury convicted him on all counts. Doc. 182. Mr. Fields was represented by counsel during the penalty phase of his trial. Doc. 188. The jury returned a verdict of death on Count Three. Doc. 207. On April 7, 2004, Judge Walter S. Smith of this Court imposed sentences on

---

[1] Unless otherwise indicated, all documents cited as "Doc." refer to Mr. Fields' criminal proceedings, *United States v. Fields*, No. 6:01-cr-00164-LY-1.

all counts. Docs. 227; 230.

The Fifth Circuit affirmed Mr. Fields' convictions and sentences. *United States v. Fields*, 483 F.3d 313, 362 (5th Cir. 2007). The Supreme Court denied certiorari. *Fields v. United States*, No. 07-6395, 552 U.S. 1144 (2008) (mem.).

## II.    First § 2255 Motion

Mr. Fields timely filed a motion for relief under 28 U.S.C. § 2255 on January 14, 2009, and an amended § 2255 motion on April 12, 2010. Docs 297; 318.[2] Judge Smith denied Mr. Fields' § 2255 motion and denied a certificate of appealability. Doc. 334. The Fifth Circuit also denied a certificate of appealability. *United States v. Fields*, 761 F.3d 443, 484 (5th Cir. 2014). The Supreme Court denied certiorari. *Fields v. United States*, No. 14-772, 135 S. Ct. 2803 (2015) (mem.).

## III.    Collateral Proceedings Following *Johnson v. United States*

On May 18, 2016, Mr. Fields applied to the Fifth Circuit for leave to file a successive § 2255 motion in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015)—which held that the residual clause in the Armed

---

[2] When Mr. Fields filed his § 2255 motion, this Court opened a civil docket under cause number 6:09-cv-00009-WSS for "statistical purposes," but ordered that all documents in the § 2255 action be filed under the original criminal cause number.

Career Criminal Act (ACCA) (18 U.S.C. § 924(e)(2)(B)) was unconstitutionally vague—and *Welch v. United States*, 136 S. Ct. 1257 (2016)—which held that *Johnson* applied retroactively.[3] The court denied Mr. Fields application on June 17, 2016, noting that "*Johnson* did not address section 924(c)(3)(B)" and "courts of appeals are split on whether to grant permission to file a successive 2255 petition based on the argument that *Johnson* applies to section 924(c)(3)(B)." *In re Fields*, 826 F.3d 785, 786 (5th Cir. 2016).

Mr. Fields subsequently filed a petition for a writ of habeas corpus and petition for a writ of mandamus also in light of *Johnson*; the Government filed a consolidated brief in response to both.[4] The Supreme Court denied both petitions on March 20, 2017. *In re Fields*, Nos. 16-293 and 16-294, 137 S. Ct. 1326 (2017) (mem.).

---

[3] On May 17, 2016, Mr. Fields filed in this Court a successive § 2255 motion and a motion to hold the case in abeyance while he applied to the Fifth Circuit for leave to file the motion. This Court held the case in abeyance. After the Fifth Circuit denied leave, this Court dismissed the successive § 2255 motion.

[4] Because the Government concedes in its consolidated brief that escape is not a crime of violence under the elements clause and that Count Three is invalid, Mr. Fields has included that brief as an attachment. In that brief, the Government specifically noted that: "If Section 924(c)(3)(B) were unconstitutionally vague, the crime of escape from custody under or by virtue of court order, would not qualify as a crime of violence under Section 924(c)(3)(A). Accordingly, *petitioner's sole capital conviction (Count 3) would be invalid . . . .*" Brief for the United States in Opposition, Nos. 16-293 and 16-294, at 11 n.2 (filed Feb. 6, 2017) (emphasis added) (citations omitted).

On October 26, 2016, Mr. Fields filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of Indiana. *See* Doc. 16, No. 2:16-cv-00418-JPH-MJD (Am. Pet.). The § 2241 case also raised *Johnson*'s impact on Fields' § 924(c) convictions. On January 7, 2020, Mr. Fields filed an unopposed motion to stay his § 2241 case while he applies for leave to file a successive § 2255 motion in light of *Davis*. *See* Doc. 90, No. 2:16-cv-00418-JPH-MJD (Mot. for Stay); Doc. 93, No. 2:16-cv-00418-JPH-MJD (Gov. Resp. stating that it does not oppose). That motion is pending.

