UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SHERMAN LAMONT FIELDS, | ) | |
| | ) | Criminal Case No. |
| Movant, | ) | 6:01-cr-00164-LY-1 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **THIS IS A CAPITAL CASE** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

<u>UNOPPOSED MOTION TO HOLD CASE IN ABEYANCE PENDING
AUTHORIZATION FROM THE COURT OF APPEALS OR,
IN THE ALTERNATIVE, MOTION TO TRANSFER SUCCESSIVE
§ 2255 MOTION TO THE COURT OF APPEALS</u>

Movant Sherman Lamont Fields, through undersigned counsel,[1] moves this Court to hold this case in abeyance pending the United States Court of Appeals for the Fifth Circuit's decision authorizing this Court to conduct further proceedings in the § 2255 case, or, in the alternative, moves this Court to transfer his successive § 2255 motion to the Court of Appeals. The Government is not opposed to this Court holding the case in abeyance while the motion for authorization is pending in the Court of Appeals.

---

[1] Undersigned counsel, Indiana Federal Community Defenders, Inc. (IFCD), has received approval from the Defender Services Office of the Administrative Office of the United States Courts to seek appointment to represent Mr. Fields in this Court. If the Court of Appeals grants Mr. Fields authorization to file his successive § 2255 motion, IFCD will then move for appointment to represent Mr. Fields in this Court. Or, of course, if this Court directs it, IFCD will move for appointment to represent Mr. Fields in this Court before the Court of Appeals rules on the motion for authorization.

1

### Procedural History Prior to *Davis*

As discussed more fully in his successive § 2255 motion, in 2003, Mr. Fields was tried and convicted of escape, conspiracy, carjacking, being a felon in possession of a firearm, and three counts of violating 18 U.S.C. § 924(c) for using and carrying a firearm during and in relation to a crime of violence. The predicate "crimes of violence" underlying Mr. Fields' § 924(c) convictions were escape/conspiracy (Count Three), escape (Count Seven), and carjacking (Count Five). Mr. Fields was sentenced to death on Count Three, which charged using and carrying a firearm during and in relation to conspiracy and/or escape, causing death.

The Court of Appeals affirmed Mr. Fields' convictions and sentences. *United States v. Fields*, 483 F.3d 313, 362 (5th Cir. 2007), *cert. denied*, 552 U.S. 1144 (2008).

Mr. Fields timely filed his first motion under 28 U.S.C. § 2255 in 2009 and also filed an amended motion in 2010. Judge Smith denied the motion and denied a certificate of appealability. The Court of Appeals also denied a certificate of appealability. *United States v. Fields*, 761 F.3d 443, 484 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 2803 (2015).

On May 18, 2016, Mr. Fields applied to the Court of Appeals for leave to file a successive § 2255 motion in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015)—which held that the residual clause in the Armed Career Criminal Act (ACCA) (18 U.S.C. § 924(e)(2)(B)) was unconstitutionally vague—and *Welch v.*

*United States*, 136 S. Ct. 1257 (2016)—which held that *Johnson* applied retroactively.

On May 17, 2016, Mr. Fields filed in this Court a successive § 2255 motion and a motion to hold the case in abeyance while he applied to the Court of Appeals for leave to file the motion. This Court held the case in abeyance.

The Court of Appeals denied Mr. Fields' application on June 17, 2016, noting that "*Johnson* did not address section 924(c)(3)(B)" and "courts of appeals are split on whether to grant permission to file a successive 2255 petition based on the argument that *Johnson* applies to section 924(c)(3)(B)." *In re Fields*, 826 F.3d 785, 786 (5th Cir. 2016).

After the Court of Appeals denied leave, this Court dismissed the successive § 2255 motion.

