# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 23, 2020

Lyle W. Cayce
Clerk

No. 20-50351

In re:  Sherman Lamont Fields,

*Movant.*

Motion for an order authorizing
the United States District Court for the
Western District of Texas to consider
a successive 28 U.S.C. § 2255 motion

Before Higginbotham, Graves, and Costa, *Circuit Judges*.

Per Curiam:*

Sherman Lamont Fields, who was sentenced to death, moves for authorization to file a successive 28 U.S.C. § 2255 motion in which he intends to challenge three convictions under 18 U.S.C. § 924(c)(1). We may authorize such a motion only if Fields's claims rely on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50351

Fields invokes the latter ground. He argues that, in light of *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), he was erroneously convicted and sentenced under section 924(c) based on predicate offenses that are not "crimes of violence." *Id.* at 2336. And he contends that *Davis* has been made retroactive to cases on collateral review by the Supreme Court. The government agrees that Supreme Court precedent makes *Davis* retroactive to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1268 (2016) (holding that rulings that "alter[] the range of conduct . . . that the law punishes" are substantive and have "retroactive effect in cases on collateral review" (quotation omitted)); *Tyler v. Cain*, 533 U.S. 656, 666 (2001) (stating that multiple cases taken together can "render a new rule retroactive" if logic so dictates); *see also In re Sparks*, 657 F.3d 258, 262 (5th Cir. 2011) (applying *Tyler* to find that the combined effect of previous Supreme Court cases taken together rendered a new rule retroactive "as a matter of logical necessity"). Indeed, we have authorized a number of successive petitions based on *Davis*. *See, e.g., United States v. Dixon*, 799 F. App'x 308, 308–09 (5th Cir. 2020) (per curiam); *In re Bocanegra*, No. 20-10311 (5th Cir. June 2, 2020) (per curiam); *In re Woods*, No. 19-30731 (5th Cir. Oct. 23, 2019) (per curiam).

While agreeing that *Davis* can serve as the basis for a successive motion, the parties disagree about how many of Fields's convictions are affected by *Davis*. We agree with the government that two of them are. Those two section 924(c) convictions stem from the predicate "crimes of violence" of conspiracy to escape and/or escape from federal custody. Fields has made a prima facie showing that neither is a crime of violence after *Davis*. *See United States v. Robinson*, 783 F. App'x 401, 402–03 (5th Cir. 2019) (holding that conspiring to escape from federal custody is not a crime of violence after *Davis*) (per curiam); *United States v. Taylor*, 933 F.2d 307, 309 (5th Cir. 1991) (listing elements of escape offense).

2

No. 20-50351

Fields's third challenged section 924(c) conviction, is based on a predicate offense of carjacking. Carjacking remains a crime of violence post-*Davis*, as it "has as an element the use, attempted use, or threatened use of physical force." 18 U.S.C. § 924(c)(3)(A); *United Sates v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017). Thus Fields has not demonstrated that the district court need review this conviction in light of *Davis*.

Accordingly, IT IS ORDERED that Fields's motion for authorization is GRANTED IN PART and DENIED IN PART. Our grant of authorization is tentative, however, in that the district court must dismiss the motion without reaching its merits if the court determines that Fields has failed to satisfy the requirements of section 2255(h). *See* 28 U.S.C. § 2244(b)(4); *Reyes-Requena v. United States*, 243 F.3d 893, 897–99 (5th Cir. 2001).

Certified as a true copy and issued
as the mandate on **Oct 23, 2020**

**Attest:** *Jyle W. Cayca*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

3

# *United States Court of Appeals*
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

October 23, 2020

Ms. Jeannette Clack
Western District of Texas, Waco
United States District Court
800 Franklin Avenue
Waco, TX 76701

    No. 20-50351    Sherman Fields


Dear Ms. Clack,

Enclosed is a certified copy of the opinion issued as the mandate.


        Sincerely,

        LYLE W. CAYCE, Clerk

        By: _____
        Monica R. Washington, Deputy Clerk
        504-310-7705

Enclosure(s)

cc:  Mr. Joseph H. Gay Jr.
    Ms. Jean Elizabeth Giles
    Ms. Florence Italia Patti
    Mr. Zachary Carl Richter