United States District Court
Western District of Texas
Waco Division

| | | |
|---|---|---|
| United States of America,<br>    Plaintiff, | | |
| v. | | No. 6:01-CR-164-ADA |
| (1) Sherman Lamont Fields,<br>    Defendant. | | |

**Joint Advisory to the Court &**
**Government's Response to Defendant's Successive Motion to Vacate**

The Fifth Circuit has authorized Defendant Sherman Fields to challenge two of his three

counts of conviction under 18 U.S.C. § 924(c), which prohibits using or carrying a firearm

during and in relation to a crime of violence. After conferring, the parties agree that this Court

should (1) dismiss Fields's attack on Count Five, which he has not been authorized to challenge;

(2) vacate Fields's convictions and sentences on Counts Three and Seven; and (3) resentence

Fields to life imprisonment on Count Five and appropriate terms on the other surviving counts.

Therefore, the parties have agreed on this joint advisory, which also serves as the government's

response to Fields's § 2255 motion.

**Background**

**A.      The convictions.**

The counts of conviction Fields wants to challenge arise from crimes a jury found he

committed after escaping from federal custody in 2001. *United States v. Fields*, 483 F.3d 313,

323-24 (5th Cir. 2007). The Fifth Circuit has recounted the basis for these convictions:

> Sherman Lamont Fields was arrested in September 2001 for being a felon in
> possession of a firearm, and he was held in federal custody in a detention center in
> Waco, Texas. In November 2001, while Fields was in custody, he bribed a
> correctional officer, offering him $5,000 for a key to the detention center's fire
> escape. He used the key to escape on November 6.
>
> That evening, Fields met with a friend, Edward Outley, who provided Fields with
> a car and a handgun. Fields then visited his ex-girlfriend, Suncerey Coleman, at
> Hillcrest Hospital in Waco, where she was caring for her newborn child. Fields
> was angry at Coleman for having seen other men while he was incarcerated.

Fields convinced Coleman to leave the hospital with him that evening, and drove her to Downsville, Texas, outside Waco. Fields and Coleman had sexual intercourse, and then he killed her by shooting her twice in the head. Fields hid Coleman's body in underbrush near the road. Coleman's body was found two weeks later, on November 21.

Using a handgun, Fields later carjacked an employee of Hillcrest Hospital, Tammy Edwards, while she was exiting her car. Edwards managed to escape, and Fields drove away in her car.

Police arrested Fields on November 24, 2001.

*United States v. Fields*, 761 F.3d 443, 450 (5th Cir. 2014) (footnote omitted).

A federal jury convicted Fields on seven counts, three of which were premised on 18 U.S.C. § 924(c):

| | |
|---|---|
| Count One | conspiring to escape from federal custody and to possess contraband in prison, 18 U.S.C. §§ 371, 751, 1791 |
| Count Two | escaping from federal custody, 18 U.S.C. § 751 |
| Count Three | using and carrying a firearm during and in relation to escape from federal custody and conspiracy to escape from federal custody, both crimes of violence, resulting in the intentional murder of Coleman, 18 U.S.C. § 924(c), (j) |
| Count Four | carjacking, 18 U.S.C. § 2119 |
| Count Five | using, carrying, and brandishing a firearm during and in relation to carjacking, a crime of violence, 18 U.S.C. § 924(c) |
| Count Six | unlawful firearm possession by a felon, 18 U.S.C. § 922(g) |
| Count Seven | using and carrying a second firearm during and in relation to escape from federal custody, a crime of violence, 18 U.S.C. § 924(c) |

*Fields*, 483 F.3d at 324; 2d Superseding Indictment 1-13, ECF No. 57.

Fields was eligible for the death penalty because of his conviction on Count Three. *See* 18 U.S.C. § 924(j)(1). The jury recommended the death penalty on that count, and Judge Walter

Smith accepted that recommendation and sentenced Fields to death. *Fields*, 483 F.3d at 324. On the remaining counts, Judge Smith imposed prison terms:

- 60 months for Counts One and Two, the counts addressing Fields's escape and conspiracy to escape;

- a concurrent 115 months for Count Four, the carjacking count;

- a consecutive 25-year term for Count Five, the § 924(c) count premised on carjacking;

- and another consecutive 25-year term for Count Seven, the § 924(c) count for using and carrying the second gun during escape.

