# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### WACO DIVISION

UNITED STATES OF AMERICA

v.

Case Number: 6:01-CR-00164(1)-ADA
USM Number: 15651-180

SHERMAN LAMONT FIELDS

   Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

   The defendant, SHERMAN LAMONT FIELDS, was represented by Florence Italia Patti.

   The defendant was found guilty by a jury as to Counts 1SS, 2SS, 4SS, 5SS, and 6SS ss of the Second Superseding Indictment on January 30, 2004. The defendant was sentenced on April 7, 2004. The defendant filed a Successive Motion for Collateral Relief which was granted in part as to Counts 3SS and 7SS. Therefore, the Court is resentencing the defendant as to the other Counts. Accordingly, the defendant is adjudged guilty of such counts, involving the following offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy | 12/4/2001 | 1SS |
| 18 U.S.C. §§ 751(a) and 2 | Escape from Custody; Aiding and Abetting | 11/6/2001 | 2SS |
| 18 U.S.C. § 2119 | Carjacking | 11/15/2001 | 4SS |
| 18 U.S.C. § 924(c) | Using and Carrying a Firearm During the Commission of a Crime of Violence | 11/15/2001 | 5SS |
| 18 U.S.C. §§ 922(g)(1) and 924(a)(2) | Felon in Possession of a Firearm | 11/24/2001 | 6SS |

   As pronounced on April 7, 2021, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

   It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

   Signed this 8th day of April, 2021.

_____
ALAN D ALBRIGHT
United States District Judge

DEFENDANT:          SHERMAN LAMONT FIELDS
CASE NUMBER:        6:01-CR-00164(1)-ADA

## IMPRISONMENT

     The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **Sixty (60) Months as to Count 1SS with the Count to be served consecutively with the terms imposed in 6:01-CR-114 and Count 5SS, and concurrently to the terms imposed in Counts 2SS, 4SS, and 6SS; Sixty (60) Months as to Count 2SS with the Count to be served concurrently with the terms imposed in Counts 1SS, 4SS and 6SS and consecutively to the terms imposed in 6:01-CR-114 and Count 5SS; One Hundred and Eighty  (180) Months as to Count 4SS with the term to be to run concurrent with Counts 1SS, 2SS and 6SS and consecutively to the terms imposed in 6:01-CR-114 and Count 5SS; a term of LIFE impose as to Count 5SS to run consecutively with Counts 1SS, 2SS, 4SS, and 6SS and in 6:01-CR-114;  One Hundred and Twenty  (120) Months as to Count 6SS with the term to run concurrently with Counts 1SS, 2SS, and 4SS and consecutively to the terms imposed in 6:01-CR-114 and Count 5SS.**

     The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this judgment as follows:

_____

_____

_____


     Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


                                                   _____

                                                     UNITED STATES MARSHAL


                                               _____

                                                        By
                                      DEPUTY UNITED STATES MARSHAL

DEFENDANT:        SHERMAN LAMONT FIELDS
CASE NUMBER:      6:01-CR-00164(1)-ADA

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release a term of **Three (3) Years as to Count 1SS with the term to run concurrently to all counts in this case and consecutively to the supervised release imposed in 6:01-CR-114; Three (3) Years as to Count 2SS with the term to run concurrently to all counts in this case and consecutively to the supervised release imposed in 6:01-CR-114; Three (3) Years as to Count 4SS with the term to run concurrently to all counts sin this case and consecutively to the supervised release imposed in 6:01-CR-114; Five (5) Years as to Count 5SS with the term to run concurrently to all counts in this case and consecutively to the supervised release imposed in 6:01-CR-114; Three (3) Years as to Count 6SS with the term to run concurrently to all counts in this case and consecutively to the supervised release imposed in 6:01-CR-114.**

While on supervised release the defendant shall comply with the mandatory, standard and if applicable, the special conditions that have been adopted by this Court, and shall comply with the following additional conditions:

DEFENDANT:         SHERMAN LAMONT FIELDS
CASE NUMBER:       6:01-CR-00164(1)-ADA

## CONDITIONS OF SUPERVISION

**Mandatory Conditions:**

[1]   The defendant shall not commit another federal, state, or local crime during the term of supervision.

[2]   The defendant shall not unlawfully possess a controlled substance.

[3]   The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

[4]   The defendant shall cooperate in the collection of DNA as instructed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

[5]   If applicable, the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et. seq.) as instructed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

[6]   If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

[7]   If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of the judgment.

[8]   The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.

[9]   The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments.

**Standard Conditions:**

[1]   The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

[2]   After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

[3]   The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

[4]   The defendant shall answer truthfully the questions asked by the probation officer.

[5]   The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change

[6]   The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that are observed in plain view.

[7]   The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-

DEFENDANT:          SHERMAN LAMONT FIELDS
CASE NUMBER:        6:01-CR-00164(1)-ADA

time employment, unless the probation officer excuses the defendant from doing so.  If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least 10 days before the change.  If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

[8] The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity.  If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

[9] If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

[10] The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

[11] The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

[12] If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

[13] The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

[14] If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

[15] If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

[16] If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

[17] If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervised release. The defendant shall not illegally re-enter the United States. If the defendant is released from confinement or not deported, or lawfully re-enters the United States during the term of probation or supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                          Judgment -- Page 6 of 6

DEFENDANT:          SHERMAN LAMONT FIELDS
CASE NUMBER:        6:01-CR-00164(1)-ADA

## CRIMINAL MONETARY PENALTIES/SCHEDULE

      The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, 800 Franklin Ave, Room 380, Waco, TX 76701. The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

      If the defendant is not now able to pay this indebtedness, the defendant shall cooperate fully with the office of the United States Attorney, the Federal Bureau of Prisons and/or the United States Probation Office to make payment in full as soon as possible, including during any period of incarceration. Any unpaid balance at the commencement of a term of probation or supervised release shall be paid on a schedule of monthly installments to be established by the United States Probation office and approved by the Court.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $500.00 | $.00 | $6,080.50 |

## SPECIAL ASSESSMENT

      It is ordered that the defendant shall pay to the United States a special assessment of $500.00. $100.00 as to each of Counts 1SS, 2SS, 4SS, 5SS and 6SS. Payment of this sum shall begin immediately.

## FINE

      The fine is waived because of the defendant's inability to pay.

## RESTITUTION

      The defendant shall pay restitution in the amount of $6,080.50 through the Clerk, U.S. District Court, 800 Franklin Avenue, Room 380, Waco, Texas 76701 for distribution to the payee. The Court gives notice, that defendant Fields has paid $780.00 toward his Restitution criminal debt leaving a remaining balance of $5,300.50. Payment of this sum shall begin immediately.

      The Court determine the defendant does not have the ability to pay interest and therefore waives the interest requirement {18 U.S.C. § 3612(f)(3)}.

**Name of Payee**                                                                                    **Amount of Restitution**

Suncerely Coleman Fund                                                                                      $6,080.50
c/o Law Offices of Johnston and Johnston
510 North Valley Mills Drive, Suite 406
Waco, TX  76710

Case #01-8754

      If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

      If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

      The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

      Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

      Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.