**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **SHERMAN LAMONT FIELDS** | § | |
| | § | |
| **V.** | § | |
| | § | **W-01-CR-164(1)-ADA** |
| | § | |
| **UNITED STATES OF AMERICA** | § | |

## ORDER

Before the Court is Sherman Lamont Fields's "Motion for a Certificate of Appealability; Motion Pursuant to the Relation Back Doctrine; and/or Motion Pursuant to Rule 60(b)(3) and (6)" filed on June 16, 2025 (#424). Fields appears to be seeking the reversal or reconsideration of the Court's decision denying his first Motion to Vacate, Set Aside, or Correct Sentence on September 25, 2012 (#334). In the time since then, however, Fields's third Motion to Vacate, Set Aside, or Correct Sentence was granted in part and his convictions on two counts were vacated (#411).

Fields's current motion reiterates his original claims of actual innocence, perjury, prosecutorial misconduct, fraud, Brady violations, and judicial bias. He also contends that this Court and the Fifth Circuit violated his rights when they ruled against him on his claims.

To the extent Fields reasserts the arguments raised in his previous Motion to Vacate, Set Aside or Correct Sentence, his motion must be regarded as a successive motion and be dismissed. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-32 & n. 4 (2005);

1

*Williams v. Thaler*, 602 F.3d 291 (5th Cir. 2010) (extending the *Gonzalez* framework to Rule 59(e) motions). Fields has not obtained leave to file a successive motion to vacate, set aside or correct sentence. *See* 28 U.S.C. § 2244(b)(3)(A); § 2255. Because Section 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one," the district court is without jurisdiction to consider the action. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

As for Fields's arguments that are somewhat altered, he nonetheless fails to raise any new argument or evidence justifying reconsideration. The Court has considered all of Fields's arguments and found them lacking and determined that the denial of his first Motion to Vacate, Set Aside, or Correct Sentence in 2012 was appropriate.

It is therefore **ORDERED** that Fields's "Motion for a Certificate of Appealability; Motion Pursuant to the Relation Back Doctrine; and/or Motion Pursuant to Rule 60(b)(3) and (6)" (#424) is **DISMISSED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**, as reasonable jurists could not debate the dismissal or denial of the movant's motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

**SIGNED** on June 24, 2025

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

2