

# United States Court of Appeals
## for the Fifth Circuit

**Certified as a true copy and issued as the mandate on Dec 29, 2025**

Attest: *Lyle W. Cayce*

**Clerk, U.S. Court of Appeals, Fifth Circuit**

———————————

No. 25-50368

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

November 6, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SHERMAN LAMONT FIELDS,

*Defendant—Appellant*.

———————————————————————

Application for Certificate of Appealability
the United States District Court
for the Western District of Texas
USDC No. 6:20-CV-527
USDC No. 6:01-CR-164-1

———————————————————————

ORDER:

Sherman Lamont Fields, federal prisoner # 15651-180, is currently serving terms of imprisonment on his jury trial convictions of conspiring to escape from federal custody, escape from federal custody, carjacking, using and carrying a firearm during the commission of a crime of violence, and possession of a firearm by a convicted felon. Fields now requests a certificate of appealability (COA) to challenge the district court's denial of his pro se Federal Rule of Civil Procedure 60(b) motion, which Fields filed to seek relief from the judgment denying his first 28 U.S.C. § 2255 motion.

No. 25-50368

In his COA filing, Fields invokes Rule 60(b)(3) and (b)(6), and he asserts that his Rule 60(b) motion relates back to his first § 2255 motion. He claims that he is actually innocent; the Government engaged in misconduct by introducing and suborning perjury and that the use of perjury constitutes fraud on the court; the introduction of evidence as to the counts of conviction which were vacated in his successive § 2255 motion prejudiced him in the eyes of the jury; the Government violated *Brady v. Maryland*, 373 U.S. 83 (1963); judicial bias with respect to the district court's handling of his trial and this court's adjudication of his direct appeal; his First Amendment rights were violated in connection with his appeal of the denial of his first § 2255 motion because this court refused to consider his pro se filings; and the Antiterrorism and Effective Death Penalty Act is unconstitutional.

A COA may issue only if the movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA from the dismissal of the instant postjudgment motion, Fields must demonstrate that reasonable jurists could debate whether the district court abused its discretion in adjudicating the motion. *See Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011).

Fields has failed to make the necessary showing. Accordingly, his motion for a COA is DENIED. In view of the denial of a COA, Fields's motion to proceed in forma pauperis is DENIED. His motion for the appointment of counsel is also DENIED.

_____

DANA M. DOUGLAS
*United States Circuit Judge*

2

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

December 29, 2025

Mr. Philip Devlin
Western District of Texas, Waco
United States District Court
800 Franklin Avenue
Waco, TX 76701

    No. 25-50368   USA v. Fields
                 USDC No. 6:20-CV-527

Dear Mr. Devlin,

Enclosed is a copy of the judgment issued as the mandate.

                        Sincerely,

                        LYLE W. CAYCE, Clerk

                        *Renee McDonough*

    By: _____
                        Renee S. McDonough, Deputy Clerk
                        504-310-7673

cc:
    Mr. Sherman Lamont Fields
    Mr. Zachary Carl Richter