## IV.    Statement of Facts Relevant to Mr. Fields' Claims

The claims that Mr. Fields raises herein challenge the constitutionality of his convictions under 18 U.S.C. § 924(c) and (j) for using a firearm resulting in death in connection with crimes of violence—specifically, escape from a federal institution and conspiracy to escape.[5] On direct appeal, the Fifth Circuit described his escape, the connected conspiracy, and the resultant death, as follows:

> Fields was arrested on federal firearms charges in September 2001. He was held in federal custody at the McClennan County Detention Center in Waco, Texas. In November 2001, Fields bribed a correctional officer—paying him $5000 in exchange for a key to the detention center's fire escape door.

---

[5] Mr. Fields was not charged with murder.

Using the key, Fields escaped.

After fleeing federal custody, Fields met up with a friend. Through this friend, Fields obtained a car and a .32 caliber revolver. That evening, Fields visited his ex-girlfriend, Suncerey Coleman, at Hillcrest Hospital in Waco, where she was attending to her newborn baby. Fields was angry with Coleman for seeing other men. After Fields and Coleman conversed for some time, Fields convinced her to leave the hospital with him. They drove to Downsville, Texas, a small town just outside of Waco. The two had sexual intercourse and then Fields shot Coleman twice in the head. After that, he dragged her dead body from the road into some underbrush to hide it.

*Fields*, 483 F.3d at 323-24.

## V.    Impact of *United States v. Davis*

Mr. Fields brings these claims pursuant to the Supreme Court's recent holding in *United States v. Davis*, 139 S. Ct. 2319 (2019), which invalidated a key provision of 18 U.S.C. § 924(c). Section 924(c) makes it a crime for any person to use or carry a firearm during and in relation to a crime of violence.

Prior to *Davis*, § 924(c) defined "crime of violence" in two alternate clauses. The "residual clause" defined a crime of violence as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(B). The "elements clause" defined a crime of

violence as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A).

In *Davis*, the Supreme Court held that the residual clause of § 924(c) is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. As a result, a conviction under § 924(c) can stand only if the charged predicate crime of violence falls under the elements clause—that is, if the predicate crime requires "as an element" the intentional use of physical force or the threat of use of such force. *See United States v. Reece*, 938 F.3d, 630, 635 (5th Cir. 2019) ("Because *Davis* rendered 18 U.S.C. § 924(c)(3)'s residual clause unconstitutional, Reece's three firearms convictions predicated on conspiracy to commit bank robbery can be sustained only if conspiracy to commit bank robbery can be defined as a COV under § 924(c)(3)'s elements clause.").

Further, this determination must be made using the "categorical approach." *United States v. Buck*, 847 F.3d 267, 274 (5th Cir. 2017). In other words, the analysis must focus solely on the language of the statute defining the elements of the charged predicate crime to determine whether any element requires the use, attempted use, or threatened use

of violence. *Reece*, 938 F.3d at 635. The determination is not based on the defendant's actual conduct. *Id.*

Finally, violations of § 924(j) require that the defendant has committed a violation of § 924(c). Section 924(j) criminalizes conduct causing the death of a person that occurs "in the course of a violation of subsection [924](c)." 18 U.S.C. § 924(j). In the absence of a violation of § 924(c), a defendant cannot be guilty of § 924(j).

## ARGUMENT

### I.    Mr. Fields is entitled to relief under § 2255.

#### A.    Mr. Fields' claims are cognizable under § 2255(a).

A petitioner is entitled to relief under § 2255(a) when his original conviction "was imposed in violation of the Constitution or laws of the United States," or is in excess of the court's jurisdiction. As explained below, those of Mr. Fields' convictions that are dependent on § 924(c)'s unconstitutionally vague residual clause violate the Due Process Clause of the Fifth Amendment, violate federal law, and exceed this Court's jurisdiction. Accordingly, this Court should grant him relief.