### Motion for Authorization to File Successive § 2255 in Light of *Davis*

In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court addressed precisely the question that the Court of Appeals said *Johnson* left open, and held that § 924(c)'s residual clause is unconstitutionally vague. Under *Davis*, a predicate offense qualifies as a crime of violence to support a § 924(c) conviction only if it meets the definition of crime of violence in § 924(c)'s elements clause. Escape and conspiracy—the predicates for Mr. Fields' Count Three and Seven § 924(c) convictions and sentences—are not crimes of violence under § 924(c)'s elements clause. Consequently, there are no valid predicates for Mr. Fields' Count Three § 924(c) conviction and death sentence or his Count Seven § 924(c) conviction.

3

Accordingly, following *Davis*, Mr. Fields has again sought the Court of Appeals' leave to challenge his § 924(c) convictions. On April 30, 2020, Mr. Fields filed his <u>Motion for Authorization to File Successive Motion Pursuant to 28 U.S.C. § 2255 in Light of *United States v. Davis*, 139 S. Ct. 2319 (2019)</u>. The Court of Appeals assigned Case Number 20-50351. More than thirty days have elapsed, but the Court of Appeals has not yet ruled on Mr. Fields' Motion for Authorization. On June 15, 2020, the Court of Appeals issued a directive for the Government to respond to Mr. Fields' Motion for Authorization by July 15, 2020.

### Authority to Stay or Transfer

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016). This includes the "authority to issue stays" in habeas actions. *Ryan v. Gonzales*, 568 U.S. 57, 73 (2013).

Mr. Fields asks this Court to hold his accompanying successive § 2255 motion in abeyance pending the Court of Appeals' authorization to proceed, and to deem it timely filed when that authorization is given. As noted above, this Court held in abeyance Mr. Fields' successive § 2255 motion in 2016 (ultimately dismissing it when the Fifth Circuit denied authorization). At least one other federal court within the Fifth Circuit has done the same. *See Hall v. United States*, No. 4:16-cv-00391-Y, Doc. 4 (N.D. Tex. May 27, 2016) ("Hall's § 2255 motion is held in abeyance pending the Court of Appeals' ruling on his application for authorization to file a successive

4

motion."). Additionally, the Government is not opposed to this Court holding the successive § 2255 in abeyance.

Alternatively, if the Court chooses not to hold this case in abeyance pending the Court of Appeals' decision on Mr. Fields' Motion for Authorization, Mr. Fields moves the Court to transfer the successive § 2255 motion to the Court of Appeals. *See In re Wilson*, 442 F.3d 872, 874 n.3 (5th Cir. 2006) ("Had the district court transferred the [successive federal habeas] application to this court, rather than dismissing it as unauthorized, the application would have been timely, as the date of filing for limitations purposes would have related back to the date of the initial filing in the district court."); *see also Hall v. United States*, No. 4:19-CV-258-Y, Doc. 15 (N.D. Tex. July 19, 2019) (Hall's third motion to vacate . . . is transferred to the Fifth Circuit in accordance with 28 U.S.C. § 1631 and sections 2244(b) and 2255(h).") (emphasis removed).

Therefore, Mr. Fields respectfully requests that this Court hold his successive § 2255 in abeyance, or, in the alternative, requests that this Court transfer his successive § 2255 to the United States Court of Appeals for the Fifth Circuit.

Respectfully Submitted,

s/ F. Italia Patti
INDIANA FEDERAL
COMMUNITY DEFENDERS
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
(317) 383-3520
italia_patti@fd.org

6

## CERTIFICATE REGARDING CONFERENCE

I hereby certify that on June 10, 2020, I contacted Assistant United States Attorney Zachary Richter to ask whether the Government would oppose this motion. By an email dated June 15, 2020, Mr. Richter indicated that the Government does not oppose the motion to hold the successive § 2255 motion in abeyance while the Fifth Circuit considers whether to grant leave.

s/ F. Italia Patti

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2020, I filed this motion using the CM/ECF system and, further, that I emailed a copy of the motion to Assistant United States Attorney Zachary Richter at Zachary.C.Richter@usdoj.gov.

s/ F. Italia Patti