Judgment 2, ECF No. 230. All of these prison terms ran consecutive to Fields's separate sentence of just over 12 years for the firearm-possession charge he had been in custody for when he escaped. *Id.*

### B.      Fields collaterally attacked his conviction and sentence.

Fields has previously filed motions under 28 U.S.C. § 2255 attacking his conviction and sentence. After the Fifth Circuit affirmed his conviction and sentence, he filed his first § 2255 motion. *Fields*, 761 F.3d at 451. Judge Smith denied the motion and denied Fields a certificate of appealability. *Id.* The Fifth Circuit agreed. *Id.* at 450. In 2016, Fields sought leave from the Fifth Circuit to file a second motion under § 2255. *In re Fields*, 826 F.3d 785, 786 (5th Cir. 2016). He needed leave from the Fifth Circuit because federal law limits the circumstances in which a prisoner may file a second or successive motion collaterally attacking a conviction. *See* 28 U.S.C. §§ 2244(b)(3)(A)-(B), 2255(h). This time, Fields argued that his § 924(c) convictions were invalid based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), which struck down a statutory sentencing provision that shared features with § 924(c). *See United States v. Davis*, 139 S. Ct. 2319, 2325-26 (2019). The Fifth Circuit denied him leave to file a § 2255 motion, and the Supreme Court denied Fields's attempts at further review through petitions for writs of mandamus and habeas corpus. *In re Fields*, 137 S. Ct. 1326 (2017) (mem.); *Fields*, 826 F.3d at 786-87.

Fields then filed a petition for habeas corpus under 28 U.S.C. § 2241 in the Southern District of Indiana, where he is housed on federal death row. Pet*., Fields v. Warden*, No. 2:16cv418 (S.D. Ind. Oct. 26, 2016), ECF No. 1. In an amended petition, he reasserted his claim under *Johnson* that his § 924(c) convictions were invalid. Am. Pet., *Fields v. Warden*, No. 2:16cv418 (S.D. Ind. Apr. 26, 2017), ECF No. 16. That petition remains pending, but the district court in Indiana has stayed proceedings while Fields's current § 2255 motion is resolved. Order, *Fields v. Warden*, No. 2:16cv418 (S.D. Ind. July 27, 2020), ECF No. 98.[1]

**C.      In *United States v. Davis*, the Supreme Court invalidated part of § 924(c).**

At the time of Fields's convictions, § 924(c) defined "crime of violence" as a federal felony that met either of two alternative definitions. *See* 18 U.S.C. § 924(c)(3). The first alternative, § 924(c)(3)(A), made an offense a crime of violence if it "ha[d] as an element the use, attempted use, or threatened use of physical force against the person or property of another." The second alternative, § 924(c)(3)(B), made an offense a crime of violence if it, "by its nature, involve[d] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

In *Davis*, the Supreme Court ruled that § 924(c)(3)(B) was unconstitutionally vague. The Court interpreted § 924(c)(3)(B) to require a "categorical" approach under which courts must "disregard how the defendant actually committed his crime" and instead "imagine the idealized ordinary case of the defendant's crime." *Davis*, 139 S. Ct. at 2326-27 (internal quotation marks omitted). So interpreted, § 924(c)(3)(B) was unconstitutionally vague for the same reasons as the statutes struck down in *Johnson*, 576 U.S. at 597-605, and *Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018). *See Davis*, 139 S. Ct. at 2336.

---

[1] The parties agree that the resolution proposed in this joint advisory should result in the dismissal of claims Fields pursued in his habeas petition in Indiana that were based on the argument that § 924(c)(3)(B) is unconstitutionally vague. The parties disagree on whether the resolution proposed here would also result in dismissal of the remainder of Fields's petition, but this Court need not resolve that issue in addressing Fields's current § 2255 motion.

**D.     Fields secured leave to file a successive collateral attack raising *Davis*.**

In light of *Davis*, Fields sought leave to file a successive § 2255 motion attacking his three counts of conviction under § 924(c): Counts Three, Five, and Seven. *See* Mot. for Authorization to File, *In re Fields*, No. 20-50351 (5th Cir. Apr. 30, 2020). The Fifth Circuit granted Fields leave in part. *In re Fields*, No. 20-50351, slip op. at 2-3 (5th Cir. Oct. 23, 2020) (unpublished). The Fifth Circuit held that Fields had made a prima facie showing that he could meet § 2255's requirements for a successive motion on Counts Three and Seven, the § 924(c) counts premised on escape or conspiracy to escape. *Id.* at 2. But the Fifth Circuit denied Fields leave to pursue a successive motion on Count Five, the § 924(c) count premised on carjacking, because *Davis* did not implicate that count. *Id.* at 3.