First, Mr. Fields' convictions that were dependent on § 924(c)'s unconstitutionally vague residual clause violate due process. "Vague laws contravene the 'first essential of due process of law' that statutes

must give people 'of common intelligence' fair notice of what the law demands of them." *Davis*, 139 S. Ct. at 2325 (quoting *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391 (1926)).

Second, Mr. Fields' § 924(c) convictions that were imposed under a now unconstitutional statutory scheme result in a miscarriage of justice. *See Davis v. United States*, 417 U.S. 333, 346-47 (1974) (holding that when an intervening decision establishes that a prisoner was convicted of "an act that the law does not make criminal . . . such a circumstance 'inherently results in a complete miscarriage of justice' and 'present(s) exceptional circumstances' that justify collateral relief under § 2255.").

Third, Mr. Fields' § 924(c) convictions for conduct that is now outside of the sweep of § 924(c) exceed this Court's jurisdiction. *See United States v. Brown*, 752 F.3d 1344, 1352 (11th Cir. 2014) (a jurisdictional defect exists "when the indictment affirmatively alleges conduct that does not constitute a crime at all because that conduct falls outside the sweep of the charging statute.").

Moreover, if this Court finds, as it must, that conspiracy and escape are not crimes of violence, Mr. Fields must be deemed actually innocent of the § 924(c) and (j) offenses premised on conspiracy and escape. *See*

10

*Reece*, 938 F.3d at 634 n.3 ("As *Davis* reaffirmed, 'a vague law is no law at all.' If Reece's convictions were based on the definition of [COV] articulated in § 924(c)(3)(B), then he would be actually innocent of those charges under *Davis*.") (brackets in original) (quoting *Davis*, 139 S. Ct. at 2323); *see also United States v. Moore*, -- F. App'x --, 2020 WL 564713, at *1 (10th Cir. Feb. 5, 2020).

### B.      Mr. Fields' claims are timely as required by § 2255(f).

Section 2255(f) imposes a one-year statute of limitations on § 2255 motions. This statute of limitations begins to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3). Here, the one-year statute of limitations began to run on June 24, 2019, the date on which the Supreme Court decided *Davis*. Mr. Fields has filed his request for relief before the expiration of this one-year period.

### C.      Mr. Fields' claims satisfy the provisions of § 2255(h)(2) because he has asserted a new rule of constitutional law made retroactive on collateral review by the Supreme Court.

The Fifth Circuit has recognized that *Davis* is retroactive to cases on collateral review. *See Reece*, 938 F.3d at 635 ("Having decided that *Davis* announced a new rule of constitutional law retroactively applicable

on a first habeas petition, we consider the merits of Reece's petition.").

Even if the Fifth Circuit had not yet reached this conclusion, law and logic would dictate this result because *Davis* meets each of the prerequisites for retroactive application. *Davis* (1) announced a rule of constitutional law (2) that was previously unavailable and (3) that was made retroactive to cases on collateral review by the Supreme Court. *See* § 2255(h)(2).

### 1.    *Davis* announced a rule of constitutional law.

*Davis'* rule was one of constitutional law. *Davis* held that 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague under the due process clause of the Fifth Amendment. *Davis*, 139 S. Ct. at 2336.

### 2.    *Davis* announced a new rule that was previously unavailable.

*Davis* announced a new rule. "[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989). "*Davis* easily meets" the criteria for establishing a new rule, as "the result in *Davis* was not apparent to all reasonable jurists." *Reece*, 938 F.3d at 634; *see also In re Hammoud*, 931 F.3d 1032, 1038 (11th Cir. 2019) (*Davis* is a new rule because it was not dictated by precedent or apparent to all

reasonable jurists); *In re Franklin*, 950 F.3d 909, 910-11 (6th Cir. 2020) (same); *United States v. Bowen*, 936 F.3d 1091, 1097-98 (10th Cir. 2019) (same); *In re Matthews*, 934 F.3d 296, 301 (3d Cir. 2019) (same).

Additionally, *Davis'* new rule was previously unavailable to Mr. Fields. The Supreme Court handed down its decision in *Davis* on June 24, 2019, well after Mr. Fields completed his direct appeal and initial § 2255 proceedings.