## Discussion

The parties agree on the appropriate resolution of Fields's motion. First, because the Fifth Circuit has denied Fields authorization to file a motion to vacate Count Five, this Court should dismiss that part of his motion. *See United States v. Vickers*, 967 F.3d 480, 487 (5th Cir. 2020). Second, this Court can and should vacate Fields's convictions on Counts Three and Seven and the resulting sentences. Third, this Court should resentence Fields to life imprisonment on Count Five and to appropriate terms on the remaining counts.

**I.     This Court may address Fields's challenge to Counts Three and Seven even on a successive postconviction motion.**

A successive § 2255 motion must meet procedural requirements before a district court can properly reach its merits. *United States v. Clay*, 921 F.3d 550, 554 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 866 (2020); *see* 28 U.S.C. §§ 2244(b), 2255(h). Even after a prisoner has received tentative permission from a circuit court to file a successive motion, a district court must ascertain that the motion actually meets these procedural requirements. *See Clay*, 921 F.3d at 554. A successive motion meets these requirements if it is "premised on 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was

previously unavailable.'" *In re Sparks*, 657 F.3d 258, 260 (5th Cir. 2011) (quoting 28 U.S.C.
§ 2255(h)(2)).

Fields's motion satisfies these requirements insofar as he relies on *Davis* to challenge
Counts Three and Seven. *Davis* announced a "new rule." *See United States v. Reece*, 938 F.3d
630, 633-34 (5th Cir. 2019). That rule was one of constitutional law: *Davis* invalidated part of a
criminal statute on constitutional grounds. *See Davis*, 139 S. Ct. at 2336. And that rule was
previously unavailable to Fields, as his previous attempt to file a successive § 2255 motion
illustrates. *See In re Fields*, 826 F.3d at 786-87; *see also Reece*, 938 F.3d at 633 n.2.

The Supreme Court has also made the rule announced in *Davis* retroactive to cases on
collateral review. Although the Court has not stated explicitly that *Davis* is retroactive, the Court
can make a rule retroactive "with the right combination of holdings" if the holdings in multiple
cases "necessarily dictate retroactivity of the new rule." *Tyler v. Cain*, 533 U.S. 656, 666-67
(2001). For example, if the Court "hold[s] in Case One that a particular type of rule applies
retroactively to cases on collateral review and hold[s] in Case Two that a given rule is of that
particular type, then it necessarily follows that the given rule applies retroactively to cases on
collateral review." *Id.* at 668-69 (O'Connor, J., concurring).

For example, in *In re Sparks*, the Fifth Circuit recognized that the Supreme Court had
made a 2010 decision retroactive because it fit into a category of retroactive holdings established
by a 1989 decision. *Sparks*, 657 F.3d at 260-62 (citing *Graham v. Florida*, 560 U.S. 48 (2010),
and *Teague v. Lane*, 489 U.S. 288 (1989) (plurality opinion)). The 2010 decision was substantive
because the Court held that the Constitution forbade imposing a life sentence on a juvenile who
had not committed homicide. *Id.* (citing *Graham*, 560 U.S. at 82). And the 1989 decision
established that all substantive decisions are retroactive. *Id.* (citing *Teague*, 489 U.S. at 307-10).
Together, the "combined effect" of the two decisions made the latter retroactive "as a matter of
logical necessity under *Tyler*." *Id.* at 262.

The same rule applies here. Case One is *Welch v. United States*, in which the Court held
that a decision invalidating part of a statute as unconstitutionally vague applies retroactively to

cases on collateral review. 136 S. Ct. 1257, 1264-65 (2016). Case Two is *Davis* itself, in which the Court held that § 924(c)(3)(B) was unconstitutionally vague. 139 S. Ct. at 2336. Together, *Welch* and *Davis* necessarily dictate that the invalidation of § 924(c)(3)(B) is retroactive. Every court of appeals to consider the issue agrees. *In re Franklin*, 950 F.3d 909, 910-11 (6th Cir. 2020); *In re Mullins*, 942 F.3d 975, 977-79 (10th Cir. 2019); *In re Hammoud*, 931 F.3d 1032, 1038-39 (11th Cir. 2019).