Moreover, the Fifth Circuit rejected Mr. Fields' earlier attempt to raise a constitutional vagueness challenge to his § 924(c) convictions. Following *Johnson* and *Welch*, Mr. Fields applied for leave to file a successive § 2255 motion so he could challenge his § 924(c) convictions. The court, however, denied authorization. *Fields,* 826 F.3d at 787.

### 3.    *Davis* is retroactive to cases on collateral review.

Finally, a new, previously unavailable rule of constitutional law must also have been made retroactive by the Supreme Court. In order for a rule to be made retroactive, it must be substantive and the Supreme Court must have either expressly identified the rule as retroactive or multiple Supreme Court holdings must "necessarily dictate retroactivity of the new rule." *Tyler v. Cain*, 533 U.S. 656, 666 (2001).

First, *Davis* is retroactive because it is substantive, not merely procedural. Although not all new rules of constitutional law provide a basis for post-conviction relief, new substantive rules are retroactive. *Welch*, 136 S. Ct. at 1264; *Teague*, 489 U.S. at 307, 311.

"A rule is substantive . . . if it alters the range of conduct or the class of persons that the law punishes." *Welch*, 136 S. Ct. at 1264-65 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). "This includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct . . . beyond the State's power to punish." *Welch*, 136 S. Ct. at 1265 (quoting *Schriro*, 542 U.S. at 353). In *Welch*, the Supreme Court found that *Johnson* was retroactive because it removed from the statute's reach people who had been subject to enhanced punishment under ACCA solely because of the statute's now-defunct residual clause. *Id.*

This reasoning applies with even more force here. Beyond altering sentences, *Davis* invalidates convictions for people once subject to § 924(c) liability based on predicate offenses that fell solely within the now-defunct § 924(c) residual clause. As such, *Davis* "narrow[s] the scope of a criminal statute" and "place[s] particular conduct . . . beyond the

State's power to punish." *Welch*, 136 S. Ct. at 1265 (quoting *Schriro*, 542 U.S. at 353).

The Fifth Circuit has recognized that "the rule announced in *Davis* meets the standard for a new substantive rule" because "the residual clause's invalidation narrows the scope of conduct for which punishment is now available." *Reece*, 938 F.3d at 635. Other appellate courts also have found that *Davis* is substantive, and, in turn, retroactive. *See Franklin*, 950 F.3d at 911; *In re Mullins*, 942 F.3d 975, 978-79 (10th Cir. 2019); *Hammoud*, 931 F.3d at 1037-39.

Second, § 2255(h)(2) imposes an additional requirement: the new rule must not only be retroactive, it must have been "made retroactive to cases on collateral review by the Supreme Court." § 2255(h)(2). To satisfy § 2255(h)(2), the Supreme Court must have expressly held that the new rule is retroactive on collateral review, or the Supreme Court's holdings in multiple cases must "necessarily dictate retroactivity of the new rule." *Tyler*, 533 U.S. at 666. While the Supreme Court has not yet made an express holding, *Davis* and *Welch* together dictate retroactivity.

15

Justice O'Connor explained in her concurrence in *Tyler* how the Supreme Court "can be said to have 'made'" a new rule retroactive through the holdings in multiple cases:

> [I]f we hold in Case One that a particular type of rule applies retroactively to cases on collateral review and hold in Case Two that a given rule is of that particular type, then it necessarily follows that the given rule applies retroactively to cases on collateral review. In such circumstances, we can be said to have 'made' the given rule retroactive to cases on collateral review.

533 U.S. at 668-69 (O'Connor, J., concurring); *see also Sparks*, 657 F.3d at 262 ("By the combined effect of the holding of *Graham* itself and the first *Teague* exception, *Graham* was therefore made retroactive on collateral review by the Supreme Court as a matter of logical necessity under *Tyler*.").