This Court should follow the binding guidance of *Tyler* and *Sparks* even though the majority of one Fifth Circuit panel has questioned in dicta whether the Supreme Court has made *Davis* retroactive, *see In re Hall*, 979 F.3d 339, 342 (5th Cir. 2020). First, the majority in *Hall* was careful to explain that it was not ruling on whether the Supreme Court has made *Davis* retroactive. *See id.* at 342, 347.[2] Second, although the majority in *Hall* cited two opinions it characterized as concluding that the Supreme Court has not yet made *Davis* retroactive, *see id.* at 346-47, neither of those opinions purported to decide that question. Justice Kavanaugh's dissenting opinion in *Davis* posed the question rhetorically but did not need to address it further because *Davis* involved a direct appeal, not collateral review. *Davis*, 139 S. Ct. at 2324-25; *id.* at 2354 (Kavanaugh, J., dissenting). And the unpublished panel decision in *Pisciotta v. Harmon*, 748 F. App'x 634, 634-35 (5th Cir. 2019), addressed the retroactivity of a predecessor case, *Dimaya*, 138 S. Ct. 1204, in the context of a different statutory requirement. Third, although the panel majority posited some "further legal analysis" that might be necessary to "decide the retroactivity question," none is apparent. *See Hall*, 979 F.3d at 347. Under *Tyler* and *Sparks*, when the Supreme Court ruled in *Davis* that § 924(c)(3)(B) is unconstitutionally vague, the prior holding in *Welch* necessarily rendered that ruling retroactive.

---

[2] The panel majority stated that the government expressed no "institutional objection" at oral argument to the contention that the Supreme Court has not made *Davis* retroactive. *Hall*, 979 F.3d at 342 n.1. In fact, the Department of Justice has consistently taken the position that the Supreme Court in *Davis* necessarily made its invalidation of § 924(c)(3)(B) retroactive. And the Department has taken that position based on its analysis of *Tyler*, not simply by following another circuit's decision, as the panel majority in *Hall* supposed, *see* 979 F.3d at 346.

**Joint Advisory on Mot. to Vacate**                                                              **7**

In sum, because Fields meets all the requirements for a successive § 2255 motion, this Court may consider his challenge to Counts Three and Seven.

## II. The Supreme Court's holding in *Davis* requires that this Court vacate Fields's convictions on Counts Three and Seven and the death sentence.

Under *Davis*, Fields's convictions on Counts Three and Seven should be vacated. As noted above, a conviction under § 924(c) requires that the defendant have committed a "crime of violence." *Reece*, 938 F.3d at 632. The invalidation of § 924(c)(3)(B) leaves only one way for an offense to be a "crime of violence": the so-called elements clause in § 924(c)(3)(A). *See United States v. Smith*, 957 F.3d 590, 592-93 (5th Cir. 2020). Under the elements clause, a felony is a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A).

The crimes of violence alleged in Counts Three and Seven—escape and conspiracy to escape or to possess contraband—do not qualify as crimes of violence under the elements clause. To decide whether an offense is a crime of violence, this Court uses the "categorical approach." *Smith*, 957 F.3d at 593. Under that approach, this Court "look[s] only to the statutory definitions—the elements—of a defendant's offense, and not to the particular facts underlying the convictions." *Reece*, 938 F.3d at 635. If the elements of the predicate offense necessarily involve the use, attempted use, or threatened use of physical force against the person or property of another, then the predicate offense is a crime of violence. *See Smith*, 957 F.3d at 593.

The elements of escape in violation of § 751 are "[1] an unauthorized departure or escape, [2] from custody of an institution where the prisoner is confined by direction of the Attorney General, [3] where the custody or confinement is by virtue either of arrest for a felony or conviction of any offense." *United States v. Taylor*, 933 F.2d 307, 309 (5th Cir. 1991). None of these elements requires the use, attempted use, or threatened use of physical force against the person or property of another. For similar reasons, a conspiracy to commit escape or to possess

contraband in prison is not a crime of violence under the elements clause. *See United States v. Robinson*, 783 F. App'x 401, 402-03 (5th Cir. 2019); *Reece*, 938 F.3d at 635-36.[3]

Without a crime of violence, Fields's convictions in Counts Three and Seven cannot stand. And without the § 924(c) conviction on Count Three, the enhanced-penalty provisions of § 924(j) would no longer apply. Thus, Fields has shown that Counts Three and Seven and the resulting sentences, including the death sentence, should be vacated.