In *Welch*, the Supreme Court held that *Johnson*, which invalidated the ACCA's residual clause, established a substantive rule with retroactive application. *Welch*, 136 S. Ct. at 1265 ("*Johnson* is thus a substantive decision and so has retroactive effect under *Teague* in cases on collateral review."). *Davis* invalidated a nearly identical residual clause, noting, "In recent years, this Court has applied these [constitutional] principles to two statutes that bear more than a passing resemblance to § 924(c)(3)(B)'s residual clause." *Davis*, 139 S. Ct. at 2325.

16

*Welch* and *Davis* are straightforward examples of the Case One/Case Two framework that Justice O'Connor discussed in *Tyler*. Case One—*Welch*—held a particular type of rule is retroactive. Case Two—*Davis*—announced that same type of rule. The holdings of these two cases "logically permit no other conclusion than that the rule" in *Davis* is retroactive. *Tyler*, 533 U.S. at 669, (O'Connor, J., concurring).

## II.   *Davis* invalidates at least two of Mr. Fields' § 924(c) convictions because conspiracy and escape are not categorical crimes of violence.

Following *Davis*, a predicate for a § 924(c) count can be a crime of violence only under § 924(c)'s elements clause: a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A). "Whether a particular offense is a crime of violence is a question of law for the court to resolve." *Buck*, 847 F.3d at 274. In making such a determination, a court must "appl[y] a categorical approach, looking only to the statutory definitions—i.e., the elements—of a defendant's offense, and not to the particular facts underlying the convictions." *Id.; accord Davis*, 139 S. Ct. at 2326-30; *Reece*, 938 F.3d at 635.

*Davis* clearly invalidates Mr. Fields' convictions for Counts Three and Seven. Statutory analysis using the categorical approach required by

17

*Davis* permits no other conclusion; the Government has conceded this in briefing, filed in response to Mr. Fields' Supreme Court petitions; and case law supports this concession. While Fifth Circuit precedent does not currently require Mr. Fields' conviction on Count Five—a § 924(c) conviction based on a carjacking predicate—to be vacated, Mr. Fields notes it here in order to preserve the claim, should the law change in the future.

### A.    Count Seven is invalid under *Davis* because escape is not a crime of violence under the elements clause.

The Government alleged escape, in violation of 18 U.S.C. § 751(a), as the predicate crime of violence in support of the § 924(c) offense charged in Count Seven. Escape requires the following elements: "1) an unauthorized departure or escape, 2) from custody of an institution where the prisoner is confined by direction of the Attorney General, 3) where the custody or confinement is by virtue either of arrest for a felony or conviction of any offense." *United States v. Taylor*, 933 F.2d 307, 309 (5th Cir. 1991) (citations omitted).

Escape is not a crime of violence under § 924(c)'s elements clause. In earlier briefing to the Supreme Court in Mr. Fields' case, the Government conceded that escape is not a crime of violence under

§ 924(c)'s elements clause, and that invalidating the residual clause would invalidate Mr. Fields' conviction on Count Seven. *See* Brief for the United States in Opposition, Nos. 16-293 and 16-294, at 11 n.2 (filed Feb. 6, 2017) (hereinafter "Feb. 6, 2017 Br. in Opp.") ("If Section 924(c)(3)(B) were unconstitutionally vague, the crime of escape from custody under or by virtue of court order, would not qualify as a crime of violence under Section 924(c)(3)(A).").[6]

Case law supports this outcome, as well. Prior to *Johnson* and *Davis*, several courts of appeals determined that escape under § 751 did not meet the definition of a crime of violence in the Sentencing Guidelines' elements clause, which is substantially similar to § 924(c)'s elements clause.[7] More recently, at least one federal district court has

---

[6] Mr. Fields filed Petitions for a Writ of Habeas Corpus and a Writ of Mandamus with the Supreme Court after the Fifth Circuit denied him leave to file a successive § 2255 motion based on *Johnson*. On February 6, 2017, the Government filed a consolidated brief responding to these petitions in which the referenced statement appears. As previously noted, this brief is included as an attachment.