## III.    This Court can and should resentence Fields to life imprisonment.

With the convictions on Counts Three and Seven vacated, this Court should resentence Fields on the remaining counts. The Supreme Court expected that defendants with convictions overturned by *Davis* would routinely be resentenced so that district courts can address the ramifications for sentences on other counts. *See Davis*, 139 S. Ct. at 2336. That expectation is consistent with the Fifth Circuit's approach, which requires resentencing when the invalidation of a § 924(c) count could affect the sentence on other counts. *See, e.g.*, *Reece*, 938 F.3d at 636; *United States v. Benbrook*, 119 F.3d 338, 339-40 (5th Cir. 1997). The invalidation of Counts Three and Seven will affect the sentence on Count Five, which will no longer qualify as a "second or successive" § 924(c) conviction that carries a 25-year mandatory minimum, *see* 18 U.S.C. § 924(c)(1)(C) (2000). Moreover, this Court will need to "reconsider the entirety of the (now-changed) circumstances and fashion a sentence that fits the crime and the criminal." *United States v. McRae*, 795 F.3d 471, 483 (5th Cir. 2015) (cleaned up).

The parties agree that a life sentence on Count Five is appropriate. Count Five still carries a potential life sentence. *United States v. Sias*, 227 F.3d 244, 247 (5th Cir. 2000). And this Court has "broad discretion" to select a sentence from within statutory bounds based on the fullest

---

[3] The parties do not agree on two related points, but this Court need not address either to resolve Fields's motion. First, the government does not agree with Fields's assertion that when there are multiple charged predicates underlying a § 924(c) conviction, a court must assume that the jury found the least serious predicate, *see* Successive Mot. for Collateral Relief at 22 n.8, ECF No. 401. Second, the government does not agree that Fields's own escape is "an example of why escape does not categorically have as an element the use, threatened use, or attempted use of physical force." *Id.* at 20-21.

**Joint Advisory on Mot. to Vacate**                                                    **9**

information possible about the defendant. *Alleyne v. United States*, 570 U.S. 99, 117 (2013). In this case, the parties agree, based on the information available to this Court, that a life sentence on Count Five comports with the sentencing factors set forth in 18 U.S.C. § 3553(a) and that a life sentence on Count Five would be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). In particular:

- A jury found that Fields brandished a handgun during a carjacking while evading capture for Suncerey Coleman's murder. *Fields*, 483 F.3d at 324.

- A jury specifically found that Fields intentionally killed Coleman and previously participated in attempted murders and other serious acts of violence. Trial Tr. vol. 14, 2044-45, ECF No. 246; Trial Tr. vol. 18, 2552-54, ECF No. 250; Special Findings Form 6, ECF No. 207.

- A jury specifically concluded that Fields is "likely to commit serious acts of violence in the future which would be a continuing and serious threat to the lives and safety of others." Special Findings Form 7, ECF No. 207.

Fields has agreed that a life sentence is appropriate on Count Five after a full opportunity to consult with his attorneys, who have carefully advised Fields after considering all the options available to him.

To facilitate resentencing on all surviving counts, the parties jointly recommend the preparation of a revised presentence report, review of any sentencing memoranda the parties choose to submit, and a resentencing hearing at which Fields is present in person or by video and at which his victims may appear in person or by video.

## Conclusion

For all these reasons, this Court should (1) dismiss Fields's motion insofar as it seeks to vacate his conviction on Count Five; (2) vacate Fields's convictions and sentences on Counts Three and Seven; and (3) resentence Fields to life imprisonment on Count Five and appropriate prison terms on the other surviving counts.

Respectfully submitted,

For Sherman Fields:                                      For the United States:

*/s/ F. Italia Patti*                                    Gregg N. Sofer
F. Italia Patti                                          United States Attorney
Jean E. Giles
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200          By:    */s/ Zachary C. Richter*
Indianapolis, Indiana  46204                     Zachary C. Richter
(317) 383-3520 (phone)                           Assistant United States Attorney
italia_patti@fd.org                              Texas Bar No. 24041773
                                                 903 San Jacinto, Suite 334
                                                 Austin, Texas  78701
                                                 (512) 916-5858 (phone)
                                                 (512) 916-5854 (fax)
                                                 Zachary.C.Richter@usdoj.gov

**Certificate of Service**

I certify that on January 11, 2021, I electronically filed this document with the Clerk of Court using the CM/ECF system.

☒   The CM/ECF system will send notification to the following CM/ECF participant(s):

Florence Italia Patti
italia.patti@fd.org

☐   I also certify that I have mailed this document by United States Postal Service to the following non-CM/ECF participant(s):

n.a.

*/s/ Zachary C. Richter*
Zachary C. Richter
Assistant United States Attorney