[7] *See United States v. Piccolo*, 441 F.3d 1084, 1087 (9th Cir. 2006) (quoting U.S.S.G. § 4B1.2(a)(1) (2005)) ("[A]n escape under § 751(a) does not have as 'an element the use, attempted use, or threatened use of physical force against the person of another.'"); *United States v. Thomas*, 361 F.3d 653, 657-58 (D.C. Cir. 2004) (same); *United States v. Gay*, 251 F.3d 950, 953-54 (11th Cir. 2001) (same); *United States v. Dickerson,* 77 F.3d 774, 776-77 (4th Cir. 1996) (same). The Guidelines' elements clause defines crime of violence as an offense punishable by imprisonment for more than a year that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1) (2018).

held that escape could be a crime of violence only under § 924(c)'s residual clause, and vacated a § 924(c) conviction with escape as the predicate. *See Chubbuck v. United States*, No. 16-CV-00466-JAP-CG, 2018 U.S. Dist. LEXIS 77399, at \*4-5 (D.N.M. May 8, 2018) (vacating § 924(c) conviction premised on escape following the Tenth Circuit's holding that *Johnson* invalidated § 924(c)'s residual clause).

Even putting aside the Government's concession and these cases, a categorical analysis of escape under § 751 must yield the same result. None of the elements of escape categorically requires the defendant's use, attempted use, or threatened use of physical force against the person or property of another: departure does not require the attempted, threatened, or actual use of force; being in the custody of the Attorney General does not require the attempted, threatened, or actual use of force by the detainee; and being in custody by virtue of a felony arrest or a conviction does not require the attempted, threatened, or actual use of force by the detainee.

In fact, the escape at issue in this case is an example of why escape does not categorically have as an element the use, threatened use, or

attempted use of physical force. As the Fifth Circuit explained in its opinion on direct appeal, "Fields bribed a correctional officer—paying him $5000 in exchange for a key to the detention center's fire escape door. Using the key, Fields escaped." *Fields*, 483 F.3d at 323. Nothing about bribing a correctional officer and using a key to escape through a fire escape door involves force, the threat of force, or the attempt to use force.

Consequently, escape is not a categorical crime of violence and cannot serve as a predicate offense for a § 924(c) count. Therefore, because escape is not a crime of violence under § 924(c)'s elements clause, there is no crime of violence to serve as a predicate offense for Count Seven. Mr. Fields' conviction and sentence on this count must be vacated.

**B.    Count Three is invalid under *Davis* because neither escape nor conspiracy is a crime of violence under the elements clause.**

In Count Three, the Government charged Mr. Fields with violating § 924(c) and (j). Docs. 57 at 8 (Second Superseding Indictment); 400 at 2 (Redacted Verdict Form). A defendant cannot violate § 924(j) without committing a violation of § 924(c). *See* § 924(j) (criminalizing conduct causing the death of a person which occurs "in the course of a violation of subsection [924](c)."). Put differently, a defendant can be guilty of violating § 924(j) only if he is guilty of committing the charged § 924(c)

offense.

The Government alleged alternative predicate crimes of violence in support of the § 924(c) and (j) charge in Count Three: (1) conspiracy to commit escape and/or to provide contraband to an inmate, in violation of 18 U.S.C. §§ 371, 751(a), and 1791 (as alleged in Count One); and (2) escape, in violation of 18 U.S.C. § 751(a) (as alleged in Count Two).[8]

As to the first alternative, conspiracy under 18 U.S.C. § 371 requires the following elements: "(1) an agreement between two or more persons to pursue an unlawful objective; (2) the defendant's knowledge of the unlawful objective and voluntary agreement to join the conspiracy; and (3) an overt act by one or more of the members of the conspiracy in furtherance of the objective of the conspiracy." *United States v. Coleman*,

---

[8] If either escape or conspiracy is not a crime of violence, Count Three is invalid. *See United States v. Brewer*, 848 F.3d 711, 714 (5th Cir. 2017); *United States v. Vann*, 660 F.3d 771, 774-75 (4th Cir. 2011) (en banc). "Under the categorical approach, we 'assume[ ] that the defendant committed the least culpable act to satisfy the count of conviction as long as there is 'a realistic probability, not a theoretical possibility, that the State would apply its statute to [that conduct].'" *Brewer*, 848 F.3d at 714 (alterations in original) (quoting *United States v. Carrasco-Tercero*, 745 F.3d 192, 198 (5th Cir. 2014)).

Accordingly, in a case like this one where the indictment charged two or more predicate crimes of violence, and there was no specific finding as to which predicate was committed, the conviction must be assumed to be for "the least serious of the disjunctive statutory conduct, not the entirety of the conduct alleged in the conjunctive." *Vann*, 660 F.3d at 774-75. That said, neither escape nor conspiracy is a crime of violence.

22

609 F.3d 699, 704 (5th Cir. 2010).

Conspiracy is not a crime of violence under § 924(c)'s elements clause. *See Reece*, 938 F.3d at 635-36 (holding that conspiracy is not a crime of violence under § 924(c)'s elements clause); *United States v. Robinson*, 783 F. App'x 401, 402-03 (5th Cir. 2019) (citing 18 U.S.C. § 924(c)(3)(A)) (vacating Robinson's § 924(c) conviction because the predicate offense of conspiring to escape from federal custody was not a crime of violence under the elements clause and noting the Government's concession that Robinson's § 924(c) conviction had to be vacated).

As *Reece* and *Robinson* recognize, none of the elements of conspiracy categorically requires the use, attempted use, or threatened use of physical force against the person or property of another: an agreement does not require the attempted, threatened, or actual use of force; the defendant's knowledge does not require the attempted, threatened, or actual use of force; and committing an overt act does not require the attempted, threatened, or actual use of force. Consequently, conspiracy is not a crime of violence under § 924(c)'s elements clause.

Second, as explained above, escape is not a crime of violence under § 924(c)'s elements clause.

23

Because neither escape nor conspiracy is a crime of violence, Mr. Fields is not guilty of the § 924(c) charged in Count Three. Thus, Count Three's § 924(j) finding, which also rests on those predicates, is also invalid. The Government effectively conceded this when it argued in response to Mr. Fields' petitions to the Supreme Court that: "If Section 924(c)(3)(B) were unconstitutionally vague, the crime of escape from custody under or by virtue of court order, would not qualify as a crime of violence under Section 924(c)(3)(A). Accordingly, *petitioner's sole capital conviction (Count 3) would be invalid . . . .*" Feb. 6, 2017 Br. in Opp. 11 n.2 (emphasis added) (citations omitted).

Therefore, because neither conspiracy nor escape is a crime of violence under § 924(c)'s elements clause, there is no violent crime to serve as a predicate offense for Count Three. Accordingly, Mr. Fields' conviction and death sentence on Count Three are invalid.

### C.   Count Five is invalid under *Davis.*

The Government alleged carjacking as the predicate crime of violence in support of the § 924(c) charge in Count Five. The Fifth Circuit has held that carjacking is a crime of violence under § 924(c)'s elements clause. *See United States v. Jones*, 854 F.3d 737 (5th Cir. 2017). Mr.

24

Fields preserves this claim should the Circuit reverse itself in the future or be overruled by the Supreme Court.

## PRAYER FOR RELIEF

Mr. Fields is entitled to relief from his unconstitutional convictions, and the sentences resulting therefrom, pursuant to the rights granted by 28 U.S.C. § 2255. Therefore, he respectfully asks this Court:

1.    To vacate his conviction for Count Three of the superseding indictment pursuant to which he was tried, and the resulting sentence;

2.    To vacate his conviction for Count Seven of the superseding indictment pursuant to which he was tried, and the resulting sentence;

3.    To enter a judgment, ordering that Mr. Fields be moved within fourteen days to general population; and

4.    For any and all such further relief as is necessary to effectuate this judgment.

Respectfully submitted,

s/ F. Italia Patti
F. Italia Patti
INDIANA FEDERAL COMMUNITY
DEFENDERS
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
(317) 383-3520
italia_patti@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2020, I filed this <u>Successive Motion for Collateral Relief and to Vacate Convictions and Sentences Pursuant to 28 U.S.C. § 2255 and in Light of *United States v. Davis*, 139 S. Ct. 2319 (2019)</u> using the CM/ECF system and, further, that I emailed a copy of the motion to Assistant United States Attorney Zachary Richter at Zachary.C.Richter@usdoj.gov.

<u>s/ F. Italia Patti</u>